UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAVINDRA SINGH, PH.D.,<br><br>    Plaintiff,<br><br>v.<br><br>EXTENDED STAY AMERICA, INC.,<br>ESH HOSPITALITY INC.,<br>EXTENDED STAY MANAGEMENT, LLC,<br>P. PORTFOLIO LESSEE,<br>BRUCE N. HAASE, PRESIDENT & CEO,<br>MORGAN TYLER,<br>BRIAN MORGAN,<br>JOHN DOE 1,<br>JOHN DOE 2,<br>JOHN DOE 3,<br><br>    Defendants. | CIVIL ACTION NO. 1:20-CV-1128 |

**DEFENDANT'S NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1441, 1446, and 1331, defendant ESA Management, LLC ("ESA")—which is a proper defendant in this lawsuit, but which has been misnamed and/or misidentified by plaintiff Ravindra Singh, Ph.D. ("Plaintiff") as "Extended Stay Management, LLC"—files this notice of removal, removing this action to the United States District Court for the Western District of Texas, Austin Division.[1] The basis for removal is federal question jurisdiction. In support of this notice of removal, ESA respectfully states as follows:

---

[1] To ESA's knowledge, "Extended Stay Management, LLC" is not a real entity. No entity of that name is affiliated with ESA, Extended Stay America, Inc., or the subject hotel. Since at least as early as February 18, 2020 (and several times since that date), ESA's counsel has advised Plaintiff that the proper party defendant to this lawsuit is ESA Management, LLC (ESA), which is the subject hotel's management company (which employs the individuals working at the subject hotel). On October 22, 2020, Plaintiff filed an amended petition purportedly naming ESA as a defendant; even so, he misnamed and/or misidentified ESA. Nevertheless, because ESA is a proper party defendant and because the

1

## I. INTRODUCTION

1. Plaintiff was refused service by an Extended Stay America branded hotel in Round Rock, Texas ("Hotel") in December 2017 for cursing and yelling at the front desk agent when Plaintiff attempted to check into the Hotel. Police had to be called to the Hotel due to Plaintiff's aggressive behavior that evening, and Plaintiff agreed to leave once police arrived.

2. On December 31, 2019—*i.e.*, the two-year anniversary of this incident—Plaintiff instituted the underlying state-court action, initially styled *Ravindra Singh v. Extended Stay America, Inc., Bruce N. Haase, Murray Tyler, Brian Morgan, Crystal Torres, Jon Doe, and Jane Doe*, by filing *Plaintiff's Original Petition* ("Petition") in the District Court of Travis County, Texas, 53rd Judicial District, Cause No. D-1-GN-19-008866 ("State-Court Action").

3. On October 22, 2020, Plaintiff filed *Plaintiff's First Amended Petition* ("Amended Petition"), which is Plaintiff's live pleading in the State-Court Action. Now, the State-Court Action is styled *Ravindra Singh, Ph.D. v. Extended Stay America, Inc., ESH Hospitality Inc., Extended Stay Management, LLC, P. Portfolio Lessee, Bruce N. Haase, Morgan Tyler, Brian Morgan, John Doe 1, John Doe 2, John Doe 3*.

4. By the Amended Petition, ESA was added to the State-Court Action as a party defendant. At the same, by the Amended Petition, other parties were also added to the State-Court Action as party defendants, namely, ESH Hospitality Inc., P. Portfolio Lessee,[2] Morgan Tyler, John Doe 1, John Doe 2, and John Doe 3. Moreover, by the Amended Petition, Plaintiff dropped four defendants from the State-Court Action, namely, Murray Tyler, Crystal Torres, Jon

---

amended petition reflects Plaintiff's attempt to name ESA as a defendant, ESA elects to remove this case to federal court without waiting on Plaintiff to correctly name and/or identify ESA as a defendant.

[2] To ESA's knowledge, "P. Portfolio Lessee" is not a real entity. No entity of that name is affiliated with ESA, Extended Stay America, Inc., or the Hotel.

Doe, and Jane Doe. Finally, Plaintiff continues in the Amended Petition to assert claims against defendants Extended Stay America, Inc., Bruce N. Haase,[3] and Brian Morgan.

5.  As detailed below, Plaintiff asserts in the Amended Petition a laundry list of claims against defendants related to the December 31, 2017 incident described above. *See* Amended Petition, pp. 16-25. Plaintiff demanded a trial by jury. *See* Amended Petition, p. 25.

6.  In accordance with 28 U.S.C. § 1446(a), ESA attaches the following documents to this notice of removal:

    **Exhibit A.**   Index of Documents Being Filed with Notice of Removal

    **Exhibit B.**   Copy of the Docket Sheet from the State-Court Action

    **Exhibit C.**   Copy of Each Document Filed in the State-Court Action (except discovery materials), in Chronological Order

    **Exhibit D.**   Certain Defendants' Consent to Removal

## II. BASIS FOR REMOVAL — FEDERAL QUESTION JURISDICTION

7.  This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because this action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Specifically, in a section of the Amended Petition titled "Nature of the Case," Plaintiff alleges in the Amended Petition that his claims implicate federal question jurisdiction:

> ***Plaintiff brings this action under the Constitution and law of United States of America*** and the Constitution and law of the state of Texas for violation of his constitutional rights and injuries suffered by Defendants' egregious conduct as set forth later in this petition. Plaintiff seeks compensatory damages for economic and non-economic losses and punitive damages under the principle of

---

[3] It is surprising that Plaintiff continues in the Amended Petition to assert claims against defendant Bruce N. Haase. In response to the Petition, Mr. Haase filed a special appearance, challenging personal jurisdiction. By order signed October 12, 2020, the Court in the State-Court Action granted Mr. Haase's special appearance, ordering that "Plaintiff's claims against Defendant Bruce M. Haase are DISMISSED, and Haase is hereby DISMISSED from this lawsuit for lack of personal jurisdiction." Thereafter, on October 22, 2020, Plaintiff filed an amended petition in the State-Court Action, continuing to assert claims against Mr. Haase in violation of the Court's October 12, 2020 order in the State-Court Action.

>vicarious liability/respondeat superior. Specifically, Plaintiff alleges: (A) *violation of Title II of the Civil Rights Act (Public Accommodation) 42 U.S.C. Sec.2000a* (a) which provides that all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodation of any lace of public accommodation, without discrimination on the ground of race, color, religion, or national origin; (B) *violation of 42 USC Sec. 1981* which provides that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law; (C) *violation of 42 U.S.C Sec 1983* which in pertinent part provides that:"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress; and claims for (D) breach of contract; (E) negligence; (F) intentional infliction of emotional distress (IIED) under law of state of Texas.; (G) violation of Texas Deceptive Trade Practices Act (DTPA); (H) violation of fair credit billing act and (I) violation of Texas Innkeeper Code.

Amended Petition, pp. 4-5 (emphasis added). Consistent with that description, Plaintiff asserts causes of action against (1) all defendants for "Violation of the Title II of Federal Civil Rights Act (1991)" (first cause of action), *see* Amended Petition, pp. 16-17; (2) all defendants except Brian Morgan for "Violation of 42 USC§1981 (Equal rights under the law)" (second cause of action), *see* Amended Petition, pp. 17-18; (3) all defendants for "Refusal to Make Contract in Violation of 42 USC §1981" (third cause of action), *see* Amended Petition, pp. 18-19; (4) all defendants for "Violation of Section 42 USC §1983 (Deprivation of rights, privileges, or immunities secured by the US Constitution and Federal Law)" (fourth cause of action), *see* Amended Petition, pp. 19-21; (5) all defendants for "Violation of 42 USC §1985 (Conspiracy to

interfere with Civil Rights: Tyler, John Doe 1, John Doe 2)" (fifth cause of action), *see* Amended Petition, p. 21; and (6) all defendants for "Injury to Reputation/Defamation under 42 USC §1983 (Violation of US 14th Amendment)" (eighth cause of action), *see* Amended Petition, pp. 24-25. The Court has original jurisdiction over those federal claims. *See* 28 U.S.C. § 1331.

8.     In addition to the federal claims, Plaintiff asserts state-law claims for breach of contract and negligence/gross negligence (both identified as the sixth cause of action). Amended Petition, pp. 22-24. The Court has supplemental jurisdiction over those claims. 28 U.S.C. § 1367.

9.     Because Plaintiff asserts claims over which the Court has original jurisdiction under 28 U.S.C. § 1331, the State-Court Action may be removed to this Court. 28 U.S.C. § 1441.

### III. Procedural Considerations

10.    As required by 28 U.S.C. § 1446(b), ESA timely files this notice of removal. Plaintiff joined ESA as a party defendant to the State-Court Action by the Amended Petition, filed on October 22, 2020. Although ESA has not been formally served with process, ESA's counsel advised Plaintiff that formal service of process on ESA was not necessary. ESA timely files this notice of removal within 30 days of the filing by Plaintiff of the Amended Petition.

11.    Defendants Extended Stay America, Inc. and Bruce N. Haase, who were previously served with process and previously appeared in the State-Court Action, consent to ESA's removal of the State-Court Action to this Court. *See* Exhibit D; *see also* 28 U.S.C. § 1441(b)(2)(C). The newly joined defendants (other than ESA)—*i.e.*, ESH Hospitality Inc., Extended Stay Management, LLC, P. Portfolio Lessee, and Morgan Tyler—have not yet been served with process; accordingly, it is not necessary for ESA to obtain those defendants' consent to removal. *See, e.g.*, 28 U.S.C. § 1441(b)(2)(A). Finally, it is not necessary to obtain the consent of the three "John Doe" defendants (John Doe 1, John Doe 2, and John Doe 3), *see, e.g.*, *Green*

*v. Am. Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003), and in any event, those three "John Doe" defendants have not yet been served with process, *see, e.g.*, 28 U.S.C. § 1441(b)(2)(A).

12.   Under 28 U.S.C. § 1441(a), this action is properly removed to this Court, the United States District Court for the Western District of Texas, Austin Division, as the district and division embracing the county where the State-Court Action was pending. 28 U.S.C. § 124(d)(1).

13.   As required by 28 U.S.C. § 1446(d), ESA will promptly give Plaintiff written notice of the filing of this notice of removal by serving Plaintiff with a copy of this notice of removal. As also required by 28 U.S.C. § 1446(d), ESA will promptly file a copy of this notice of removal with the clerk of the District Court of Travis County, Texas, 53rd Judicial District, Cause No. D-1-GN-19-008866, where the State-Court Action was pending.

## IV. Conclusion

ESA, in conformity with the requirements of 28 U.S.C. §§ 1441 and 1446, removes the State-Court Action to this Court. ESA requests that this Court assume jurisdiction over this action as if it had been originally filed here, and that all further proceedings in the State-Court Action be stayed. ESA further requests such other and further relief, general and special, at law and in equity, to which it may be justly entitled under the circumstances.

Respectfully submitted,

    */s/ David C. Schulte*
Kelly Franklin Bagnall
  Texas Bar No. 07375800
  kelly.bagnall@hklaw.com
David C. Schulte
  Texas Bar No. 24037456
  david.schulte@hklaw.com
Kevin A. Teters
  Texas Bar No. 24075678
  kevin.teters@hklaw.com
Morgan J. Kleoppel
  Texas Bar No. 24116625
  morgan.kleoppel@hklaw.com
**HOLLAND & KNIGHT LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 964-9500
(214) 964-9501 (facsimile)

**ATTORNEYS FOR DEFENDANT ESA MANAGEMENT, LLC**

### CERTIFICATE OF SERVICE

    I certify that on November 13, 2020, a true and correct copy of this document was served on plaintiff, Ravindra Singh, via email, drop box, and first-class mail, at the following addresses:

  Ravindra Singh, Ph. D.
  P.O. Box 10526
  Austin, Texas 78766
  excion_2000@yahoo.com

    */s/ David C. Schulte*
David C. Schulte