# EXHIBIT C

# EXHIBIT C-1

Filed in The District Court
of Travis County, Texas

D-1-GN-19-008866

CAUSE NO._____

DEC 3 1 2019  JG

At_____2:52 P.M.
Velva L. Price, District Clerk

| | | |
|---|---|---|
| RAVINDRA SINGH, | ) | IN THE DISTRICT COURT OF |
| Plaintiff | ) | |
| V. | ) | |
| | ) | |
| EXTENDED STAY AMERICA, INC | ) | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, | ) | |
| MURRAY TYLER, | ) | |
| BRIAN MORGAN, | ) | |
| CRYSTAL TORRES | ) | |
| JON DOE | ) | |
| JANE DOE | ) | |
| Defendants. | ) | 53ᵈ JUDICIAL DISTRICT |
| | ) | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, RAVINDRA SINGH, PH.D. complains of EXTENDED STAY AMERICA, INC,

BRUCE N. HAASE, MURRAY TYLER, BRIAN MORGAN AND JOHN/JANE DOE –

believed to be CRYSTAL TORRES (subject to verification by discovery) and for cause of action

would respectfully show as follows:

### I.   Nature of the Case

1.   This action is brought under the laws of United States and the state of Texas for violation of

his constitutional rights and injuries suffered by Defendants' misconduct as set forth later in

this Petition. Plaintiff seeks compensatory damages for economic and noneconomic losses and

punitive damages under the principle of vicarious liability/respondeat superior. Specifically,

Plaintiff alleges: (A) of Title II of the Civil Rights Act (Public Accommodations) 42 U.S.C.

§2000a (a) which provides that all persons shall be entitled to the full and equal enjoyment of

the goods, services, facilities, privileges, advantages, and accommodations of any place of

public accommodation, without discrimination on the ground of race, color, religion, or

national origin; (B) violation of the Fair Credit Billing Act; (C) breach of contract; (D)

1

Unofficial copy Travis Co. District Clerk Velva L. Price

violation of Texas Deceptive Trade Practices-Consumer Protection Act; (E) violation of Texas Innkeeper Code and Texas state law claims under the theories of (F) Negligence and (G) intentional infliction of emotional distress.

## II.    Parties

2.  At all-time relevant to this action, Plaintiff, Ravindra Singh, Ph.D. was, and is a resident of Travis County, Texas.

3.  Defendant EXTENDED STAY AMERICA, INC. (herein after ESA INC./ESA HOTEL) is a foreign corporation with home offices in Charlotte, North Carolina. is engaged in the business of lodging and owns and operates its hotels through its subsidiaries. It offers lodging on a daily, weekly and monthly rental basis. It does business in Travis County, Texas. According to its website http:www:esa.com ESA is the world's most popular extended stay hotel, with over 600 (six hundred) properties offering more than 69,000 rooms including over fifty properties in the state of Texas. ESA INC does business in Travis County. ESA INC is sued in its official capacity.

4.  Defendant BRUCE N. HAASE is the President and CEO of ESA INC. – the parent company with right to set policies, standards and operating procedures and has the ultimate control over operation, personnel and all policy matters at each hotel including subject properties at issue in this action. HAAS is sued in his official capacity.

5.  Defendant MURRAY TYLER was Guest Service Representative or front counter agent for ESA Round Rock South – Austin" located at 16950 North Interstate – 35, Austin, Texas. TYLER is sued both in his official capacity as agent, representative or employee of ESA INC or its subsidiary ESA Management, LLC.as well as his individual capacity for offering

"PORN" related services. Plaintiff was not interested in such services; never inquired about them and felt repugnant by Defendant TYLERS's conduct. Plaintiff never authorized any charges on payment card for any services other than the charges for one night of lodging.

6. Defendant BRIAN MORGAN was General Manager of ESA HOTEL 2700 Gracy Farms Lane, Austin, TX 78758. Defendant MORGAN is sued in his official capacity for refusing Plaintiff as a guest; unlawfully accusing him of criminal trespass; and threatening to eject him without justification in violation of Title II of Civil Rights Act. He is also sued under Texas state law for infliction of emotional distress.

7. Defendant CRYSTAL TORRES is sued in her official capacity for her acts and omissions with respect to hiring, training and supervision of Defendant TYLER; calling or authorizing TYLER to eject Plaintiff by force by calling Round Police to eject Plaintiff from ESA HOTEL Round Rock South property without justification and in fact ejecting Plaintiff from the property without ever even attempting to find out the facts and without ever asking Plaintiff to leave prior to asking police help; and falsely and maliciously accusing Plaintiff of causing disturbance. Plaintiff shall substitute real names for Does after discovery.

8. Defendants ESA INC., BRUCE N. HAASE, MURRAY TYLER, BRIAN MORGAN, CRYSTAL TORRES, JANE DOE and JON DOE nay be served by serving on ESA INC Corporate Officers including its President and CEO or Chief Legal officer, Corporate Secretary at the following address:

Ross W. McCanless, Esq.
Chief Legal Officer
11525 N. Community House Road, Suite 100
Charlotte, North Carolina 28277
(980) 345-1600

9. Defendants may be served by certified mail, return receipt requested, directed to EXTENDED STAY AMERICA, INC. through the Texas Secretary of State as an agent for service of process at the following address: Citations Section, Room 214, 1019 Brazos, Austin, Texas 78701. Texas Sec. of State has been unable to satisfactorily identify a Registered Agent in state of Texas.

### III.   Venue

10. Venue of this suit lies in Travis County, Texas because, Defendants and their agents do business in Travis County and incident giving rise to this action occurred in Travis County.

### IV.   Discovery Control Plan

11. The discovery in this case is intended to be conducted under Level 2 pursuant to Tex. R. Civ. P. 190.3.

### V.   Trade and Commerce

12. ESA Defendants have, at all times described below, engaged in conduct which constitutes "trade" and "commerce" as those terms are defined by § 17.45(6) of the DTPA.

### VI.   Acts of Agents

13. Whenever in this Petition it is alleged that any Defendant did any act, it is meant that Defendant performed or participated in the act or Defendant's officers, agents, or employees performed or participated in the act on behalf of and under the authority of the Defendant EXTENDED STAY AMERICA, INC.

4

## VII.   SPECIFIC FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. On new year's eve, December 31, 2017, around 5.30 P.M. Plaintiff went to check into the Extended Stay America Round South hotel (herein after "ESA Round Rock South") located at 16950 N Interstate 35, Austin, TX 78728.

15. Several weeks earlier Plaintiff had made reservation via Defendants' on-line reservation system for arrival on December 31, 2017 using his Visa card for payment.

16. Defendant ESA INC, via email notified Plaintiff of a "guaranteed" reservation for a "studio room" for arrival on December 31, 2017.

17. When Plaintiff walked up to the check-in counter he did not see any customer service representative behind the counter.

18. As a result, in an effort to draw attention Plaintiff gave a mild shout: "Hello! Anybody here?" and waited for someone to appear.

19. After sometime, Defendant MURRAY TYLER appeared behind the counter.

20. TYLER was in street clothes and not wearing ESA hotel uniform. TYLER also did not wear his name tag on his person either, creating confusion.

21. TYLER asked Plaintiff if he could help him. "Can I help you? – he said. However, he appeared to be preoccupied with something else, and his conversation was very rude. Plaintiff did not find the tone of his voice appropriate for a customer service position.

22. Plaintiff replied by saying that he was there to check-in. Tyler, again continued in his rude voice and asked Plaintiff if he had reservation.

23. Plaintiff replied that he did.

24. Next TYLER asked Plaintiff if he had any identification. In response Plaintiff handed state of Texas issued photo-identification card to Defendant TYLER.

5

25. Defendant TYLER, next checked the reservation log in the computer and verified that Plaintiff's name was on the reservation log for arrival for that evening – December 31, 2017. TYLER indicated that there were two reservations under that name for arrival that evening but different departure dates.

26. Plaintiff explained that he did not need two rooms and asked Tyler and that he would like him to cancel one of the two – specifically one with longer stay as a result of Tyler's attitude and behavior.

27. TYLER flatly refused, and responded by saying "you do it" in an extremely obnoxious manner. In response Plaintiff told TYLER that if he cannot cancel it, Plaintiff would himself attempt to do it on-line once he got in his room where he could connect to Internet. Defendant ESA INC policy, as displayed on their Web-site provides that a guest should contact the hotel directly if he is not successful in cancelling reservations on-line.

28. Next Defendant TYLER asked Plaintiff to insert his visa payment card into the card reader which Plaintiff did. TYLER verbally announced the last four digits on the card and asked Plaintiff to verify it. Plaintiff verified it verbally by saying "yes" and authorized payment for one night stay only. Plaintiff asked for the ticket or receipt showing the total charges incurred.

29. While TYLER was processing the visa card payment Plaintiff informed Tyler that he prefers a quiet room, and that he should look up Plaintiff's customer profile (ESA calls it EXTENDED PERKS in the computer system about his room-preferences as Plaintiff has been a frequent guest with ESA.

6



30. TYLER not only completely ignored Plaintiff's request as to room preferences but also refused to give Plaintiff the receipt or the rate card or tell him the total debited on the payment card verbally.

31. Clearly, Tyler refused to accept Plaintiff as guest – TYLER did not assign Plaintiff any room. TYLER gave Plaintiff no room key and kept Plaintiff waiting while other guests who arrived later, and after Plaintiff were check-in and given rooms.

32. After waiting for a considerable period of time, and being completely ignored, Plaintiff ran out of patience at TYLER's behavior. Plaintiff decided to take up the matter with ESA corporate Guest services. To this end, Plaintiff asked TYLER for corporate Guest Service phone number.

33. TYLER wrote a phone number on a scrap of paper and handed it to Plaintiff.

34. Plaintiff dialed the phone number provided on the house-phone (a landline phone) on the customer service counter.

35. When Plaintiff dialed the number he was connected to a "PORN" line instead of ESA corporate Guest Services desk. Plaintiff tried to hand over the phone to TYLER and asked him to take the call so that TYLER could confirm it for himself. TYLER, however was not interested in verifying anything. He refused to take the call, clearly indicating he knew that he had intentionally given Plaintiff the "PORN" phone number to call instead of the ESA corporate Guest Services number.

7

36. Next, Plaintiff asked TYLER for alternate ESA Guest Service. Plaintiff asked TYLER to double check the number before he gave to him. TYLER gave Plaintiff a number to call again.

37. The second number worked but Plaintiff was put on a long hold - estimate 15-20 minutes. Plaintiff finally reached a live person at the Guest Services and lodged a complaint against TYLER both for being extremely rude and refusing to check-in despite guaranteed and confirmed reservation, and for giving number to call "PORN" service.

38. While Plaintiff was on phone with corporate Guest services, Tyler was on a cell phone with his supervisor – General Manager of the property who was not on the property – TORRES. Plaintiff could hear TYLER relaying description of Plaintiff appearance to the off-site supervisor: TYLER saying "he looks like little India" or words to that effect.

39. During this phone consultation Defendants TYLER and GM TORRES made final decision to refuse to service Plaintiff and not honor his reservation.

40. During this phone consultation the TORRES and TYLER also made a decision to eject Plaintiff and call City of Round Rock police on a false premise – that Plaintiff was yelling at corporate Guest services and causing a disturbance. Had Plaintiff been yelling, Guest Services simply could have hung up which they did not do.

41. Defendant TYLER called 911. TYLER lied when he reported that Plaintiff was causing disturbance because there was no disturbance being committed.

42. Defendant action was taken during the course and scope of his employment with Defendant ESA INC and its subsidiary ESA Management LLC. Defendants TYLER and TORRES knew or should have known that by calling police to eject Plaintiff and providing personal and identifying information to law enforcement would create criminal record with lifelong

8

adverse implication for Plaintiff in future in procuring housing, education and employment – it was reasonably foreseeable.

43. While Plaintiff was still on phone with ESA corporate guest services desk, a Round Rock police officer arrived and positioned himself next to Plaintiff.

44. Plaintiff asked the officer to complete the phone conversation before he could talk to him and the officer was respectful and obliged.

45. Officer asked Plaintiff to confirm if he had reservation and plaintiff notified that he did. Officer notified Plaintiff that ESA/Tyler "don't want to serve you" that you should leave and not return tonight.

46. Plaintiff collected his lap top that was open on the counter and his baggage, thanked the officer and left to find accommodation for the night.

47. Plaintiff found that most area hotels were sold because of the new-year eve's celebrations or were exorbitantly expensively priced.

48. At about 8.45 PM Plaintiff registered a complained via email addressed to subject property/General Manager/TORRES/DOE.

49. Plaintiff never received a reply to the day.

50. Subsequently, Plaintiff via email made a request for a copy of the surveillance tape as well as a copy of Defendants ESA INC policy concerning refusal to serve a guest and call for service for ejection. To this day Plaintiff has not been responded to.

51. Plaintiff, via email also asked the ESA defendants to investigate into hotel staff possibly engaged in peddling sexually related services from the property. Again to this day, Plaintiff has received no response.

9

52. In the month of April 2018, Plaintiff was ejected by Defendant BRIAN MORGAN from ESA property at Gracy Farm Lane property in Travis County because Plaintiff had been unjustifiably ejected from ESA Round Rock South property some four months earlier.

53. Defendant MORGAN also refused to serve Plaintiff as a guest by booking a room for next night after Plaintiff had already stayed there for two nights – Plaintiff made reservation on-line without knowing that he had been trespassed and blackballed by Defendant ESA. Defendant never gave any verbal or written notice of trespass.

54. MORGAN threatened to eject Plaintiff by force of police if he did not leave the property "immediately".

55. When Plaintiff asked why ESA accepted Plaintiff reservation why he was check-in MORGAN replied that it was an error. Plaintiff left the property embarrassed and humiliated. Plaintiff has never attempted to book a room with ESA HOTELS ever since.

56. Plaintiff's email logs show that since he was ejected ESA Round Rock South property on December 31, 2017 and forbidden from returning, yet Defendant ESA have sent Plaintiff advertising to book hotel room no fewer than 122 (one hundred and twenty two) times – I.e. more than once every week.

## VIII.   Vicarious Liability/Respondeat Superior

57. Defendant ESA, INC is liable under the doctrine of vicarious liability because acts and omissions complained of this action were done by agents, representatives or employees of ESA INC. or its wholly own subsidiaries over which it had rights to full control and in fact exercised control through setting standard, promulgating policies and procedure and enforcing them at each property including ESA Round Rock South, and ESA Gracy Farm through inspection and relevant audit.

10

## IX.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF TITLE II OF FEDERAL CIVIL RIGHT
### ALL DEFENDANTS

58. Plaintiff incorporate paragraphs 1 through 55 as if set forth in full herein.

59. Plaintiff is a member of the protected "Asian" class and class of "Indian" by national origin under TITLE II of Civil Rights.

60. ESA HOTELS are places of public accommodation.

61. Defendants ESA INC – more specifically Defendant TYLER, Defendant MORGAN and CRYSTAL TORRES (DOWS) violated Plaintiff's civil right by refusing and failing to provide accommodation.

62. Defendants further violated Plaintiff's civil right and rights guaranteed under the 14th amendment to US constitution and as well as Texas constitution in refusing to serve and unjustifiably ejecting Plaintiff by use of police power; threatening to use police power to unjustifiably eject Plaintiff where Plaintiff had constitutionally guaranteed right to be present.

63. Defendants conduct was intentional, reckless and malicious and undertaken to deny Plaintiff his lawful rights.

64. As a direct and proximate results of Defendants' acts and omissions Plaintiff has suffered injuries.

65. Plaintiff demands compensation for injuries inflicted at the hands of ESA defendants working including humiliation, mental anguish and punitive Defendant described above violated Plaintiff's civil rights and treatment under the law of United States and constitution of the state of Texas.

11

SECOND CAUSE OF ACTION
VIOLATION OF FAIR CREDIT BILLING ACT 15 USC 1601, ET SEQ
ALL DEFENDANTS

66. Plaintiff incorporates paragraphs 1 through 55 as set forth in full herein.

67. On new year's eve, December 31, 2017, Defendant ESA INC, and more specifically Defendant TYLER charges Plaintiff's Visa card in the amount of $.... for lodging that same night at Defendants ESA Round Rock South property.

68. Defendant ESA INC failed and otherwise refused to provide the lodging, thereby violating the applicable provisions of 15 USC 1601.

69. As a result, Plaintiff was unlawfully deprived use of his funds. Defendant ESA INC is liable for Defend Tyler's acts and omissions under the doctrine of vicarious liability. Plaintiff is entitled to compensation as well as punitive damages because the conduct of Tyler was willful, intentional and reckless.

THIRD CAUSE OF ACTION
BREACH OF CONTRACT
ESA INC/TYLER TORRES

70. Plaintiff incorporates paragraphs 1 through 55 as if set forth in full herein.

71. Plaintiff booked a non-smoking studio room on-line through Defendant's on-line reservation system for one night with Defendant ESA INC. property ESA Round Rock South, in Travis County for arrival on December 31, 2017.

72. Defendant required and Plaintiff provides his Visa card to guarantee payment for said booking.

73. Defendant ESA INC notified Plaintiff via email that his booking was guaranteed for late arrival – meaning that Defendant will keep a studio room open for Plaintiff for the night in

12

issue, and would place a charge on said Visa card would even if Plaintiff was a no-show as noted below in full:

> **"Checking in:** Your reservation is guaranteed for arrival up to 6pm local hotel time on date of arrival. Please contact your destination hotels should your travel plans require a check-in past 6pm local hotel time on the date of arrival."

> **Cancellations:** Reservations must be cancelled by 6pm local hotel time on the day of arrival, or the first night's stay (at quoted rate plus tax) will be charged as a No Show Fee to the credit card holding the reservation. Advanced Purchase (AP) reservations: Guests who cancel more than 24 hours after their original time of booking, or fail to show, will forfeit their nonrefundable advance prepayment equal to the total cost of the reservation (including tax)."

74. Plaintiff went to said property around 5:30 PM on December 31, 2017. Defendant ESA INC, more specifically Defendant Tyler, working within the course and scope of his employment Guest Services, refused to accept Plaintiff as a guest without justification and thereby breached the binding contract.

75. As a result of Defendants' acts and omissions Plaintiff has suffered damages including expended effort to find alternate accommodation at increased cost.

76. Defendant's acts and omissions were intentional, reckless and malicious. Therefore, Plaintiff is entitled to punitive damages in the amount shown to be just and proper during the trial.

FOURTH CAUSE OF ACTION

VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION ACT/ ALL DEFENDANTS

77. Plaintiff incorporate paragraphs 1 through 55 as if set forth in full herein.

13

78. This claim is brought under § 17.47 of the Texas Deceptive Trade Practices-Consumer Protection Act, TEX. BUS. & COM. CODE ANN. § 17.41 et seq. (hereafter the "DTPA") upon the grounds that Defendants have engaged in false, deceptive and misleading acts and practices in the course of trade and commerce as defined in, and declared unlawful by, §§ 17.46(a) and (b) of the DTPA; by accepting reservation for accommodation on-line; making representation that Plaintiff was "guaranteed" accommodation at ESA Round Rock South property on the night of December 31, 2017, and then refusing to provide accommodation when Plaintiff presented himself for check-in.

79. Defendant ESA Inc.'s makes false promises with no intention to keep them because it fails to staff its properties with adequate training and supervision. For example:

> "At Extended Stay America, the world's most popular extended stay hotel, great value means more than just great prices. We call every guest by name, and are passionate about making traveling as easy for you as possible. We know there's no place like home, but we work every day toward making you feel that Extended Stay America is the next best thing. Find out for yourself: Let our dedicated customer service people help you book by the day, by the week, or by the month and find out all the reasons why we're the new way to stay.

> https://www.aboutstay.com/investor-relations/about-esa (Accessed: 11:09 AM 12/29/2019

80. Defendant ESA failed to provide even very minimal level of service as Defendant Tyler willfully fail to honor the guaranteed reservation working within the course and scope of his employment with Defendant ESA Inc. or its subsidiaries.

81. As a result of Defendants TYLER's acts and omissions Plaintiff has suffered injuries.

82. Pursuant to § 17.4 7 of the DTPA, Plaintiff is authorized to seek punitive damages and seeks same.

14

83. Defendant ESA INC is liable under the doctrine of vicarious liability for the acts and

omissions of its agents including TYLER, MORGAN and possibly TORRES among

others.

FIFTH CASUSE OF ACTION
VIOLATION OF TEXAS INNKEEPER CODE
ESA INC/TYLER

84. Plaintiff incorporated paragraphs 1 through 55 as if set forth in full herein.

85. Texas Innkeeper code, Se. 2155.001 requires a hotel owner to provide room rate

information to a guest:

Sec. 2155.001.  ROOM RATE INFORMATION.  (a)  A hotel owner or keeper shall post

a card or sign in a conspicuous place in each hotel room stating:

> (1)  the daily room rate;  and
> (2)  the date the card or sign was posted.

  (b)  An increase in the daily room rate is not effective until the 30th day after the date a
card or sign with the increased rate is posted.
  (c)  The owner or keeper of a hotel having 20 or more rooms shall give a guest assigned
a room a ticket showing the daily room rate being charged for the room.  The room rate on
the ticket must conform with the rate posted under Subsection (a).

  Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.

86. In Texas it is crime for a hotel owner, keeper, or employee if the person does not give a

quest a ticket as required by Sec. 2155.001(c) punishable by fine, imprisonment or both:

  Sec. 2155.002.  CRIMINAL PENALTIES.  (a)  A hotel owner or keeper commits an
offense if the person does not post a room rate as required by Section 2155.001(a).
  (b)  A hotel owner, keeper, or employee commits an offense if the person does not give a
guest a ticket as required by Section 2155.001(c).
  (c)  A hotel owner, keeper, or employee commits an offense if the person knowingly
charges a guest a room rate for a room that is more than the posted rate for that room.  Each
day an excessive rate is charged is a separate offense.
  (d)  An offense under Subsection (a) or (c) is a misdemeanor punishable by:

> (1)  a fine of not less than $25 or more than $100;
> (2)  confinement in jail for a term not to exceed 30 days;  or
> (3)  both a fine and confinement.

15

(e)  An offense under Subsection (b) is a misdemeanor punishable by a fine of not more than $100.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.

## SIXTH CAUSE OF ACTION
### NEGLIGENCE/GROSS NEGLIGENCE
### ALL DEFENDANTS

87. Plaintiff incorporates paragraphs 1 through 55 as if set forth in full herein.

88. Defendant ESA INC owed Plaintiff a duty to care in accepting Plaintiff's reservation for lodging at ESA Round Rock South property on the night of new year's eve 2017 at the offered and accepted rate by parties thus forming a binding contract.

89. Defendant TYLER as Customer service representative responsible for check-in at said hotel at said date and time, and through him Defendant ESA INC owed Plaintiff duty to accept as guest and reasonable hassle-free check-in and enjoyment of subject room and hotels facilities during Plaintiff's stay therein pursuant the above mention agreement.

90. Defendant ESA INC, and more specifically Defendant TYLER also owed Plaintiff a duty to provide accommodation on a non-discriminatory basis, and under Title II of  Federal Civil Rights as explained earlier. Defendants conduct constitutes negligence per se/negligence or gross negligence when Defendants refused or knowingly failed to honor Plaintiff's "guaranteed" reservation

91. Defendants TORRES/DOWS" as General Manager owed a duty to Plaintiff as a prospective guest with "guaranteed" reservation to ascertain facts by also talking with Plaintiff and not just take TYLER' words as "truth before deciding/approving  not to accept Plaintiff as a guest and approving ejection of Plaintiff by employing force of police.

16

Defendant TORRES conduct constitutes gross negligence because she breached the duty she owed to Plaintiff.

92. Defendant TORRES owed a duty to Plaintiff not to blacklist him on false ground – creating disturbance – because Plaintiff at no time engaged in any act that constitute disturbance. TORRES was not present at the scene of alleged disturbance. She never talked with Plaintiff when she could have very easily done so. Despite this, she black balled Plaintiff. Plaintiff lost his rights of enjoyment of accommodation at Defendant ESA INS's property if he so chose. Plaintiff was in fact ejected by Defendant MORGAN based on TORRES unjustifiably blacking.

93. In general Texas Courts have defined negligence as follows:

> "Negligence" means failure to use ordinary care that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.
>
> "Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

Ford Motor Co. v. Miles, TEX COURT OF APPEALS, DALLAS No. 05-03-00977-CV. Decided: July 26, 2004

TORRES conduct constitutes gross negligence.

### SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### ALL DEFENDANTS

94. Plaintiff incorporates paragraphs 1 through 55 as if fully set forth herein.

95. Defendant TYLER, Defendant Morgan and Defendant TORRES/DOES, through their conducts described throughout this Petition has caused Plaintiff severe mental distress, physical stress, mental anguish and emotional pain. More specifically Plaintiff has been

17

made to suffer severe emotional and psychological plain by Defendant TYLER and MORGAN through violations of Plaintiff's constitutional right, humiliation of unjustified ejects resulting anger and loss of pride.

96. Unjustified blackballing by Defendant DOWS'/TORRES and resulting humiliation of ejection and threat of use of police force has fundamentally affected Plaintiff's sense of wellbeing and power to control his own life even when he has done nothing wrong and everything right. Plaintiff suffers from stress brought on by a sense of powerlessness – powerlessness to control his own life. He has grown distrustful of people generally and avoids people resulting in loss of valuable friendships and network of social support. This impacts Plaintiff harder because he does not have close family here. It was all totally unjustified and avoidable if only these defendants looked at events reasonably,

97. Plaintiff often feels like you are not equal citizen here you are less. So people have right to violate your rights, mistreat, insult and humiliate you by ejecting you simply for "looking like a little Indian". The experience has left Plaintiff with deep emotional scars. It has fundamentally and permanently my view of the world and altered my daily routine on a permanent basis. Plaintiff has lost interest in activities he enjoyed before. As a result of his experience at the incident complained of herein, he now does not enjoy associating with people unknown to him; he forgot how to trust people. Plaintiff has never been denied accommodation and ejected in his life. As a result, his belief in the principle that following the law and doing the right things will keep bad things from happening to you has shaken to its core.

98. Supervisors TORRES and MORGAN) who have been entrusted by Defendant ESA INC with responsibilities by ESA corporate official to follow policies and procedures were

18

responsible by their acts and omissions. They did what they did such as ejecting unjustifiably and blackballing with full knowledge and intention to violate Plaintiff's rights and inflict emotional injury to Plaintiff. The injuries have altered the way Plaintiff lives his daily life. Plaintiff is entitled to compensation and punitive damages for his suffering.

99. Defendants' acts constitute intentional infliction emotional distress. Texas las entitles Plaintiff to be compensated for emotional distress caused by Defendant. ESA INC is vicariously liable acts of TYLER, MORGAN and TORRES.{DOWs} Plaintiff is also entitled to punitive damages because the conduct of defendants named above was willful and intentional.

100. Plaintiff has suffered injuries, humiliation, anguish, loss of price. He has suffered loss of opportunities. ESA INC touts that it has a "Make It Right Policy". Plaintiff is entitled to punitive damages.

### X.    Jury Demand

101.    Plaintiff demands jury trial.

### XI.    Conclusion

102. Defendant ESA INC through acts and omissions violated Plaintiff's civil rights guaranteed to him by US and Texas constitution and laws in denying accommodation. It was impermissible discrimination. Defendants' conduct was intentional and wrong. Blackballing by ESA who own and operate over 600 hotels across America was unjustified and discriminatory is well and adversely impacts his opportunity to enjoy his rights to obtain accommodation in a discrimination-free manner. Defendant ESA INC has violated Texas Deceptive Trade Practices Act and Texas Innkeeper Code as explained above. Defendant ESA

19

INC has breached a binding contract it entered into when it accepted Plaintiff's reservation and breached it when it refused accommodation. Defendants TYLER,MORGAN and TORRES acts as explained earlier inn refusing to accept Plaintiff as paying guest and ejecting and blackballing him from further obtaining lodging at ESA HOTELS constitutes acts of negligence and gross-negligence to because they failed to exercise their duty of reasonable care they owed Plaintiff by accepting his reservation. Defendant TYLER and TORRES acted maliciously and recklessly when they ejected him on untrue and fabricated charges disturbance when Plaintiff did no such act. These Defendants knew or should have known that by alleging disturbance on part of Plaintiff to get the law-enforcement police to eject him will create criminal record that will adversely impact Plaintiff in securing housing, employment and education and securing professional license. Plaintiff asks the Court to grant him relief as requested below.

## XII.  Relief Requested

103. WHEREFOR, and for all the foregoing reasons explained above Plaintiff requests that the Hon. Court grant him following relief:

    (a) Enter order granting compensatory and punitive damages to the fullest extent allowed by law as determined in a Jury Trial.

    (b) Enter order commanding Defendant ESA INC to take all necessary actions and expunge the criminal record created from all jurisdictions;

    (c) Enter order commanding Defendant ESA to remove "Blackballing" within ESA HOTELS and issue written apology to Plaintiff for same.

    (d) Grant further relief in law and equity Plaintiff may show to be entitled.

20

December 31, 2019.                    Respectfully submitted.

                                      By: _____
                                      Ravindra Singh, Ph.D.
                                      Plaintiff, Pro Se
                                      P.O. BOX 10526
                                      Austin, TX 78766+

                                      (512)293-7646

Unofficial copy Travis Co. District Clerk Velva L. Price

# EXHIBIT C-2

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-008866**

RAVINDRA SINGH

, Plaintiff

vs.

EXTENDED STAY AMERICA, INC BRUCE N. HAASE, MURRAY TYLER, BRIAN MORGAN, CRYSTAL TORRES, JON DOE, JANE DOE
, Defendant

TO:   BRIAN MORGAN
      c/o ROSS W. MCCANLESS, ESQ. CHIEF LEGAL OFFICER
      11525 N. COMMUNITY HOUSE ROAD, STE. 100
      CHARLOTTE, NORTH CAROLINA 28277

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on DECEMBER 31,2019 in the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, December 31, 2019.

REQUESTED BY:
RAVINDRA SINGH
P.O. BOX 10526
AUSTIN, TEXAS 78766



Valva L. Price
Travis County District Clerk
Travis County Courthouses
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: MELISSA ROMERO

-- - -- - -- - -- - - - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the _____ day
of _____, _____, at _____ o'clock ____M.,
by delivering to the within named _____, each in person, a
true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first
attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of
delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-19-008866

SERVICE FEE NOT PAID

P01 - 000087316

☐Original      ☐Service Copy

# EXHIBIT C-3

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-008866**

RAVINDRA SINGH

, Plaintiff

vs.

EXTENDED STAY AMERICA, INC BRUCE N. HAASE, MURRAY TYLER, BRIAN MORGAN, CRYSTAL TORRES, JON DOE, JANE DOE
, Defendant

TO:   BRUCE N HAASE
      c/o ROSS W. MCCANLESS, ESQ. CHIEF LEGAL OFFICER
      11525 N. COMMUNITY HOUSE ROAD, STE. 100
      CHARLOTTE, NORTH CAROLINA 28277

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on DECEMBER 31,2019 in the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, December 31, 2019.

REQUESTED BY:
RAVINDRA SINGH
P.O. BOX 10526
AUSTIN, TEXAS 78766



Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: MELISSA ROMERO

-- - -- - -- - -- - -- - - -- **R E T U R N** -- - -- - -- - -- - -- - -- -

Came to hand on the _____ day of _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-19-008866                    SERVICE FEE NOT PAID                    P01 - 000087314

Original        Service Copy

# EXHIBIT C-4

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-008866**

RAVINDRA SINGH

, Plaintiff

vs.

EXTENDED STAY AMERICA, INC BRUCE N. HAASE, MURRAY TYLER, BRIAN MORGAN, CRYSTAL TORRES, JON DOE, JANE DOE

, Defendant

TO:   CRYSTAL TORRES
      c/o ROSS W. MCCANLESS, ESQ. CHIEF LEGAL OFFICER
      11525 N. COMMUNITY HOUSE ROAD, STE. 100
      CHARLOTTE, NORTH CAROLINA 28277

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on DECEMBER 31,2019 in the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, December 31, 2019.

REQUESTED BY:
RAVINDRA SINGH
P.O. BOX 10526
AUSTIN, TEXAS 78766



Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: MELISSA ROMERO

-- - -- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____ at _____ o'clock _____M., and executed at
_____ within the County of _____ on the _____ day
of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a

true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first

attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of

delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-19-008866                    SERVICE FEE NOT PAID                    P01 - 000087317

☐ Original        ☐ Service Copy

# EXHIBIT C-5

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-008866**

RAVINDRA SINGH

, Plaintiff

vs.

EXTENDED STAY AMERICA, INC BRUCE N. HAASE, MURRAY TYLER, BRIAN MORGAN, CRYSTAL TORRES, JON DOE, JANE DOE

, Defendant

TO:    EXTENDED STAY AMERICA INC
       c/o ROSS W. MCCANLESS, ESQ. CHIEF LEGAL OFFICER
       11525 N. COMMUNITY HOUSE ROAD, STE. 100
       CHARLOTTE, NORTH CAROLINA 28277

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on DECEMBER 31,2019 in the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, December 31, 2019.

REQUESTED BY:
RAVINDRA SINGH
P.O. BOX 10526
AUSTIN, TEXAS 78766



Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: MELISSA ROMERO

-- - -- - -- - -- - -- - - -- **R E T U R N** -- - -- - -- - -- - - -- - --

Came to hand on the _____ day of _____ at _____ o'clock ____M., and executed at

_____ within the County of _____ on the ____ day

of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a

true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first

attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of

delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-19-008866                              SERVICE FEE NOT PAID                        P01 - 000087313

Original       Service Copy

Unofficial copy Travis Co District Clerk Velva L. Price

# EXHIBIT C-6

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-008866**

RAVINDRA SINGH

, Plaintiff

vs.

EXTENDED STAY AMERICA, INC BRUCE N. HAASE, MURRAY TYLER, BRIAN MORGAN, CRYSTAL TORRES, JON
DOE, JANE DOE
, Defendant

TO:   MURRAY TYLER
      c/o ROSS W. MCCANLESS, ESQ. CHIEF LEGAL OFFICER
      11525 N. COMMUNITY HOUSE ROAD, STE. 100
      CHARLOTTE, NORTH CAROLINA 28277

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after
you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause,
which was filed on DECEMBER 31,2019 in the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, December 31, 2019.

REQUESTED BY:
RAVINDRA SINGH
P.O. BOX 10526
AUSTIN, TEXAS 78766



Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: MELISSA ROMERO

-- - -- - -- - -- - -- - - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the _____ day
of _____, _____, at _____ o'clock ____M.,
by delivering to the within named _____, each in person, a
true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first
attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of
delivery.

Service Fee: $ _____

                                          _____
                                          Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

                                          By:_____
_____ day of _____, _____.

                                          _____
                                          Printed Name of Server

_____       _____ County, Texas
Notary Public, THE STATE OF TEXAS

D-1-GN-19-008866                    SERVICE FEE NOT PAID              P01 - 000087315

☐ Original        ☐ Service Copy

# EXHIBIT C-7

2/18/2020 10:00 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-008866
Chloe Jimenez

**CAUSE NO. D-1-GN-19-008866**

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL** | § | |
| **TORRES, JON DOE, JANE DOE** | § | |
| | § | |
| **Defendants.** | § | **53ᴿᴰ JUDICIAL DISTRICT** |

---

### DEFENDANT BRUCE N. HAASE'S SPECIAL APPEARANCE, SPECIAL EXCEPTIONS, ORIGINAL ANSWER, VERIFIED DENIAL AND AFFIRMATIVE DEFENSES

---

COMES NOW Defendant, Bruce N. Haase ("Defendant"), and files this Special Appearance, Special Exceptions, Original Answer, Verified Denial, and Affirmative Defenses to Plaintiff Ravindra Singh's ("Plaintiff") Original Petition, and states as follows:

## I.   SPECIAL APPEARANCE

1.     Defendant, Bruce N. Haase, asks the Court to sustain his special appearance and dismiss Plaintiff's suit.

2.     The last three digits of Defendant's driver's license number are 055. The last three digits of defendant's Social Security Number are 966.

3.     Plaintiff asserts claims against Defendant for Violation of Title II of the Federal Civil Rights Act, Violation of the Fair Credit Reporting Act, Violations of the Texas Deceptive Trade Practices Act, Negligence, Gross Negligence, and Intentional Infliction of Emotional Distress.

4.     Defendant is not a resident of Texas. Defendant resides in Maryland.

5.      Defendant attaches an affidavit to this special appearance to establish that he is not a resident of Texas. The affidavit is attached as Exhibit A and incorporated by reference into this motion.

6.      Texas courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant purposefully established "minimum contacts" with Texas. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985); *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 569, 575-76 (Tex. 2010).

7.      In his petition, Plaintiff failed to plead any facts showing that Defendant is subject to the jurisdiction of a Texas court.

8.      When pleading a case against a nonresident, a plaintiff must allege facts that, if true, would make the nonresident defendant subject to personal jurisdiction in a Texas court. *See Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 496 (Tex. 1988); *M.G.M. Grand Hotel, Inc. v. Castro*, 8 S.W.3d 403, 408 n.2 (Tex. App.—Corpus Christi 1999, no pet.). The plaintiff has the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the long-arm statute. *Kelly*, 301 S.W.3d at 658. When a plaintiff fails to plead jurisdictional allegations that a nonresident defendant committed an act in Texas or that the defendant's acts outside Texas had reasonably foreseeable consequences in Texas, the defendant can meet its burden  to negate all potential bases of jurisdiction simply by presenting evidence that is a nonresident. *Id.* at 658-59; *Frank A. Smith Sales, Inc. v. Atl. Aero, Inc.*, 31 S.W.3d 742, 746 (Tex. App.—Corpus Christi 2000, no pet.).

9.      Defendant has met his burden of negating all potential bases of jurisdiction by his affidavit, Exhibit A, which establishes the fact that he is not a resident of Texas.

10.     For these reasons, defendant asks the Court to resolve the special appearance without a hearing, based on pleadings and the affidavits and any discovery on file, to sustain Defendant's special appearance, and to sign a final judgment dismissing the Plaintiff's suit as to this defendant.

11.     The following Special Exceptions, Original Answer, Verified Denial, and Affirmative Defenses are submitted to the court subject to the Defendant's Special Appearance.

## II.   SPECIAL EXCEPTIONS

11.     Defendant specially excepts to Plaintiffs failure to plead any facts regarding Defendant's participation in any of the alleged causes of action.

12.     Defendant specially excepts to Plaintiff's failure to plead in his Original Petition a statement that the damages sought are within the jurisdictional limits of the Court, in violation of Tex. R. Civ. P. 47(b).

13.     Defendant specially excepts to Plaintiff's failure to plead in his Original Petition the amount of and type or relief sought, pursuant to Tex. R. Civ. P. 47(c). Plaintiff is barred from taking discovery in this matter by the Texas Rules of Civil Procedure 47 until such pleading defect is corrected.

14.     Regarding Plaintiff's Second Cause of Action for "Violation of Fair Credit Billing Act 15 USC 1601, Et Seq," Defendant specially excepts to Plaintiff's failure to specify which provision(s) of the Fair Credit Billing Act ("FCBA") Defendant allegedly violated and/or sufficient facts to support any such violation.  Defendant further specially excepts to Plaintiff's failure to plead facts showing that Defendant is considered a "creditor," and thus that the FCBA would apply to Defendant. Defendant also specially excepts to Plaintiff providing a "blank" for

the amount that was allegedly charged to his Visa card instead of providing the amount.  Without such information, Defendant does not have fair and adequate notice of the allegations being asserted against it in violation of Tex. R. Civ. P. 47(a).

15.     Regarding Plaintiff's Fourth Cause of Action for "Violation of the Texas Deceptive Trade Practices – Consumer Protection Act," ("DTPA") Defendant specially excepts to Plaintiff's failure to plead which sections of Tex. Bus. & Com. Code § 1746 Defendant allegedly violated, as well as his failure to plead facts showing that Defendant violated Tex. Bus. & Com. Code § 1746. Without such information, Defendant does not have fair and adequate notice of the allegations being asserted against it in violation of Tex. R. Civ. P. 47(a).

16.     As a result of these deficiencies in Plaintiff's Original Petition, Defendant is unable to prepare its defenses to Plaintiff's claims against it.  Defendant requests that the Court sustain these Special Exceptions and strike Plaintiff's claims against Defendant with prejudice. Alternatively, Defendant requests that the Court order Plaintiff to replead with complete and accurate facts so as to give Defendant fair and adequate notice of Plaintiff's claims and to comply with all rules of pleading, specifically, but without limitation, those found in Tex. R. Civ. P. 47.

### III.     GENERAL DENIAL

17.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every claim, cause of action, and allegation in Plaintiff's Original Petition and any subsequent amendments or supplements thereto, and demands strict proof thereof in accordance with the Constitution and laws of the State of Texas. Defendant reserves the right to file amended pleadings in this matter in accordance with the Texas Rules of Civil Procedure.

## IV.   VERIFIED DENIAL

18.     Bruce Haase became the CEO of Extended Stay, Inc. and ESA Management, LLC on or around November 22, 2019. Mr. Haase was not the CEO on the date of the alleged events, and therefore is not liable in his capacity as CEO for any of the events alleged in the Plaintiff's Original Petition.

19.     In addition, parties are required under the DTPA and the FCBA to provide advance notice of their claim and damages. *See* Tex. Bus. & Com. Code § 17.505(a); 15 U.S.C. § 1666(a). Plaintiff did not provide Defendant with the required notices of his claims or damages under the DTPA or FCBA prior to filing this lawsuit. Accordingly, pursuant to Rule 93(12) of the Texas Rules of Civil Procedure, notice and proof of loss or claim for damage has not been given.

## V.   AFFIRMATIVE DEFENSES

20.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, and without waiving its Special Appearance, Special Exceptions, General Denial, or Verified Denial, Defendant asserts the following affirmative defenses responsive to Plaintiff's Original Petition and any subsequent amendments or supplements thereto, and reserves the right to assert additional affirmative defenses, special denials, and matters in avoidance as are disclosed during the course of litigation, if any:

a)      Plaintiff's claims are barred in whole or in part because Plaintiff's Original Petition and each and every cause of action, claim, and allegation asserted therein fails to state a claim upon which relief can be granted;

b)      Plaintiff's claims are barred in whole or in part because Plaintiff has failed to state allegations in support of each element of its claims and/or has failed to state its claims with sufficient particularity;

c)      Plaintiff's claims, other than his claim for breach of contract, are barred by the statute of limitations;

d)      Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, and/or laches;

e)      Plaintiff's claims are barred in whole or in part, and/or Plaintiff is barred from recovery from or relief against any defendant by the doctrine of unclean hands;

f)      Plaintiff's claims are barred in whole or in part because its alleged damages were the result of intervening or superseding causes, events, factors, occurrences, or conditions, which were in no way caused by Defendant and for which Defendant is not liable;

g)      Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate his damages and/or risk, if any;

h)      Plaintiff's claims barred in whole or in part, or alternatively, his ability to recover damages is limited or eliminated, because Plaintiff's own actions and/or omissions constitute negligence;

i)      Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction;

j)      Plaintiff's breach of contract claim is barred because of a failure of consideration;

k)      Defendant has denied any and all liability on its part to Plaintiff; however, in the unlikely event the Court or jury should find that Defendant, along with any other defendant in this case or subsequently added to this case, were jointly and severally liable to Plaintiff, then Defendant is entitled to contribution among the defendants

pursuant to Sections 33.013 and 33.015 of the Texas Civil Practice and Remedies Code and any other applicable statute or common law rule;

l)   In the event a settlement is or has been made by any alleged joint tortfeasor, then Defendant is entitled to a full credit, offset, prorated reduction or percentage reduction, based on the percentage of the fault or causation attributable to the settling defendant herein, and Defendant makes known to the other parties and to the Court that it will avail itself of its rights under Section 33.012(c) of the Texas Civil Practice and Remedies Code as to any settlements that may be reached;

m)   Defendant invokes its legal right to a reduction of any dollar verdict that may be rendered in this case by credit for payments made by other persons/entities—including all former, current, and future defendants, settling persons/entities, and/or responsible third parties—as a result of Court or jury findings against other persons/entities. Defendant reserves the right under Texas common law and under the Texas Civil Practice and Remedies Code to submit issues against parties who may be present in this case or absent from this case at the time the matter is passed to the Court or jury for fact determinations. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE chs. 32-33. To the extent another person/entity has entered or does enter into a settlement with Plaintiff, Defendant affirmatively asserts the conduct of such settling person/entity was a proximate cause, a new and independent cause, and a sole proximate cause of the damages claimed by Plaintiff. Defendant further requests that the Court submit said settling person's/entity's percentage of liability to the Court or jury in order to determine comparative responsibility. *See id*. at § 33.001;

n)   Defendant expressly invokes the procedural provisions authorized by Chapter 41 of the Texas Civil Practice and Remedies Code; and

o)   Defendant expressly invokes the procedural provisions authorized by Chapter 42 of the Texas Civil Practice and Remedies Code.

21.   Defendant reserves the right to amend and/or supplement these affirmative defenses as and when additional facts and information may become known to it and which may suggest that such amendment or supplementation may be warranted.

## V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Bruce N. Haase, prays that the Court resolve his special appearance without a hearing, based on pleadings and the affidavit attached as Exhibit A, to sustain Defendant's special appearance, and to sign a final judgment dismissing the Plaintiff's suit.

Alternatively, Defendant, Bruce N. Haase, prays that the Court, after notice and hearing or trial, sustain Defendant's special exceptions, deny Plaintiff's Original Petition in its entirety, order that Plaintiff take nothing by this suit, award Defendant its costs in this proceeding taxed against Plaintiff, and award Defendant such other and further relief that it may show itself justly entitled to receive in law and/or in equity.

DATE: February 18, 2020

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

_/s/ Kevin A. Teters_____
Kevin A. Teters
Texas Bar No. 24075678
Kevin.Teters@hklaw.com
Kelly Franklin Bagnall
Texas Bar No. 07375800
Kelly.Bagnall@hklaw.com
Morgan J. Kleoppel
Texas Bar No. 24116625
Morgan.Kloeppel@hklaw.com
200 Crescent Court
Suite 1600
Dallas, Texas 75201
Phone: (214) 964-9500
Fax: (214) 964-9501

**ATTORNEYS FOR DEFENDANT
EXTENDED STAY AMERICA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Special

Exceptions, Original Answer, Verified Denials and Affirmative Defenses were served upon all

counsel and parties of record in accordance with the Texas Rules of Civil Procedure on February

18, 2020.

_/s/ Kevin A. Teters_____
Kevin A. Teters

## VERIFICATION

STATE OF NORTH CAROLINA            §
                                   §
COUNTY OF MECKLENBURG              §


On this day Bruce N. Haase, appeared before me, the undersigned notary public, and, after being duly sworn by me, stated that he has read the Verified Denials, set forth in Section IV, Paragraph 18 of the foregoing Special Appearance, Special Exceptions, General Denial, Verified Denials, and Affirmative Defenses to Plaintiff's Original Petition and that the factual allegations stated therein are within his personal knowledge and are true and correct.


_____
Bruce N. Haase


SUBSCRIBED AND SWORN TO before me on ___ February    17 ___, 2020.


_____
NOTARY PUBLIC IN AND FOR
THE STATE OF NORTH CAROLINA

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL | § | |
| TORRES, JON DOE, JANE DOE | § | |
| | § | |
| Defendants. | § | 53RD JUDICIAL DISTRICT |

## AFFIDAVIT OF BRUCE N. HAASE

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

Before me, the undersigned notary public, on this day, personally appeared Bruce N. Haase, who, upon being duly sworn and deposed, stated as follows:

1.     My name is Bruce Haase. I am over 21 years of age, and I have never been convicted of a felony or crime of moral turpitude. I am of sound mind and competent in all respects to make this affidavit.

2.     The facts set forth in this affidavit are true and correct and are within my personal knowledge.

3.     I am resident of the state of Maryland. My home address is in Rockville city. I have lived in the state of Maryland for twenty-five years. While I am a resident of Maryland, I also maintain temporary housing in North Carolina. My office address is in North Carolina, specifically 11525 North Community House Road, Suite 100, Charlotte, North Carolina 28277.

EXHIBIT

A

4.    I am employed by Extended Stay America, Inc., as President and CEO, and ESA Management, LLC, as CEO.

5.    I do not own property in the state of Texas. I do not maintain an office or residence in the state of Texas.

FURTHER AFFIANT SAYETH NOT.

_____
BRUCE N. HAASE

Sworn and subscribed to me, the undersigned notary public, on this _17_ day of February 2020.

_____
Notary Public in and for the State of North Carolina
My Commission Expires on: _11/2/2021_

C   FOLD AND TEAR THIS WAY

Thank You for using Return Receipt Service

**RETURN RECEIPT REQUESTED**
**USPS® MAIL CARRIER**
**DETACH ALONG PERFORATION**

Return Receipt (Form 3811) Barcode

9590 9699 0430 0068 9309 59

1. Article Addressed to:

Ravindra Singh, PhD
PO Box 10526
Austin, TX 78766

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0068 9309 57

PS Form 3811, Facsimile, July 2015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information

MCaswell
146044.145

Domestic Return Receipt

Thank you for using Return Receipt Service

Mary
Holl[]
200 (
Suite
Dall[]

0002/25/20

731   FE 1310

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

NIXIE   731



CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

9314 7699 0430 0068 9309 57
RETURN RECEIPT REQUESTED

Ravindra Singh, PhD
PO Box 10526
Austin, TX 78766





UNITED STATES POSTAGE
$ 008.000
PITNEY BOWES
02 1P
0000400284
MAILED FROM ZIP CODE 75201
FEB 18 2020

UTF

Holland & Knight

Holland & Knight LLP
200 Crescent Court, Suite 1600
Dallas, TX 75201

Ravindra Singh, PhD
PO Box 10526
Austin, TX 78766

UTF

H6044.145

NIXIE    731    7E    1    ..    0102/25/20

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 75281187599    2326#056163-02815



02 1P
0000800284
MAILED FROM ZIP
UNITED STATES POSTAGE

# EXHIBIT C-8

2/18/2020 10:00 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-008866**
Chloe Jimenez

## CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL** | § | |
| **TORRES, JON DOE, JANE DOE** | § | |
| | § | |
| **Defendants.** | § | **53ʳᵈ JUDICIAL DISTRICT** |

---

### DEFENDANT EXTENDED STAY AMERICA, INC.'S SPECIAL EXCEPTIONS, ORIGINAL ANSWER, VERIFIED DENIALS AND AFFIRMATIVE DEFENSES

---

COMES NOW Defendant, Extended Stay America, Inc. ("Defendant"), and files these Special Exceptions, Original Answer, Verified Denials, and Affirmative Defenses to Plaintiff Ravindra Singh's ("Plaintiff") Original Petition, and states as follows:

### I.   SPECIAL EXCEPTIONS

1.     Defendant specially excepts to Plaintiff's failure to plead in his Original Petition a statement that the damages sought are within the jurisdictional limits of the Court, in violation of Tex. R. Civ. P. 47(b).

2.     Defendant specially excepts to Plaintiff's failure to plead in his Original Petition the amount of and type or relief sought, pursuant to Tex. R. Civ. P. 47(c). Plaintiff is barred from taking discovery in this matter by the Texas Rules of Civil Procedure 47 until such pleading defect is corrected.

3.     Regarding Plaintiff's Second Cause of Action for "Violation of Fair Credit Billing Act 15 USC 1601, Et Seq," Defendant specially excepts to Plaintiff's failure to specify which

provision(s) of the Fair Credit Billing Act ("FCBA") Defendant allegedly violated and/or sufficient facts to support any such violation.  Defendant further specially excepts to Plaintiff's failure to plead facts showing that Defendant is considered a "creditor," and thus that the FCBA would apply to Defendant. Defendant also specially excepts to Plaintiff providing a "blank" for the amount that was allegedly charged to his Visa card instead of providing the amount.  Without such information, Defendant does not have fair and adequate notice of the allegations being asserted against it in violation of Tex. R. Civ. P. 47(a).

4.      Regarding Plaintiff's Third Cause of Action for "Breach of Contract," Defendant specially excepts to Plaintiff's failure to plead facts sufficient to provide Defendant with fair and adequate notice of the contract Defendant had with Plaintiff and allegedly breached.  Plaintiff also does not plead any facts to show that he performed under the alleged contract. Without such information, Defendant does not have fair and adequate notice of the allegations being asserted against it in violation of Tex. R. Civ. P. 47(a).

5.      Regarding Plaintiff's Fourth Cause of Action for "Violation of the Texas Deceptive Trade Practices – Consumer Protection Act," ("DTPA") Defendant specially excepts to Plaintiff's failure to plead which sections of Tex. Bus. & Com. Code § 1746 Defendant allegedly violated, as well as his failure to plead facts showing that Defendant violated Tex. Bus. & Com. Code § 1746. Without such information, Defendant does not have fair and adequate notice of the allegations being asserted against it in violation of Tex. R. Civ. P. 47(a).

6.       Regarding Plaintiff's Fifth Cause of Action for "Violation of Texas Innkeeper Code," ("TIC") Defendant specially excepts to Plaintiff's failure to plead any facts to support that Defendant committed any violations of the TIC.  Plaintiff recites certain requirements of the TIC, but never alleges any facts that Defendant violated these or any other provisions of the TIC.

Without such information, Defendant does not have fair and adequate notice of the allegations being asserted against it in violation of Tex. R. Civ. P. 47(a).

7.      As a result of these deficiencies in Plaintiff's Original Petition, Defendant is unable to prepare its defenses to Plaintiff's claims against it.  Defendant requests that the Court sustain these Special Exceptions and strike Plaintiff's claims against Defendant with prejudice. Alternatively, Defendant requests that the Court order Plaintiff to replead with complete and accurate facts so as to give Defendant fair and adequate notice of his claims and to comply with all rules of pleading, specifically, but without limitation, those found in Tex. R. Civ. P. 47.

## II.      GENERAL DENIAL

8.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every claim, cause of action, and allegation in Plaintiff's Original Petition and any subsequent amendments or supplements thereto, and demands strict proof thereof in accordance with the Constitution and laws of the State of Texas. Defendant reserves the right to file amended pleadings in this matter in accordance with the Texas Rules of Civil Procedure.

## III.      VERIFIED DENIALS

9.      Defendant has been misidentified by Plaintiff and is not a proper party to this action. The party that manages the subject hotel is ESA Management, LLC, not Defendant.  Plaintiff asserts that Defendant is vicariously liable for the actions of certain of its employees, namely defendants Murray Tyler, Brian Morgan, and Crystal Torres. At all times relevant to these proceedings, these individuals were not employed by Defendant, but rather by the company ESA Management, LLC.  Plaintiff even states in paragraph 5 of his Original Petition that Defendant Murray Tyler is an "agent, representative or employee of ESA INC or it subsidiary ESA Management, LLC."  Defendant has never employed these individuals and therefore cannot be

held vicariously liable for their actions.  Accordingly, pursuant to Rule 93(4) of the Texas Rules of Civil Procedure, there is a defect of parties.

10.     In addition, parties are required under the DTPA and the FCBA to provide advance notice of their claim and damages.  *See* Tex. Bus. & Com. Code § 17.505(a); 15 U.S.C. § 1666(a). Plaintiff did not provide Defendant with the required notices of his claims or damages under the DTPA or FCBA prior to filing this lawsuit. Accordingly, pursuant to Rule 93(12) of the Texas Rules of Civil Procedure, notice and proof of loss or claim for damage has not been given.

## IV.   AFFIRMATIVE DEFENSES

11.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, and without waiving its Special Exceptions, General Denial or Verified Denials, Defendant asserts the following affirmative defenses responsive to Plaintiff's Original Petition and any subsequent amendments or supplements thereto, and reserves the right to assert additional affirmative defenses, special denials, and matters in avoidance as are disclosed during the course of litigation, if any:

a)      Plaintiff's claims are barred in whole or in part because Plaintiff's Original Petition and each and every cause of action, claim, and allegation asserted therein fails to state a claim upon which relief can be granted;

b)      Plaintiff's claims are barred in whole or in part because Plaintiff has failed to state allegations in support of each element of its claims and/or has failed to state its claims with sufficient particularity;

c)      Plaintiff's claims, other than his claim for breach of contract, are barred by the statute of limitations;

d)      Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, and/or laches;

e)   Plaintiff's claims are barred in whole or in part, and/or Plaintiff is barred from recovery from or relief against any defendant by the doctrine of unclean hands;

f)   Plaintiff's claims are barred in whole or in part because its alleged damages were the result of intervening or superseding causes, events, factors, occurrences, or conditions, which were in no way caused by Defendant and for which Defendant is not liable;

g)   Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate his damages and/or risk, if any;

h)   Plaintiff's claims barred in whole or in part, or alternatively, his ability to recover damages is limited or eliminated, because Plaintiff's own actions and/or omissions constitute negligence;

i)   Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction;

j)   Plaintiff's breach of contract claim is barred because of a failure of consideration;

k)   Defendant has denied any and all liability on its part to Plaintiff; however, in the unlikely event the Court or jury should find that Defendant, along with any other defendant in this case or subsequently added to this case, were jointly and severally liable to Plaintiff, then Defendant is entitled to contribution among the defendants pursuant to Sections 33.013 and 33.015 of the Texas Civil Practice and Remedies Code and any other applicable statute or common law rule;

l)   In the event a settlement is or has been made by any alleged joint tortfeasor, then Defendant is entitled to a full credit, offset, prorated reduction or percentage reduction, based on the percentage of the fault or causation attributable to the

settling defendant herein, and Defendant makes known to the other parties and to the Court that it will avail itself of its rights under Section 33.012(c) of the Texas Civil Practice and Remedies Code as to any settlements that may be reached;

m)   Defendant invokes its legal right to a reduction of any dollar verdict that may be rendered in this case by credit for payments made by other persons/entities—including all former, current, and future defendants, settling persons/entities, and/or responsible third parties—as a result of Court or jury findings against other persons/entities. Defendant reserves the right under Texas common law and under the Texas Civil Practice and Remedies Code to submit issues against parties who may be present in this case or absent from this case at the time the matter is passed to the Court or jury for fact determinations. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE chs. 32-33. To the extent another person/entity has entered or does enter into a settlement with Plaintiff, Defendant affirmatively asserts the conduct of such settling person/entity was a proximate cause, a new and independent cause, and a sole proximate cause of the damages claimed by Plaintiff. Defendant further requests that the Court submit said settling person's/entity's percentage of liability to the Court or jury in order to determine comparative responsibility. *See id.* at § 33.001;

n)   Defendant expressly invokes the procedural provisions authorized by Chapter 41 of the Texas Civil Practice and Remedies Code; and

o)   Defendant expressly invokes the procedural provisions authorized by Chapter 42 of the Texas Civil Practice and Remedies Code.

12.     Defendant reserves the right to amend and/or supplement these affirmative defenses as and when additional facts and information may become known to it and which may suggest that such amendment or supplementation may be warranted.

## V.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Extended Stay America, Inc., prays that the Court, after notice and hearing or trial, sustain Defendant's special exceptions, deny Plaintiff's Original Petition in its entirety, order that Plaintiff take nothing by this suit, award Defendant its costs in this proceeding taxed against Plaintiff, and award Defendant such other and further relief that it may show itself justly entitled to receive in law and/or in equity.

DATE: February 18, 2020

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

___/s/ Kevin A. Teters_____
Kevin A. Teters
Texas Bar No. 24075678
Kevin.Teters@hklaw.com
Kelly Franklin Bagnall
Texas Bar No. 07375800
Kelly.Bagnall@hklaw.com
Morgan J. Kloeppel
Texas Bar No. 24116625
Morgan.Kloeppel@hklaw.com
200 Crescent Court
Suite 1600
Dallas, Texas 75201
Phone: (214) 964-9500
Fax: (214) 964-9501

**ATTORNEYS FOR DEFENDANT**
**EXTENDED STAY AMERICA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Special Exceptions, Original Answer, Verified Denials and Affirmative Defenses were served upon all counsel and parties of record in accordance with the Texas Rules of Civil Procedure on February 18, 2020.

    /s/ Kevin A. Teters
Kevin A. Teters

## **VERIFICATION**

STATE OF NORTH CAROLINA      §
                                     §

COUNTY OF MECKLENBURG      §

       On this day, William Hashe, Vice President of Tax for Extended Stay America, Inc., appeared before me, the undersigned notary public, and, after being duly sworn by me, stated that he has read the Verified Denials set forth in Section III, Paragraphs 9 and 10 of the foregoing Special Exceptions, General Denial, Verified Denials, and Affirmative Defenses to Plaintiff's Original Petition and that the factual allegations stated therein are within his personal knowledge and are true and correct and within his personal knowledge as the custodian of records of Extended Stay America, Inc., which is based upon his personal review of the information, files and documents in his possession.

                                  _____
                                  William Hashe

SUBSCRIBED AND SWORN TO before me on February ___17___, 2020.

                                  _____
                                  NOTARY PUBLIC IN AND FOR
                                  THE STATE OF NORTH CAROLINA

TRACY M PATTI
Notary Public
Mecklenburg County, North Carolina
My Commission Expires
October 30, 2024

Thank you for using Return Receipt Service

**RETURN RECEIPT REQUESTED**
**USPS® MAIL CARRIER**
**DETACH ALONG PERFORATION**

C FOLD AND TEAR THIS WAY

Return Receipt (Form 3811) Barcode

9590 9699 0430 0068 9309 59

1. Article Addressed to:

Ravindra Singh, PhD
PO Box 10526
Austin, TX 78766

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0068 9309 57

PS Form 3811, Facsimile, July 2015

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

*COMPLETE THIS SECTION ON DELIVERY*

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information

MCaswell
146044.145

Domestic Return Receipt

Thank you for using Return Receipt Service

Mary
Holli
200 (
Suite
Dalla

0002/25/20   731   FE 1310

NIXIE   731   FE 1310

NOT DELIVERABLE AS ADDRESSED
RETURN TO SENDER
UNABLE TO FORWARD



9314 7699 0430 0068 9309 57
RETURN RECEIPT REQUESTED

CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

Ravindra Singh, PhD
PO Box 10526
Austin, TX 78766



UTF

UNITED STATES POSTAGE
PITNEY BOWES
02 1P   $ 008.00°
0000900284   FEB 18 2020
MAILED FROM ZIP CODE 75201

Holland & Knight

Holland & Knight LLP
200 Crescent Court, Suite 1600
Dallas, TX 75201

Ravindra Singh, PhD
PO Box 10526
Austin, TX 78766

NIXIE          731    7E  1       0102/25/20

          RETURN TO SENDER
     NOT DELIVERABLE AS ADDRESSED
          UNABLE TO FORWARD

BC: 7520187599    2326#056163-02015



# EXHIBIT C-9

5/4/2020 11:54 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-008866
Gilberto Rios

### CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL TORRES,** | § | |
| **JON DOE, and JANE DOE,** | § | |
| | § | |
| *Defendants.* | § | **53RD JUDICIAL DISTRICT** |

### DEFENDANTS BRUCE N. HAASE AND ESA MANAGEMENT LLC'S JOINT BRIEF IN SUPPORT OF THEIR SPECIAL EXCEPTIONS

Defendants, Bruce N. Haase ("Mr. Haase") and Extended Stay America, Inc. ("ESA") (collectively, the "ESA Defendants") file this Joint Brief in Support of each of their Special Exceptions and respectfully show the Court as follows:

## I.  INTRODUCTION AND FACTS

Plaintiff Ravindra Singh ("Plaintiff" or "Mr. Singh") was refused service by an Extended Stay America branded hotel in Round Rock, Texas in December 2017 for cursing and yelling at the front desk agent while attempting to check into the hotel. Police had to be called out due to Plaintiff's aggressive behavior that evening. Plaintiff agreed to leave once police arrived. On the two year anniversary of this incident, Plaintiff filed this lawsuit, which includes numerous claims against the hotel brand's parent company (ESA) and its president and chief executive officer (Mr. Haase) in his personal capacity.

Plaintiff's Original Petition fails to meet basic procedural pleading requirements and asserts multiple causes of action against the ESA Defendants without providing fair notice of the basis of such claims. Because of these numerous deficiencies, the ESA Defendants cannot

understand the basis for Plaintiff's claims against them, ascertain the basis for or amount of damages Plaintiff seeks, or adequately develop their defenses to Plaintiff's causes of action. As a result, the ESA Defendants are unable to adequately prepare for a trial of the case.  The ESA Defendants therefore respectfully request that the Court sustain their Special Exceptions and strike Plaintiff's claims against each of them, with prejudice.  Alternatively, the ESA Defendants request that the Court order Plaintiff to replead his causes of action against them so as to give the ESA Defendants fair and adequate notice of his claims.

## II.  ARGUMENTS AND AUTHORITIES

### A.     Fair Notice Standard Under Texas Law.

If a plaintiff pleads conclusory or unspecific allegations, a special exception is the appropriate means by which to urge that the plaintiff has not pleaded a cause of action. *Albright v. Texas. Dept. of Human Servs.*, 859 S.W.2d 575, 582 (Tex. App.—Houston [1st Dist.- 1993, no writ). Under the requirements of Rule 47(a) of the Texas Rules of Civil Procedure, a petition must provide a statement of the causes of action that is sufficient to provide "fair notice" of the claims involved. Tex. R. Civ. P. 47(a). "Fair notice" means that a reasonably competent attorney is able to ascertain the nature of the controversy, the basic issues surrounding the controversy, the relevant testimony, and information sufficient to prepare a focused defense from the pleadings before him or her. *State Fidelity Mortg. Co. v. Varner*, 740 S.W.2d 477 (Tex. App.—Houston [1st Dist.] 1987, writ denied). The allegations of the petition cannot be so vague, indefinite, uncertain, and/or confusing as to prevent the preparation of a proper and focused defense. *Pearcy/Christon, Inc. v. Cutler Constr. Co.*, 601 S.W.2d 490, 492 (Tex. Civ. App.—Dallas 1980, no writ); *Townsend v. Mem'l Med. Ctr.*, 529 S.W.2d 264, 267 (Tex. Civ. App.—Corpus Christi 1975 writ ref'd n.r.e.).

Texas's fair notice standard also requires that a petition set forth allegations supporting each element of each cause of action upon which a plaintiff seeks relief. *See Sage v. Wong*, 720 S.W.2d 882, 884 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.) (holding that "a pleading is not sufficient if it fails to allege all the elements of a cause of action"). The elements must be set forth with sufficient clarity such that the court is able to discern the presence of each element of the cause(s) of action in the petition. *Cold v. Hall*, 864 s.W.2d 563, 571 (Tex. App.—Dallas 1993, writ dism'd w.o.j.) ("[t]o sufficiently allege the elements of a cause of action, the court must be able to identify each element in the petition").

**B.     Plaintiff's Original Petition Does Not Comply with Texas Rule of Civil Procedure 47 Pleading Requirements.**

Texas Rule of Civil Procedure 47 requires that all original pleadings contain ". . . (b) a statement that the damages sought are within the jurisdictional limits of the court" and a statement containing a range of the amount of monetary damages the party seeks. TEX. R. CIV. P. 47(a)-(c). These pleadings are imperative to establish jurisdiction in the court, as well as provide the opposite party notice of the financial risk the lawsuit presents for them as well as the amount of time and resources to devote to its defense and potential settlement offers.

Here, Plaintiff's Original Petition does not contain the information required by Texas rule of Civil Procedure 47.  Specifically, Plaintiff's Original Petition does not state that the damages sought are within the jurisdictional limits of the court or the amount of and type of relief sought. TEX. R. CIV. P. 47(b)-(c). As a result, the ESA Defendants cannot properly assess the Court's jurisdiction over this matter, determine the amount in controversy or offer any meaningful settlement offers.

Therefore the ESA Defendants pray the Court strike the Plaintiff's petition, absent repleading to comply with Rule 47.  In addition, pursuant to Tex. Civ. P. 47, the Court should

---

not allow Plaintiff to take any discovery from the ESA Defendants unless such pleading defect is corrected.

**C.      Plaintiff's Original Petition Does Not Give Fair Notice of His Claims Against the ESA Defendants.**

      **i.       Plaintiff's Claim for Violation of Title II of Federal Civil Rights**

Plaintiff's Original Petition alleges that all defendants violated Plaintiff's civil rights by denying him accommodations and calling the police.  Plaintiff states that he is part of a protected class due to his race; however, Plaintiff does not allege that his race was a factor in the hotel's decision to deny his accommodations and/or to call the police when he refused to leave.  Further, Plaintiff does not assert any facts connecting Mr. Haase, in his personal capacity, to any alleged violations of Plaintiff's civil rights.  Plaintiff has thus failed to give the ESA Defendants fair and adequate notice of the basis for his civil rights claim and, further, to provide any facts connecting Mr. Haase to this cause of action.  The ESA Defendants cannot properly prepare a defense to Plaintiff's civil rights cause of action due to these deficiencies.

Therefore the ESA Defendants pray the Court strike Plaintiff's Violation of Title II of Federal Civil Rights cause of action, absent repleading.

      **ii.      Plaintiff's Fair Credit Billing Act Claim**

Plaintiff entirely fails to specify in his Original Petition which provision of the Fair Credit Billing Act (the "Act") he claims the ESA Defendants  supposedly violated and the amount of the allegedly unauthorized charge on his credit card. Plaintiff also failed to plead any facts showing that he is a "creditor" under the Act and that the Act thus applies to the ESA Defendants. Plaintiff again also does not assert any facts connecting Mr. Haase, in his personal capacity, to any alleged violations of the Act.  Because of such deficiencies, it is impossible for the ESA Defendants to properly prepare a defense or gather evidence relevant to this cause of action.

Therefore the ESA Defendants pray the Court strike Plaintiff's Fair Credit Billing Act cause of action, absent repleading.

### iii.      Plaintiff's Breach of Contract Claim (Against ESA)

In order to show a breach of contract, the plaintiff must plead and prove (1) the existence of a valid and enforceable contract; (2) the plaintiff performed, tendered performance, or was excused from performing its contract obligations; (3) the defendant breached the contract; (4) and the defendant's breach caused the plaintiff injury. *New York Life Ins. Co. v. Miller*, 114 S.W.3d 114, 121 (Tex. App.—Austin 2003, no pet.). Plaintiff has not plead facts to support two of the four required elements. Specifically, Plaintiff does not describe which contract was allegedly breached, much less that such contract was with Extended Stay America, Inc.  Even if there was such a contract, Plaintiff also does not allege that he properly performed his obligations under any such contract which would entitle him to reciprocal performance from ESA. The absence of any facts to support these essential elements makes it impossible for ESA to craft a defense and gather evidence to support its defense.

This cause of action is only brought against ESA and therefore ESA prays the Court strike Plaintiff's breach of contract cause of action, absent repleading.

### iv.      Plaintiff's Texas Deceptive Trade Practices Claim

In order to show a violation of the Texas Deceptive Trade Practices Act ("DTPA"), the plaintiff must plead and prove (1) the plaintiff is a consumer; (2) the defendant can be sued under the DTPA; (3) which DTPA wrongful act the defendant committed, and (4) that the defendant's actions caused the plaintiff's damages. TEX. BUS. & COM. CODE § 17.41-17.63. Plaintiff's Original Petition does not include facts to support these required elements. First, Plaintiff does not assert that he is a "consumer" entitled to protection under the DTPA. Plaintiff also does not state which

sections of Tex. Bus. & Com. Code § 1746 that either Mr. Haase or ESA supposedly violated. Plaintiff also does not specify which actions taken by ESA or Mr. Haase supposedly violate the DTPA. There are also no allegations that would provide Plaintiff a basis to recover punitive damages he seeks. Finally, Plaintiff failed to plead that he has met all conditions precedent allowing him to sue under the DTPA, including without limitation that he presented his DTPA claim to the ESA Defendants at least sixty (60) days before filing such claim. Without such missing information, the ESA Defendants are unable to adequately prepare a defense for a trial or conduct adequate discovery into this claim.

Therefore the ESA Defendants pray the Court strike Plaintiff's Deceptive Trade Practices Claim, absent repleading.

### iv.   Plaintiff's Texas Innkeeper Code Claim (Against ESA)

Plaintiff also alleges that ESA violated the Texas Innkeeper Code, but cites only to the requirements cited within the Innkeeper Code and the criminal punishment available. It is therefore unclear what cause of action Plaintiff is asserting against ESA under the Innkeeper Code, and ESA therefore cannot properly prepare a defense to same.

This cause of action is only brought against ESA, and it prays the Court strike Plaintiff's Texas Innkeeper Code cause of action, absent repleading.

### III.   CONCLUSION AND PRAYER

Plaintiff asserts, in a conclusory fashion, multiple causes of action which are without merit. Additionally, Plaintiff fails to comply with Texas Rule of Civil Procedure 47 in regards to proper pleadings. Plaintiff fails to provide the ESA Defendants with fair notice of the facts on which he bases his allegations. Accordingly, the ESA Defendants respectfully request the Court sustain their Special Exceptions and strike Plaintiff's claims against each of them, with prejudice.

Alternatively, the ESA Defendants request that the Court order Plaintiff to plead the information required by Tex. R. Civ. P. 47 and re-plead his causes of action with adequate specificity, and in accordance with the Texas Rules of Civil Procedure, to provide the ESA Defendants with fair and adequate notice of the facts on which he bases his causes of action.

Dated: May 4, 2020                                   Respectfully submitted,

HOLLAND & KNIGHT LLP

__/s/ Kevin A. Teters_____
Kevin A. Teters
Texas Bar No. 24075678
Kevin.Teters@hklaw.com
Kelly Franklin Bagnall
Texas Bar No. 07375800
Kelly.Bagnall@hklaw.com
Morgan J. Kloeppel
Texas Bar No. 24116625
Morgan.Kloeppel@hklaw.com
200 Crescent Court
Suite 1600
Dallas, Texas 75201
Phone: (214) 964-9500
Fax: (214) 964-9501

ATTORNEYS FOR DEFENDANTS
EXTENDED STAY AMERICA, INC. AND
BRUCE N. HAASE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4, 2020, a true and correct copy of the foregoing was served via electronic mail, First Class U.S. mail, and certified mail, return receipt requested, on Plaintiff, Ravindra Singh, at:

Ravindra Singh, Ph. D.
P.O. Box 10526
Austin, Texas 78766
excion_2000@yahoo.com

# EXHIBIT C-10

5/4/2020 11:54 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-008866
Gilberto Rios

## CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants*. | § | 53RD JUDICIAL DISTRICT |

### DEFENDANT BRUCE N. HAASE'S BRIEF
### IN SUPPORT OF HIS SPECIAL APPEARANCE

Defendant, Bruce N. Haase ("Defendant" or "Mr. Haase") files this Brief in Support of his Special Appearance and respectfully shows the court as follows:

### I.   INTRODUCTION AND FACTS

1.    Defendant Bruce N. Haase specially appears pursuant to Texas Rule of Civil Procedure 120a due to a lack of personal jurisdiction (referred to as the "**Special Appearance**"). Mr. Haase has never personally interacted with Plaintiff, Ravindra Singh ("**Plaintiff**" or "**Mr. Singh**"). In fact, according to Plaintiff's Original Petition, Mr. Haase's only connection to this case is that he happens to be the current President and Chief Executive Officer of Defendant, Extended Stay America, Inc. Mr. Haase is not a resident of Texas and does not have any contacts with Texas. Mr. Hasse submitted an affidavit with his Original Answer (attached thereto as its **Exhibit A** and incorporated herein by reference) to establish that he is not a resident of the state.

2.    Texas courts do not have jurisdiction over Mr. Haase because he lacks the "minimum contacts" with Texas that the U.S. Constitution, Texas Constitution, and other applicable laws require to justify the exercise of personal jurisdiction over a nonresident.

---

Accordingly, all of the claims and causes of action asserted by Ravindra Singh ("**Plaintiff**" or "**Mr. Singh**") in this forum must be dismissed. Further, Plaintiff has not carried his burden of pleading sufficient jurisdictional facts to establish Mr. Haase's minimum contacts with the state.

3.      Mr. Haase filed his Special Appearance concurrently with his Special Exceptions and Answer, which were filed subject to this Special Appearance. Mr. Haase has requested a hearing on his Special Appearance before a hearing on any other motion, pleading, or other filing.

## II.   ARGUMENTS AND AUTHORITIES

4.      Texas courts may exercise jurisdiction over a nonresident defendant only where two conditions are satisfied: (1) the Texas long-arm statute authorizes the exercise of jurisdiction; and (2) the exercise of jurisdiction is consistent with federal and state constitutional guarantees of due process. *Baldwin v. Household Int'l, Inc.*, 36 S.W.3d 273, 276 (Tex. App.—Houston[14th Dist.] 2001, not pet.) (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex. 1990). The Texas long-arm statute governs Texas courts' exercise of jurisdiction over nonresident defendants. *See* TEX. CIV. PRAC. & REM. CODE §§ 17.041-45. The Texas Civil Practice and Remedies Code permits Texas courts to exercise jurisdiction over a nonresident defendant that "does business" in Texas, and the statute identifies some activities that constitute "doing business."[1] *Id.* at § 17.042.

5.      In addition, the plaintiff must plead sufficient allegations to bring a foreign defendant within the provisions of the Texas long-arm statute. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002). Unless the plaintiff meets that burden, the defendant has no obligation to negate the jurisdictional bases pleaded by the plaintiff. *Id.*

---

[1]  The Texas Civil Practice & Remedies Code provides that the following examples as activities that constitute "doing business" in Texas:  (1) contracting by mail or otherwise with a Texas resident when the other party is to perform the contract in whole or in part in this state; (2) committing a tort in whole or in part in this state; or (3) recruiting Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state. TEX. CIV. PRAC. & REM. CODE §§ 17.042.

6.      The Texas long-arm statute permits the exercise of jurisdiction to only reach as far as due process under the United States Constitution will allow. TEX. CIV. PRAC. & REM. CODE § 17.042; *see also Baldwin*, 36 S.W.3d at 276. Therefore, the plaintiff must not only plead sufficient allegations under the Texas long-arm statute, the jurisdictional facts alleged by plaintiff must also bea consistent with federal constitutional requirements for due process. *Id*. Because of this, Texas Courts "rely on precedent from the United States Supreme Court and other federal courts, as well as [Texas] decisions, in determining whether a non-resident defendant has met its burden to negate all bases of jurisdiction." *BMC Software*, 83 S.W.3d at 795.

7.      To comply with the due process rights guaranteed by the U.S. and Texas Constitutions, a court cannot exercise personal jurisdiction unless the defendant has (1) minimum contacts with the forum state; and (2) the exercise of jurisdiction comports with traditional notions of fairy play and substantial justice. *Id*. A foreign court cannot exercise jurisdiction over a person merely on the basis of random, fortuitous, or attenuated contacts. *Id*. Rather, a defendant must purposefully avail itself of the privileges and benefits of conduction business in the forum state. *Id*.

8.      The requisite minimum contacts vary depending upon whether the plaintiff asserts specific or general jurisdiction. *Id*. at 795-96. Specific jurisdiction only exists when the defendant's alleged liability arises from, or is related to, an activity conducted within the form state. *Id*. at 796. In contrast, general jurisdiction allows the court to exercise personal jurisdiction regardless of whether the cause of action arises out of the defendant's activities in Texas, but general jurisdiction exists only where the defendant's contacts are continuous and systematic. *Id*.

9.      Here, Plaintiff failed to allege in his Original Petition **any** basis of jurisdiction— specific or general—over Mr. Haase.  For this reason, and because Mr. Haase does not have

minimum contacts sufficient for this Court to establish either specific or general jurisdiction over him, the Court must grant Mr. Haase's Special Appearance and dismiss Plaintiff's claims against him.

**A.  Mr. Haase is Not Subject to Personal Jurisdiction in Texas.**

10.     Mr. Haase is a resident of the state of Maryland. Exhibit A ¶ 3.  He does not own property in Texas or maintain an office or residence in Texas. Exhibit A ¶ 5.  Texas courts do not have jurisdiction over Mr. Haase, a nonresident defendant, because he has not purposefully established "minimum contacts" with Texas and the court's exercise of jurisdiction over him does not comport with "fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985); *Moki Mac River Expeditions v. Druff*, 221 S.W.3d 569, 575-76 (Tex. 2007); *BMC Software*, 83 S.W.3d at 795; *Guardian Royal Exch. Assurance, Ltd. v. Enflish China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

11.     As stated above, personal jurisdiction would only exist if Mr. Haase's minimum contacts give rise to either specific or general jurisdiction. *BMC Software*, 83 S.W.3d at 795. Specific Jurisdiction exists only if Mr. Haase's alleged liability arises from or is related to an activity he conducted in Texas. *Id.* at 796. General jurisdiction would only exist over Mr. Haase if his personal contacts with Texas are so continuous and systematic that Texas courts may exercise personal jurisdiction over him even if the cause of action did not arise from or relate to his activities conducted within Texas. *Id.*

**i.  Mr. Haase does not have minimum contacts with the State of Texas.**

12.     Mr. Haase (1) did not purposefully avail himself of the privilege of conducting activities within Texas; and (2) any contacts he may have had with Texas do not give rise to

specific or general jurisdiction. *See Moki Mac*, 221 S.W.3d at 575-76; *BMC Software*, 83 S.W.3d at 795-96.

13.     To establish purposeful availment, the defendant's acts must be purposeful rather than random, isolated, or fortuitous, and the defendant must have sought some benefit, advantage, or profit in availing of Texas jurisdiction. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338–39 (Tex. 2009); *IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 596 (Tex. 2007); *Moki Mac*, 221 S.W.3d at 575; *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005).

14.     Mr. Haase has not—and Plaintiff has not alleged that he—purposefully availed himself of the privilege of conducting activities within Texas. In fact, Plaintiff has not asserted that Mr. Haase has *personally* conducted any activities within Texas.  Mr. Haase is a resident of Maryland. He also works and owns property in North Carolina. *See* Exhibit A, ¶ 3. He is not a resident of Texas and has never lived in Texas. *Id*. at  ¶ 5. Nor has he ever worked in Texas or personally engaged in business in Texas. *Id*. Mr. Haase has in no way, personally or professionally, purposefully availed himself to the jurisdiction of Texas.

**ii.  Texas Courts have no specific jurisdiction over Mr. Haase.**

15.     Texas courts cannot exercise specific jurisdiction over a nonresident defendant unless the plaintiff's causes of action result in injuries that are alleged to arise out of or relate to the defendant's contacts with Texas. *Kelly v. Gen. Interior Constr.*, 301 S.W>3d 653, 659 (Tex. 2010); *National Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 772 (Tex. 1995); *Scholbohm v. Schapiro*, 784 S.W.2d 355, 358 (Tex. 1990); *see Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.8 (1984).

16.    Here, Plaintiff makes no allegations in support of jurisdiction over Mr. Haase. The only procedural pleadings included in the Petition are the names of the defendants, where the defendants (allegedly) can be served, and a venue statement. Nowhere in the Petition does Mr. Singh allege how Mr. Haase has purposefully availed himself of jurisdiction in Texas.  In fact, Mr. Singh does not describe in his Original Petition any action taken by Mr. Haase with respect to him or his claims. This complete lack of jurisdictional pleading fails to meet the Plaintiff's burden of establishing jurisdiction. Moreover, Mr. Sing's alleged injuries do not stem from any contacts Mr. Haase has with Texas; they all relate to alleged actions taken by a front desk associate and two general managers at two Extended Stay America-branded hotels in the Austin, Texas area. Therefore, this court has no personal jurisdiction over Mr. Haase.

17.    Further, foreseeability is an essential consideration in deciding whether a nonresident defendant has purposefully established minimum contacts with Texas. *BMC Software*, 83 S.W.3d at 795. It is not enough that Mr. Singh alleges an injury or effect in Texas, as stated in his Original Petition; Mr. Singh must instead allege that Mr. Haase purposefully directed activities towards Texas and those activities resulted in an injury. Mr. Singh has not, and cannot, satisfy this burden.

### iii.  Texas courts have no general jurisdiction over Mr. Haase.

18.    Texas courts cannot exercise general jurisdiction over a nonresident defendant unless the defendant has continuous and systematic contacts with Texas. *PHC Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 169 (Tex. 2007). The minimum contacts analysis for general jurisdiction is more demanding than that for specific jurisdiction and requires a showing of substantial activities within Texas. *Riviera Operating Corp. v. Dawson*, 29 S.W.3d 905, 909

(Tex. App.—Beaumont 2000, pet. denied). Texas courts do not have general jurisdiction over Mr. Haase because he has not had continuous and systemic contacts with Texas.

19.    Mr. Haase is a resident of Maryland and works in North Carolina. *See* Exhibit A ¶ 3. He is not a resident of Texas and has never lived in Texas. Nor has he ever worked in Texas or personally engaged in business in Texas. Moreover, he has never:

a.  Personally recruited Texas residents for employment inside or outside of Texas;

b.  Maintained an office, mailing address, or telephone number in Texas;

c.  Owned, leased, rented, or controlled any real or personal property in Texas;

d.  Maintained accounts at either savings and loan associations or banks in Texas; or

e.  Committed any tort, in whole or in part, within Texas.

Mr. Haase should not be subject to this Court's general jurisdiction because he has not purposefully availed himself of the State of Texas in any way.  Further, there is no basis for jurisdiction plead in the Plaintiff's Original Petition.

### iv. The Court does not need to consider fair play and due process concerns because no basis for personal jurisdiction exists.

20.    Even if a nonresident defendant has minimum contacts with Texas, the Court's assertion of jurisdiction must also comport with traditional notions of fair play and substantial justice. *Conner v. ContiCarriers and Terminals, Inc.*, 944 S.W.2d 405, 411 (Tex. App.—Houston[14th Dist.] 1997, no writ). Given the absence of both general and specific jurisdiction over Mr. Haase in Texas however, this Court need not consider whether the assertion of jurisdiction comports with traditional principles of fair play and substantial justice. *See Burger King*, 417 U.S. at 476. The Court should not reach the consideration of fair play and substantial justice because Mr. Singh has not established the requisite minimum contacts between Mr. Haase and Texas.

21.    But even if such minimum contacts could be established, fair play and substantial justice would not permit this Court to assert jurisdiction over Mr. Haase. Because Mr. Haase lives and works on the East Coast, litigating this dispute in Texas would place a significant burden and expense on Mr. Haase to travel to Texas for depositions, hearings, and an appearance at trial. [ANYTHING ELSE WE CAN ADD]?

### III.   PRAYER

WHEREFORE, Defendant Bruce N. Haase asks the Court to resolve his Special Appearance without a hearing, based on the pleadings, briefings and affidavits on file, sustain the Special Appearance, and enter a final judgment dismissing Plaintiff Ravinda Singh's causes of action against him.

Dated:  May 4, 2020

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

___/s/ Kevin A. Teters_____
Kevin A. Teters
Texas Bar No. 24075678
Kevin.Teters@hklaw.com
Kelly Franklin Bagnall
Texas Bar No. 07375800
Kelly.Bagnall@hklaw.com
Morgan J. Kloeppel
Texas Bar No. 24116625
Morgan.Kloeppel@hklaw.com
200 Crescent Court
Suite 1600
Dallas, Texas 75201
Phone: (214) 964-9500
Fax: (214) 964-9501

**ATTORNEYS FOR DEFENDANT**
**BRUCE N. HAASE**


## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2020, a true and correct copy of the foregoing was served via electronic mail, First Class U.S. mail, and certified mail, return receipt requested, on Plaintiff, Ravindra Singh, at:

Ravindra Singh, Ph. D.
P.O. Box 10526
Austin, Texas 78766
excion_2000@yahoo.com

CAUSE NO. D-1-GN-008866

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL TORRES,** | § | |
| **JON DOE, and JANE DOE,** | § | |
| | § | |
| *Defendants*. | § | **53RD JUDICIAL DISTRICT** |

## ORDER ON DEFENDANT BRUCE N. HAASE'S SPECIAL APPEARANCE

On this day, the Court considered Defendant Bruce N. Haase's Special Appearance, and the Court, after considering the parties' pleadings and arguments, is of the opinion that Defendant Bruce N. Haase's Special Appearance should be GRANTED. It is therefore:

ORDERED that Defendant Bruce N. Haase's Special Appearance is GRANTED. This case is hereby DISMISSED for lack of personal jurisdiction.

Signed this the _____ day of May, 2020.

_____
JUDGE PRESIDING

# EXHIBIT C-11

5/11/2020 3:16 PM
**Velva L. Price
District Clerk
Travis County
D-1-GN-19-008866
Irene Silva**

**CAUSE NO. D-1-GN-19-008866**

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL TORRES,** | § | |
| **JON DOE, and JANE DOE,** | § | |
| | § | |
| *Defendants.* | § | **53RD JUDICIAL DISTRICT** |

## DEFENDANTS BRUCE N. HAASE AND EXTENDED STAY AMERICA, INC.'S FIRST AMENDED JOINT BRIEF IN SUPPORT OF THEIR SPECIAL EXCEPTIONS

Defendants, Bruce N. Haase ("Mr. Haase") and Extended Stay America, Inc. ("ESA") (collectively, the "ESA Defendants") file this First Amended Joint Brief in Support of each of their Special Exceptions[1] and respectfully show the Court as follows:

## I. INTRODUCTION AND FACTS

Plaintiff Ravindra Singh ("Plaintiff" or "Mr. Singh") was refused service by an Extended Stay America branded hotel in Round Rock, Texas in December 2017 for cursing and yelling at the front desk agent while attempting to check into the hotel. Police had to be called out due to Plaintiff's aggressive behavior that evening. Plaintiff agreed to leave once police arrived. On the two year anniversary of this incident, Plaintiff filed this lawsuit, which includes numerous claims against the hotel brand's parent company (ESA) and its president and chief executive officer (Mr. Haase) in his personal capacity.

---

[1] This First Amended Brief is intended to replace the document titled "Defendants Bruce N. Haase and ESA Management, LLC's Joint Brief in Support of their Special Exceptions" which mistakenly identified ESA Management, LLC—instead of Extended Stay America, Inc.—as one of the defendants and as one of the filers of the brief. This amended brief is to correct this mistake and confirm that is filed on behalf of Extended Stay America, Inc. (not on behalf of ESA Management, LLC, which is not a party to this lawsuit).

---

Plaintiff's Original Petition fails to meet basic procedural pleading requirements and asserts multiple causes of action against the ESA Defendants without providing fair notice of the basis of such claims. Because of these numerous deficiencies, the ESA Defendants cannot understand the basis for Plaintiff's claims against them, ascertain the basis for or amount of damages Plaintiff seeks, or adequately develop their defenses to Plaintiff's causes of action. As a result, the ESA Defendants are unable to adequately prepare for a trial of the case.  The ESA Defendants therefore respectfully request that the Court sustain their Special Exceptions and strike Plaintiff's claims against each of them, with prejudice.  Alternatively, the ESA Defendants request that the Court order Plaintiff to replead his causes of action against them so as to give the ESA Defendants fair and adequate notice of his claims.

## II.   ARGUMENTS AND AUTHORITIES

### A.      Fair Notice Standard Under Texas Law.

If a plaintiff pleads conclusory or unspecific allegations, a special exception is the appropriate means by which to urge that the plaintiff has not pleaded a cause of action. *Albright v. Texas. Dept. of Human Servs.*, 859 S.W.2d 575, 582 (Tex. App.—Houston [1st Dist.- 1993, no writ). Under the requirements of Rule 47(a) of the Texas Rules of Civil Procedure, a petition must provide a statement of the causes of action that is sufficient to provide "fair notice" of the claims involved. Tex. R. Civ. P. 47(a). "Fair notice" means that a reasonably competent attorney is able to ascertain the nature of the controversy, the basic issues surrounding the controversy, the relevant testimony, and information sufficient to prepare a focused defense from the pleadings before him or her. *State Fidelity Mortg. Co. v. Varner*, 740 S.W.2d 477 (Tex. App.—Houston [1st Dist.] 1987, writ denied). The allegations of the petition cannot be so vague, indefinite, uncertain, and/or confusing as to prevent the preparation of a proper and focused defense. *Pearcy/Christon, Inc. v.*

*Cutler Constr. Co.*, 601 S.W.2d 490, 492 (Tex. Civ. App.—Dallas 1980, no writ); *Townsend v. Mem'l Med. Ctr.*, 529 S.W.2d 264, 267 (Tex. Civ. App.—Corpus Christi 1975 wirt ref'd n.r.e.).

Texas's fair notice standard also requires that a petition set forth allegations supporting each element of each cause of action upon which a plaintiff seeks relief. *See Sage v. Wong*, 720 S.W.2d 882, 884 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.) (holding that "a pleading is not sufficient if it fails to allege all the elements of a cause of action"). The elements must be set forth with sufficient clarity such that the court is able to discern the presence of each element of the cause(s) of action in the petition. *Cold v. Hall*, 864 s.W.2d 563, 571 (Tex. App.—Dallas 1993, writ dism'd w.o.j.) ("[t]o sufficiently allege the elements of a cause of action, the court must be able to identify each element in the petition").

## B.    Plaintiff's Original Petition Does Not Comply with Texas Rule of Civil Procedure 47 Pleading Requirements.

Texas Rule of Civil Procedure 47 requires that all original pleadings contain ". . . (b) a statement that the damages sought are within the jurisdictional limits of the court" and a statement containing a range of the amount of monetary damages the party seeks. TEX. R. CIV. P. 47(a)-(c). These pleadings are imperative to establish jurisdiction in the court, as well as provide the opposite party notice of the financial risk the lawsuit presents for them as well as the amount of time and resources to devote to its defense and potential settlement offers.

Here, Plaintiff's Original Petition does not contain the information required by Texas rule of Civil Procedure 47.  Specifically, Plaintiff's Original Petition does not state that the damages sought are within the jurisdictional limits of the court or the amount of and type of relief sought. TEX. R. CIV. P. 47(b)-(c). As a result, the ESA Defendants cannot properly assess the Court's jurisdiction over this matter, determine the amount in controversy or offer any meaningful settlement offers.

Therefore the ESA Defendants pray the Court strike the Plaintiff's petition, absent repleading to comply with Rule 47. In addition, pursuant to Tex. R. Civ. P. 47, the Court should not allow Plaintiff to take any discovery from the ESA Defendants unless such pleading defect is corrected.

**C.    Plaintiff's Original Petition Does Not Give Fair Notice of His Claims Against the ESA Defendants.**

**i.    Plaintiff's Claim for Violation of Title II of Federal Civil Rights**

Plaintiff's Original Petition alleges that all defendants violated Plaintiff's civil rights by denying him accommodations and calling the police. Plaintiff states that he is part of a protected class due to his race; however, Plaintiff does not allege that his race was a factor in the hotel's decision to deny his accommodations and/or to call the police when he refused to leave. Further, Plaintiff does not assert any facts connecting Mr. Haase, in his personal capacity, to any alleged violations of Plaintiff's civil rights. Plaintiff has thus failed to give the ESA Defendants fair and adequate notice of the basis for his civil rights claim and, further, to provide any facts connecting Mr. Haase to this cause of action. The ESA Defendants cannot properly prepare a defense to Plaintiff's civil rights cause of action due to these deficiencies.

Therefore the ESA Defendants pray the Court strike Plaintiff's Violation of Title II of Federal Civil Rights cause of action, absent repleading.

**ii.    Plaintiff's Fair Credit Billing Act Claim**

Plaintiff entirely fails to specify in his Original Petition which provision of the Fair Credit Billing Act (the "Act") he claims the ESA Defendants supposedly violated and the amount of the allegedly unauthorized charge on his credit card. Plaintiff also failed to plead any facts showing that he is a "creditor" under the Act and that the Act thus applies to the ESA Defendants. Plaintiff again also does not assert any facts connecting Mr. Haase, in his personal capacity, to any alleged

violations of the Act.  Because of such deficiencies, it is impossible for the ESA Defendants to properly prepare a defense or gather evidence relevant to this cause of action.

Therefore the ESA Defendants pray the Court strike Plaintiff's Fair Credit Billing Act cause of action, absent repleading.

### iii.   Plaintiff's Breach of Contract Claim (Against ESA)

In order to show a breach of contract, the plaintiff must plead and prove (1) the existence of a valid and enforceable contract; (2) the plaintiff performed, tendered performance, or was excused from performing its contract obligations; (3) the defendant breached the contract; (4) and the defendant's breach caused the plaintiff injury. *New York Life Ins. Co. v. Miller*, 114 S.W.3d 114, 121 (Tex. App.—Austin 2003, no pet.). Plaintiff has not plead facts to support two of the four required elements. Specifically, Plaintiff does not describe which contract was allegedly breached, much less that such contract was with Extended Stay America, Inc.  Even if there was such a contract, Plaintiff also does not allege that he properly performed his obligations under any such contract which would entitle him to reciprocal performance from ESA. The absence of any facts to support these essential elements makes it impossible for ESA to craft a defense and gather evidence to support its defense.

This cause of action is only brought against ESA and therefore ESA prays the Court strike Plaintiff's breach of contract cause of action, absent repleading.

### iv.   Plaintiff's Texas Deceptive Trade Practices Claim

In order to show a violation of the Texas Deceptive Trade Practices Act ("DTPA"), the plaintiff must plead and prove (1) the plaintiff is a consumer; (2) the defendant can be sued under the DTPA; (3) which DTPA wrongful act the defendant committed, and (4) that the defendant's actions caused the plaintiff's damages. TEX. BUS. & COM. CODE § 17.41-17.63. Plaintiff's Original

Petition does not include facts to support these required elements. First, Plaintiff does not assert that he is a "consumer" entitled to protection under the DTPA. Plaintiff also does not state which sections of Tex. Bus. & Com. Code § 1746 that either Mr. Haase or ESA supposedly violated. Plaintiff also does not specify which actions taken by ESA or Mr. Haase supposedly violate the DTPA. There are also no allegations that would provide Plaintiff a basis to recover punitive damages he seeks. Finally, Plaintiff failed to plead that he has met all conditions precedent allowing him to sue under the DTPA, including without limitation that he presented his DTPA claim to the ESA Defendants at least sixty (60) days before filing such claim. Without such missing information, the ESA Defendants are unable to adequately prepare a defense for a trial or conduct adequate discovery into this claim.

Therefore the ESA Defendants pray the Court strike Plaintiff's Deceptive Trade Practices Claim, absent repleading.

### iv.    Plaintiff's Texas Innkeeper Code Claim (Against ESA)

Plaintiff also alleges that ESA violated the Texas Innkeeper Code, but cites only to the requirements cited within the Innkeeper Code and the criminal punishment available. It is therefore unclear what cause of action Plaintiff is asserting against ESA under the Innkeeper Code, and ESA therefore cannot properly prepare a defense to same.

This cause of action is only brought against ESA, and it prays the Court strike Plaintiff's Texas Innkeeper Code cause of action, absent repleading.

### III.   CONCLUSION AND PRAYER

Plaintiff asserts, in a conclusory fashion, multiple causes of action which are without merit. Additionally, Plaintiff fails to comply with Texas Rule of Civil Procedure 47 in regards to proper pleadings. Plaintiff fails to provide the ESA Defendants with fair notice of the facts on which he

bases his allegations. Accordingly, the ESA Defendants respectfully request the Court sustain their Special Exceptions and strike Plaintiff's claims against each of them, with prejudice. Alternatively, the ESA Defendants request that the Court order Plaintiff to plead the information required by Tex. R. Civ. P. 47 and re-plead his causes of action with adequate specificity, and in accordance with the Texas Rules of Civil Procedure, to provide the ESA Defendants with fair and adequate notice of the facts on which he bases his causes of action.

Dated: May 11, 2020

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

_/s/ Kevin A. Teters_
Kevin A. Teters
Texas Bar No. 24075678
Kevin.Teters@hklaw.com
Kelly Franklin Bagnall
Texas Bar No. 07375800
Kelly.Bagnall@hklaw.com
Morgan J. Kloeppel
Texas Bar No. 24116625
Morgan.Kloeppel@hklaw.com
200 Crescent Court
Suite 1600
Dallas, Texas 75201
Phone: (214) 964-9500
Fax: (214) 964-9501

**ATTORNEYS FOR DEFENDANTS EXTENDED STAY AMERICA, INC. AND BRUCE N. HAASE**

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020, a true and correct copy of the foregoing was served via electronic mail, First Class mail, and Express mail, on Plaintiff, Ravindra Singh, at:

Ravindra Singh, Ph. D.
P.O. Box 10526
Austin, Texas 78766
excion_2000@yahoo.com

    /s/ Morgan J. Kleoppel
Morgan J. Kleoppel

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Caswell on behalf of Kevin Teters
Bar No. 24075678
mary.caswell@hklaw.com
Envelope ID: 42887079
Status as of 05/11/2020 15:24:54 PM -05:00

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Caswell | | mary.caswell@hklaw.com | 5/11/2020 3:16:33 PM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 5/11/2020 3:16:33 PM | SENT |
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 5/11/2020 3:16:33 PM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 5/11/2020 3:16:33 PM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 5/11/2020 3:16:33 PM | SENT |
| David Schulte | 24037456 | David.Schulte@hklaw.com | 5/11/2020 3:16:33 PM | SENT |

# EXHIBIT C-12

5/19/2020 2:47 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-008866
Irene Silva

# Holland & Knight

200 Crescent Court, Suite 1600 | Dallas, TX 75201 | T 214.964.9500 | F 214.964.9501
Holland & Knight LLP | www.hklaw.com

Kelly F. Bagnall
(214) 964-9462
kelly.bagnalll@hklaw.com

May 19, 2020

_**Via Electronic Filing**_
Hon. Scott H. Jenkins
53rd Judicial District Court
1000 Guadalupe, 4th Floor
Austin, TX 78701

> Re: **Cause No. DC-1-GN-19-008866;** *Ravindra Singh v. Extended Stay America Inc., Bruce N. Haase, Murray Tyler, Brian Morgan, Crystal Torres, Jon Doe, and Jane Doe*, in the 53rd Judicial District Court of Travis County, Texas

Dear Hon. Judge Jenkins:

On February 18, 2020, (i) Defendant Bruce N. Haase filed a special appearance, and subject thereto, special exceptions and an answer, and (ii) Defendant Extended Stay America, Inc. filed special exceptions and an answer. Briefs in support of the special appearance and special exceptions were filed on May 4, 2020. An amended (corrected) brief in support of the special exceptions was filed on May 11, 2020.

We have been attempting to secure the availability of Plaintiff Ravindra Singh for a hearing on these matters since April 2, 2020. In light of difficulties we experienced, we contacted the Court via email on May 4 and May 15, 2020, requesting that these matters be set for hearing. Ms. Gould advised that the issues would be decided on submission after the parties agreed on a submission deadline, and that if the parties could not agree on a deadline, the Court would set one for them. We have since attempted to reach an agreement with Mr. Singh relative to a schedule for the special appearance and special exceptions to be considered by the Court on submission.

The parties have unfortunately not been able to come to an agreement on a submission schedule, and Mr. Singh has refused to cooperate on a reasonable submission deadline. Mr. Singh has requested that the submission date be delayed until 60 days after

Anchorage | Atlanta | Austin | Bogotá | Boston | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Mexico City | Miami | New York | Northern Virginia | Orlando | Portland | San Francisco | Tallahassee
Tampa | Washington, D.C. | West Palm Beach

53rd Judicial District Court
May 19, 2020
Page 2


Kevin Teters, one of Defendants' attorneys, returns from paternity leave. This would require Defendants to wait nearly 90 days before the Court addresses and resolves these threshold matters of personal jurisdiction and the sufficiency of Mr. Singh's pleading. And, Mr. Teters' absence is not an impediment to moving forward in this case; Defendants have other counsel (including myself, as lead counsel) who are handling this case in Mr. Teters' absence.  Also, Mr. Singh has expressed concerns about his ability to adequately research his response under the current circumstances occasioned by COVID-19, including library closures. We have reminded Mr. Singh that the Travis County Law Library is providing free access to online research services through May 31, 2020 (https://lawlibrary.traviscountytx.gov/research-links).


Defendants do not believe they should have to wait some 90 days for the Court to resolve these matters.  We respectfully request that the Court set Mr. Haase's special appearance and Defendants' special exceptions for submission on a date within the next two (2) weeks, or on such other date the Court deems appropriate under the circumstances.


Sincerely,

Kelly F. Bagnall


cc:   Ravindra Singh *(via e-service, email (excion_2000@yahoo.com), express mail, first class mail, and drop box)*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 43089951
Status as of 05/19/2020 14:57:44 PM -05:00

Associated Case Party: Extended Stay America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schulte | 24037456 | David.Schulte@hklaw.com | 5/19/2020 2:47:22 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Caswell | | mary.caswell@hklaw.com | 5/19/2020 2:47:22 PM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 5/19/2020 2:47:22 PM | SENT |
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 5/19/2020 2:47:22 PM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 5/19/2020 2:47:22 PM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 5/19/2020 2:47:22 PM | SENT |

# EXHIBIT C-13

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH | § | IN THE DISTRCICT COURT |
|     **Plaintiff** | § | |
| **v.** | § | |
| | § | |
| EXTENDED STAY AMERICA, | § | |
| BRUCE HAASE, | § | TRAVIS COUNTY, TEXAS |
| MURRAY TYLER, | § | |
| BRIAN MORGAN, | § | |
| CRYSTAL TORRES, | § | |
| JON DOE, | § | |
| JANE DOE | § | 53RD JUDICIAL DISTRICT |
|     **Defendants** | § | |

**PLAINTIFF RAVINDRA SINGH, PH.D.'S MOTION TO COMPEL DEFENDANTS EXTENDED STAY AMERICA, INC. AND BRUCE HAASE TO DISCLOSE UNDER TEXAS RULES OF CIVIL PROCEDURE 190.2(B)(6):**
**(A)IDENTITIES OF ITS SUBSIDIARY ESA MANAGEMENT, LLC. AND ITS CORPORATE OFFICERS;**
**(B) IDENTITIES THE GENERAL MANAGER , ASSISTANT MANAGER AND DISTRICT MANAGER OF the EXTENDED STAY AMERICA HOTEL – ROUND ROCK SOUTH ; AND**
**(C) SURVEILLANCE FOOTAGE OF THE SAID HOTEL LOBBY AND OFFICIAL INVESTIGATION REPORT AND RELATED HOTEL POLICIES AND PROCEDURE MANUAL**

COMES NOW Plaintiff Ravindra Singh, Ph.D. pro se, and respectfully moves the Hon. Court

for entry of an Order compelling, Defendants Extended Stay America, Inc. and Bruce Haase ("ESA

Parent Defendants") to disclose certain information concerning identities of entities and

individuals related to the ownership, operation and management of subject hotels at issue in this

action and in support says as follows:

I.    INTRODUCTION AND FACTS

This action arose out of an incident that occurred on New Year Eve, December 31, 2017 at the

Extended Stay America - Round Rock South hotel located at 16950 N Interstate Hwy 35, Austin,

[1]

TX 78728. Pursuant to a "guaranteed reservation" at the hotel, Defendant refused to accept him as a guest without justification. Defendant Murray Tyler charged Plaintiff's VISA card but refused to provide registration ticket for the room despite Plaintiff's request for same. Additionally, Tyler did not verbally notified Plaintiff of the amount charged. Instead Defendant Tyler gave Plaintiff a phone number to a porn service to call. When Plaintiff complained to the Extended Stay Corporate Guest Services, Defendant Tyler, working in concert with the hotel's General Manager evicted Plaintiff aided by Round Rock police officer without ever asking him to leave by making a 911 call by falsely claiming that Plaintiff was being aggressive and hurling profanities and threatening him. Round Rock police arrived at the lobby while Plaintiff was still on the phone with the Extended Stay America Guest Services (Corporate Line). Plaintiff left the hotel promptly and without incident after the police officer asked Plaintiff to leave. Police report shows only that Plaintiff was refused service. Extended Stay America Round Rock South General Manager without justification trespassed Plaintiff from all Extended Stay America hotels (over six hundred across United States) via Extended Stay America corporate computer system refusing Plaintiff to accept as guest and denying him his right to accommodation guaranteed by US and Texas Constitutions and laws permanently. Plaintiff is a member of a protected class on account of his race, color, religion and national origin. Plaintiff is of Indian national origin and is classified as Asian under US and Texas racial classifications.

Several months after the Extended Stay Round Rock – South incident, in April 2018 Plaintiff was a guest at Defendant Extended Stay America hotel located at 2700 Gracy Farms Lane, Austin, TX 78758 pursuant to his reservation via Extended Stay America on-line reservation system. Defendant Brian Morgan, a General Manager at the Gracy Farm Lane hotel, refused to accept him as a guest for an additional day on account of his trespass notification in computer system and

threated him to call police on him if he did not leave the hotel immediately causing Plaintiff

immense humiliation. When Plaintiff asked Defendant Morgan why the hotel accepted him for his

two-night stay that just ended, Defendant Morgan told Plaintiff "it was a mistake" and that Plaintiff

should not have been allowed to check in. Plaintiff was not notified, has not been notified in any

manner – via email or letter that he has been trespassed and not welcome at Extended Stay America

hotels. In fact, Extended Stay America has saved Plaintiff's email in its database and used it for

marketing purposes for its hotels and its affiliates services through co-op agreements. It has

contacted Plaintiff over one hundred 130 times – that is more than once every week with offers to

solicit his business since the incidence while it keeps him on blacklisted status. As a result of being

blacklisted Plaintiff has stopped to book a room with Extended Stay hotels since the incident at

Extended Stay America Gracie Farm Lane hotel in April 2018.


Defendants Extended Stay America, Inc. and Bruce Haase have moved the Court for dismissal

of the claim against them contending that they are not accountable any act or omission of their

wholly owned subsidiary Extended Stay Management LLC. They claim that only Extended Stay

Management LLC is responsible because then manage the day-to-day operation of the hotels at

issue and that Defendants Murray Tyler and Brian Morgan are not their employees, agents or

representative. Furthermore, while Defendants contend that Extended Stay America LLC is the

proper party they refuse to provide the identities of corporate officers or General Manager of the

Extended Stay America Round Rock South hotel at the time – but is not employed at that location

anymore - whose conduct is at the center of this controversy, thus in effect causing delay in moving

Plaintiff to amend the complaint to replace the unidentified John Doe /Jane Doe defendants with

proper party (the General Manager). In addition, Defendant Bruce Haase has moved the Court

[3]

special exception and special appearance contending that he should be dismissed because he is improperly named in his personal capacity only, and lacks minimum contact with state of Texas court to properly exercise jurisdiction over him. Defendants also contend, albeit erroneously that all claims except claim for violation of contract are barred by statute of limitation or they lack specificity and should be dismissed.  Plaintiff believes these contentions lack merit. It is well established in federal jurisprudence that a complaint by pro se Plaintiff should not be held to the same standard as artfully drafted as by an attorney. Texas courts have routinely found federal rules to be persuasive. In any event, Plaintiff should be granted an opportunity to amend his complaint to cure his pleading as Defendants themselves have stated. Defendants have refused to disclose information Plaintiff is entitled to, and are engaged in gamesmanship to take unfair advantage of Plaintiff's knowledge of Court Rules. Therefore, Plaintiff request the Hon. Court to grant his request and enter an order to compel disclosure. Plaintiff also asks the Hon. Court to grant him leave to amend his complaint to name proper parties as defendants after Defendants have complied fully with the disclosure requested. Furthermore, Plaintiff asks the Court to withhold hearing on Defendant Bruce Haase's special appearance and special exception until Plaintiff has an opportunity to properly respond. Plaintiff is unable to properly respond until he has access to Travis County Law Library which is currently closed due to COVID-19 pandemic. Plaintiff asks that he be permitted at least 30 day time after the library is fully open to public. Applicable Court rules require a party to make submissions only after doing due diligence. Plaintiff is not trained in law and requires sufficient time. There is no reason to believe that Defendant Haase will be unduly prejudiced by allowing Plaintiff the requested   time to prepare his response. On the other hand, undue prejudice will be caused to Plaintiff by not allowing him sufficient time to prepare a

[4]

response without legal research into the issue. Defendants have cited to dozens of cases and

Plaintiff needs to review them before filing his response.


## II.    ARGUMENT

**A: The Court has authority to direct Defendants to comply with requested information under Texas Rules of Civil Procedure 192.2 (b) (6) entitled "Request for Disclosure".**

Defendants are obligated to disclose the requested information. The Rule, in pertinent part provides:

> "In addition to the content subject to disclosure under Rule 194.2 a party may request disclosure of all documents, electronic information, and tangible items that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses. A request for disclosure made pursuant to this paragraph is not considered a request for production."

Discovery Limitations, Tex. R. Civ. P. Rule 192.2

The disclosure requested herein is clearly not considered part of discovery. Therefore, even,

Plaintiff's though  Defendants have urged the Court in their submission not to permit discovery.

The Court should grant this disclosure request.

**B: Defendants have shown a pattern of failure to cooperate and are engaged in a gamesmanship and Court's Intervention is required**

Defendants have moved the Court for dismissal claiming, although erroneously, that they are not

proper parties and only Extended Stay Management LLC is the proper party. Defendants are

attached with the purported proper defendant at the hip. For example, Defendants share the offices

with Extended Stay Management LLC; they share the same website; Extended Stay America Inc.

reports employee count that includes all the employees purportedly hired by Extended Stay

America LLC. As their own employee or "associates". In fact, in their federal Securities and

Exchange Commission filing they admit they are one single enterprise.   Consider the following

example:

**Company Profile**
11525 North Community House Road
Suite 100
Charlotte, NC 28277
United States
980-345-1600
http://extendedstayamerica.com
Sector: **Consumer Cyclical**
Industry: **Lodging**
Full Time Employees: **3,500**

Extended Stay America, Inc., together with its subsidiaries, owns, operates, develops, and manages
hotels in the United States. As of May 4, 2020, the company had a network of 634 hotels. It serves
customers in the mid-priced extended stay segment. The company also licenses Extended Stay
America brand to third party franchisees. Extended Stay America, Inc. was founded in 1995 and
is headquartered in Charlotte, North Carolina.
https://finance.yahoo.com/news/extended-stay-america-inc-nasdaq-125617859.html
Last Accessed: 5/22/2020 7:20 PM

For example, Defendant Haase, President and CEO of Extended Stay America, Inc., issued

the following press release and over 8,000 employees including those that work at the hotels whose

conduct is at issue in this action. Defendant Haase said:

> "I am excited to partner with our management team and 8,000
> associates. As the only company in the lodging industry solely
> focused on the unique needs of the extended stay guest, we are
> solidly positioned to unlock the full potential of the Company within
> this attractive segment. Given my history and past success in
> working with Kelly and Randy to drive improved performance, I am
> confident in the future of the Company and have asked the Boards
> to ensure that my compensation is fully aligned with the interests of
> our shareholders." *Emphasis added.*

https://www.globenewswire.com/news-release/2019/11/22/1951323/0/en/Extended-Stay-
America-Appoints-Bruce-Haase-as-Chief-Executive-Officer.html Last Accessed: 5/21/2020 2:19
PM

Notice the difference in the number of employees. The 8,000 employee count includes 4,500 employees who can work only part time – a vast majority work at various hotels including some sixty-five Extended Stay America hotels in the of Texas with its estimated over seven hundred employees. Yet, Defendant Haase claims

That does not even have minimal contact with state of Texas. One need not live or travel to Texas to satisfy minimum contact requirement for jurisdiction over a person. It is well established that contacts via internet can satisfy necessary contact required, as here, for Texas Courts to have jurisdiction over a foreign resident, like Defendant Haase.

Finally, consider the complexity of its organizational structure – all carefully crafted to obfuscate accountability and avoid taxes:



Screen grab from Extended Stay Inc. mended S-1 to SEC.

[7]

Defendants have raised special exception contending that they are not the proper parties to this action, and their affiliate and or subsidiary Extended Stay Management, LLC and its employees who are charged with the daily operation and management of the subject hotels are the proper parties instead. Furthermore, while Defendants content that the Extended Stay Management LLC is the proper party, they refuse to provide information concerning Extended Stay Management LLC and its corporate officers despite Plaintiff's repeated request making amendment to the petition and services of process on its officers, agents and employees impossible.

While public information available on Extended Stay Management LLC is scares, all such public information available indicates that it does not have its primary place of business separate and apart from its parent company Extended Stay America Inc. They both share same business address:

Plaintiff, has made diligent effort to uncover the identities of the purported proper parties. However, he has not been successful. Publicly available information about Extended Stay Management LLC is confusing, and often contradictory. For example, on-line search with Texas Secretary of States indicates that ESA Management LLC has its corporate offices in New York while other sources indicate that it shares its offices with the Parent Company Extended Stay America, Inc., in Charlotte, North Carolina. Furthermore, there is no separate website or separate corporate officers, or separate filing of Earning Report for ESA Management LLC with Federal Security and Exchange Commission. On the other hand, the Parent Company Extended Stay America, Inc., in its Earning Reports (10-Q) filed with Federal Security and Exchange Commission reports consolidated earning only, including the subject property as its own and counts all employees, including employees of subject hotels at issue in the instant case as its own.

Again, Defendant, Haase made the following statement in an Earning Conference Call to Investors claiming customers, like Plaintiff in this action, staying at ESA management LLC managed hotels Extended Stay Management LLC owned hotels including two subject hotels as customers of the parent company Extended America, Inc., Stay Inc. as follows:

**"Bruce N. Haase** -- *Chief Executive Officer, President and director*

> "Sure. Happy to do so. Obviously, when the pandemic hit, we were sitting at roughly 40%, $45% of our business through transient customers in terms of room nights. That evaporated quickly. I into for all the other transit plans. We felt I think we acted very, very quickly to really pivot toward our core extended stay customers, when we saw that happening. There are multiple levers that we can pull in terms of finding extended stay customers. And even within our extended stay mix, we did see declines in corporate customers. Train trips got postponed, white collar, IT professionals who aren't traveling anymore. So a lot of the corporate extended stay business evaporated as well. So what we found was when we started to lean into pockets of demand that we saw that were strong and new pockets of demand that we saw emerging, we made some very early moves to reinstate all of our field sales, revenue management and operations teams on the goal of delivering extended stay and customers to our hotels. And everyone's really pulled together to do that. So even with the corporate reductions we've seen in some project work to be up quite a lot, construction has been very strong. Warehousing and distribution has been very strong. Hospital and medical business has been very strong. And we've really seen some share shifting from transit hotels because of the fact that we have kitchens. I think that, that's going to be a big differentiator going forward. We are probably not going to return to a normal environment anytime soon. And the fact that the customer can really control good stay experience by staying with us, primarily through the kitchen the kitchen offering, I think it's going to be a real big differentiator going forward. So we've gotten a lot of new accounts. And we're bullish on the sustainability of these customer segments, in addition to some of the residential business that we've been able to tap into service as well."

https://www.globenewswire.com/news-release/2019/11/22/1951323/0/en/Extended-Stay-America-Appoints-Bruce-Haase-as-Chief-Executive-Officer.html Last Accessed: 5/21/2020 2:19 PM

Plaintiff has attempted to seek disclosure of the information since immediately after the incident but his efforts were met with silence. After Plaintiff commence this action, he has attempted to discover the information requested herein through defense counsel Mr. Kevin Teter over past several months but ignored. From the foregoing, it is clear that adequate disclosure and even discovery may be required to unmask the identities of entities and persons who own, operate, manage and control, directly or indirectly and in part or full so that proper parties may be held to account for their acts or omissions.

### III.    CONCLUSI

As set forth above under Tex. R. Civ. P. 192.2(b)(6) Plaintiff is entitled to requested disclosure as it is distinct and separate from discovery under Tex. R. Civ. P.    194. Defendants have an exceedingly complex corporate structure and seem to withhold information about their subsidiaries making identification of proper party exceedingly difficult on purpose. For this reason, requested disclosure is necessary and prover. Defendants have refused to cooperate and instead are attempting to force Plaintiff into error and deny him an opportunity to vindicate his rights guaranteed under both US and Texas constitution and laws.

Secondly, under the current COVID-19 situation resulting in closure of Travis County Law Library Plaintiff's request to allow him 30 days from Defendants' disclosure of the requested is reasonable as Plaintiff is not trained in the science of law and is required by Tex. R. Civ. P. to file his papers only after doing due diligence which he cannot reasonably expected to do when law library is not available. Third, in view of Defendants contention that Extended Stay Management rather than the parent company Extended Stay America Inc. is the proper party in this action, Courts resources will be better spend when it affords an opportunity to amend the petition that can best be done only

[10]

after the disclosure requested herein. Defendants cannot reasonably claim that they will be unfairly

prejudice in defending this action because the action is in very preliminary stage. Defendants have

refused to cooperate and a Court Order is necessary and the court should issue an order directing

Defendants to comply with Plaintiff's lawful requests.

Plaintiff has suffered injury as a result of Defendants acts or omissions and seeks compensation.

Defendants had an opportunity to address Plaintiff's concerns under their own policies and they

made a conscious decision to do nothing and forced the Plaintiff to bring this action. Once action

was commenced, Defendants were obligated to comply with Plaintiff's disclosure request. Again

they refused to comply and continue to avoid accountability. Plaintiff is entitled to disclosure he

is seeking so that he may name as defendant only parties that are proper and prosecute the action

in an efficient manner. In light of foregoing the Court should enter an order compelling Defendants

to comply with Plaintiff's disclosure request and withhold any hearing on pending matters before

the Court until the Plaintiff had an opportunity to amend the complaint because this would be

efficient for all parties including the court.


IV.    RELIEF REQUESTED,

WHEREFORE, and for all the reasons explained Plaintiff requests the Hon. Court to grant

Plaintiff following relief:

(1) Enter an order directing Defendants to disclose following information:

    (a) Full identity of current Extended Stay, Management, LLC and its corporate officers
including:

        (i)      Complete legal name;
        (ii)     State of Incorporation;
        (iii)    Location of Principal Place of Business;
        (iv)    Name of the Website where it can be located by search engines like Google
                 and others. If none, please so indicate.

(v)   Names, street addresses, email addresses and phone numbers of corporate officers including the following where they can be served with process:

    (A) President
    (B) Chief Executive Officer
    (C) Secretary
    (D) General Counsel

(b) Full identity of Extended Stay Management, LLC and its corporate officers on December 31, 2017 – the day of the incident at Extended stay America Round Rock – South hotel including:

  (i)    Complete legal name;
  (ii)   State of Incorporation;
  (iii)  Location of Principal Place of Business;
  (iv)  Name of the Website where it can be located by search engines like Google and others. If none, please so indicate.
  (v)   Names, street addresses, email addresses and phone numbers of corporate officers including the following where they can be served with process:

    (A) President
    (B) Chief Executive Officer
    (C) Secretary
    (D) General Counsel

(c) Full identity of Extended Stay Management LLC. Employees, agents and representatives on December 31, 2017 – the day of the incident at Extended stay America Round Rock – South hotel including:
  (i)    General Manager
  (ii)   Assistant Manager
  (iii)  Manager on Duty during the incident
  (iv)  The employee who authorized the desk clerk to call 911 for purported crime by Plaintiff requiring 911 call.
  (v)   District Manager/s responsible for oversight of ESA Round Rock – South

(d) Identity the corporate entity that owned the subject hotel on December 31, 2017 include full legal name/s and a full names and addresses of owner's corporate officers if owner is a corporate entity:
  (i)    President
  (ii)   Chief Executive officer
  (iii)  Secretary
  (iv)  General Counsel

(e) Identity the corporate entity that managed the subject hotel on December 31, 2017 include full legal name/s and a full names and addresses of owner's corporate officers if owner is a corporate entity:
 (i) President
 (ii) Chief Executive officer
 (iii) Secretary
 (iv) General Counsel
 (v) Include a copy of the agreement between the owner and the manager of ESA Round Rock – South hotel.

(f) Identity the corporate entity that managed the subject hotel on December 31, 2017 include full legal name/s and a full names and addresses of owner's corporate officers if owner is a corporate entity:
 (i) President
 (ii) Chief Executive officer
 (iii) Secretary
 (iv) General Counsel
 (v) Provide a copy of the Management Agreement between the owner and the manager of ESA Round Rock – South hotel.

(g) Identity the corporate entity that operated the subject hotel on December 31, 2017 include full legal name/s and a full names and addresses of owner's corporate officers if owner is a corporate entity:
 (i) President
 (ii) Chief Executive officer
 (iii) Secretary
 (iv) General Counsel
 (v) Name all entities that control in full or part the manner and method affecting Extended Stay Management LLC's exercise of its management control over the management and operation of subject Extended Stay America hotel on the day of the incident, December 31, 2017. Provide a copy of all agreement then existing between Extended Stay Management LLC and all entities that exert or control the manner and method of management of Extended Stay Management LLC of the Operation Agreement between the "Operating Company" and Owner/s, and Extended Management LLC. Include a copy of the agreement between the owner and the manager of ESA Round Rock – South hotel.

(h) Identity the corporate entity that "operated" the subject hotel on December 31, 2017 include full legal name/s and a full names and addresses of owner's corporate officers if owner is a corporate entity:
 (i)President
 (ii) Chief Executive officer
 (iii) Secretary
 (iv) General Counsel;

    (v)    Provide a copy the "operating" company's agreement with other entities related to management and control of the manner and method affecting the "operating" entity's relation with other interested parties.

(i) Identify the following persons/corporate officers by full name, address, phone numbers, email address Extended Stay America Inc. (the parent) on December 31, 2017.

    (i)President

    (ii) Chief Executive Officer

    (iii) Secretary

    (iv)    General Counsel

    (v)    Explain the relationship in full between Extended Stay America Inc. and Extended Stay Management LLC and explain why it is not accountable for acts and omissions for its wholly owned subsidiary. Include any case law in support of your contention.

(j) Disclose full identification of Extended Stay Management LLC employees, agent or independent contractors subject to Extended Stay Management LLC control in full or in part; direct or indirect associated with Extended Stay America Round Rock - South hotel  providing their full name, current home address, current business address, current phone number, current email addresses for the following

    (i)    General Manager

    (ii)    Assistant Manager

    (iii)    Manager on duty at the time of the incident

    (iv)    District Manager

(k) Provide a copy of surveillance video of the incident for the entirety of Plaintiff's presence at the Extended Stay America Round Rock – South hotel on the day of December 31, 2017.

(l) Provide a copy of the 911 tape and transcript for "call for service" made by defendant Tyler.

(m) Provide a copy of the transcript of Plaintiff's phone contact with Extended Stay America Corporate Customer Service line.

(n) Prove a copy of the Extended Stay America hotel Security Policy manual in effect at the time of the incident at subject hotel.

(o) Identify the person making internal tress pass/black listing banning Plaintiff from Extended Stay America hotel.

(p) Provide a copy of Extended Stay America hotel policy for banning a customer by blacklisting.

[14]

(q) Provide a true and correct copy of:

    (i)     Any and all official incident report;

    (ii)    Report of any official investigation and action taken. Defendants have raised special exception contending they are not the proper parties to this action, and their wholly owned subsidiary Extended Stay Management, LLC and its employees who are charged with the daily operation and management of the subject hotel properties are the proper parties instead.

(2) Grant Plaintiff thirty (30) days in which to file his response from the day Defendants have complied with this request for disclosure in view of Plaintiff's lack of access to Travis County Law Library in the light of the current COVID-19 crisis and City of Austin closure requirements. Plaintiff reserves the right to make request for enlargement of this should library facilities continue to be unavailable.

(3) Grant Plaintiff further relief as the Hon. Court deems proper in law and equity.

(4) Plaintiff requests that the court take judicial notice of the content of Extended Stay America Inc.'s :(1) Website and (2) FORM S-1 Extended Stay America Inc.

A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Dated: May 25, 2020

Respectfully submitted,

RAVINDRA SINGH, PH.D.
Plaintiff, Pro Se

P. O. BOX 10526
Austin, TX 78766

(512)293-7646
excion_2000@yahoo.com

## CERTIFICATE OF SERVICE

I certify that, this day May 26rd, 2020 I served a true and correct copy of Plaintiff's Request for Disclosure on Defendants' Counsel of record Per applicable Tex. R. Civ. P. via United State Postal Service RRR # 7019-2970-0000-2072-6691.

_Ravindra Sp., Ph.D._

RAVINDRA SINGH, PH.D.

## CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| **RAVINDRA SINGH, PH.D.** | § | **IN THE DISTRCICT COURT** |
| **Plaintiff** | § | |
| **v.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.** | § | |
| **BRUCE HAASE,** | § | **TRAVIS COUNTY, TEXAS** |
| **MURRAY TYLER,** | § | |
| **BRIAN MORGAN,** | § | |
| **CRYSTAL TORRES,** | § | |
| **JON DOE,** | § | |
| **JANE DOE** | § | **53ʀᴅ JUDICIAL DISTRICT** |
| **Defendants** | § | |

On this day the Court considered Plaintiff Ravindra Singh, Ph.D.'s Motion to Compel Defendants Extended Stay America, Inc. and Bruce Haase to disclose Defendants Extended Stay America , Inc. and Bruce Haase to Disclose: (a) Identities of its Subsidiaries and Corporate Officers; (B) Identities of the General Manager, Assistant General Manager and District manager of Extended Stay America – Round Rock South hotel located at 16900 North I-35 in Travis County Texas; (C) the Surveillance video footage of the hotel lobby and Official Investigation Report and Related hotel policies in Effect at the Time of the Incident. And the Court after considering party's pleadings, arguments and relevant Texas Rules of Civil Procedure is of the opinion that Plaintiffs's Motion to Compel Disclosure should be GRANTED. Is it therefore:

It is further It is further ORDERED that Plaintiff Ravindra Singh, Ph.D.'s Motion to Compel Disclosure is GRNTED in full as requested and a copy of same is attached herewith. It is further

ORDERED that Defendants Extended Stay America Inc., Bruce Haase shall disclose the information NO LATER THAN 14 days from the entry of this ORDER. It is further

ORDERED that in the event Defendants Extended Stay America, Inc. and Bruce Haase fail to disclose full identity of its subsidiaries associated with the ownership, operation or management of the subject hotels; or in the evet any of the subsidiaries and or its employees dispute that they are proper

parties on account of their involved in ownership, operation or management of the subject hotels, the

parent company EXTENDED STATY AMERICA, INC. and a its CEO BRUCE HAASE  shall be deemed proper

defendants in this action Defendant BRUCE HAASE Special Appearance shall be automatically dismissed

with prejudice as to refiling.

It is further ORDERED that Plaintiff is granted a period 60 days in which to amend his petition to

add and or substitute new parties as defendant, and effect service of process from the date of receipt of

the information subject to this ORDER. It is further

ORDERED that all hearing on Defendants BRUCE HAASE's Special Appearance pending before the

Court is suspended, will not come for hearing until Plaintiff's time to amend has expired. It is further

Signed this _____ day of _____2020                    _____

JUDGE PRESIDING

# EXHIBIT C-14

6/2/2020 3:03 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-008866**
**Gilberto Rios**

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants.* | § | 53RD JUDICIAL DISTRICT |

## ESA DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Subject to his previously filed special appearance, defendant Bruce N. Haase ("Haase"), along with defendant Extended Stay America, Inc. ("ESA") (collectively, the "ESA Defendants") file this motion for protective order under Rule 192.6 of the Texas Rules of Civil Procedure. The ESA Defendants file this motion in response to purported written discovery—never served on the ESA Defendants—that was included in a motion to compel filed by plaintiff Ravindra Singh ("Singh").[1] Because Singh is not yet permitted to conduct any discovery, the ESA Defendants respectfully seek protection from the discovery. In support, the ESA Defendants state as follows:

## I. INTRODUCTION & SUMMARY OF THE ARGUMENT

By way of background, Singh was refused service by an Extended Stay America branded hotel in Round Rock, Texas in December 2017 for cursing and yelling at the front desk agent when Singh attempted to check into the hotel. Police had to be called out due to Singh's aggressive behavior that evening, and Singh agreed to leave once police arrived. On the two-year anniversary of this incident, Singh instituted this lawsuit by filing *Plaintiff's Original Petition* ("Petition") on

---

[1] The written discovery is objectionable on other grounds, and the ESA Defendants therefore reserve all rights to serve separate objections in response to Singh's written discovery.

December 31, 2019. Singh asserts a laundry list of claims against the hotel brand's parent company (ESA) and its president and chief executive officer (Haase) in his personal capacity.

Importantly, for purposes of this motion, Singh has not complied with the requirements of Rule 47(c) of the Texas Rule of Civil Procedure, with the consequence that he is not authorized to conduct any discovery. Nevertheless—and even though Singh has never served discovery on ESA Defendants—on May 26, 2020, Singh filed a motion to compel titled *Plaintiff Ravindra Singh, Ph.D.'s Motion to Compel Defendants Extended Stay America, Inc. and Bruce Haase to Disclose Under Texas Rules of Civil Procedure 190.2(B)(6): (A) Identities of its Subsidiary ESA Management, LLC, and its Corporate Officers; (B) Identities the General Manager, Assistant Manager and District Manager of the Extended Stay America Hotel – Round Rock South; and (C) Surveillance Footage of the Said Hotel Lobby and Official Investigation Report and Related Hotel Policies and Procedure Manual.* Attached as <u>Exhibit 1</u> to this motion is a true and correct copy of the motion to compel. By his motion to compel, Singh asks the Court to direct ESA Defendants to respond to a series of interrogatories and document requests.

Because Singh has not complied with Rule 47(c) of the Texas Rules of Civil Procedure, he may not conduct discovery. *See* TEX. R. CIV. P. 47(d) ("A party that fails to comply with (c) may not conduct discovery until the party's pleading is amended to comply.").

## II. ARGUMENTS AND AUTHORITIES

Liberally construing the motion to compel filed by Singh—who is appearing *pro se*—as assorted written discovery, the ESA Defendants file this motion for protective order, seeking protection from such discovery. Rule 192.6 of the Texas Rules of Civil Procedure states that "[a] person from whom discovery is sought … may move within the time permitted for response to the discovery request for an order protecting that person from the discovery sought." TEX. R. CIV. P.

192.6(a). The ESA Defendants seek protection from the entirety of Singh's discovery because, under the circumstances outlined above, Singh is not permitted to conduct any discovery.

Rule 47 of the Texas Rules of Civil Procedure requires, in pertinent part, that all original pleadings contain a statement setting forth a range of the amount of monetary damages the party seeks to recover in the lawsuit. TEX. R. CIV. P. 47(c). Here, Singh does not set forth in his Petition any of the information required by Rule 47(c). Accordingly, Singh may not conduct any discovery in this case until that pleading defect is corrected. *See* TEX. R. CIV. P. 47(d) ("A party that fails to comply with (c) may not conduct discovery until the party's pleading is amended to comply.").

Additional reasons the Court should grant this motion for protective order are: (1) Haase has filed a special appearance, and he should not have to respond to Singh's written discovery unless and until the Court rejects his special appearance; and (2) as ESA Defendants' counsel has repeatedly advised Singh, the proper defendant in this lawsuit is not ESA, but rather ESA Management, LLC—for whatever reason, Singh has refused to substitute the proper party.

Thus, the ESA Defendants file this motion for protective order to protect them from unauthorized, unduly burdensome, unnecessarily expensive, and harassing discovery served on them by Singh. TEX. R. CIV. P. 196.2(b). In the interest of justice, the ESA Defendants seek protection from Singh's written discovery in its entirety. *Id.*

### III.   CONCLUSION AND PRAYER

For the foregoing reasons, the ESA Defendants respectfully request that the Court grant this motion and enter an order protecting them from Singh's written discovery in its entirety. The ESA Defendants respectfully request such other and further relief, general and special, at law and in equity, to which the ESA Defendants may be justly entitled under the circumstances.

Date:  June 2, 2020

Respectfully submitted,

  */s/ David C. Schulte*

Kevin A. Teters
   Texas Bar No. 24075678
   kevin.teters@hklaw.com
Kelly Franklin Bagnall
   Texas Bar No. 07375800
   kelly.bagnall@hklaw.com
David C. Schulte
   Texas Bar No. 24037456
   david.schulte@hklaw.com
Morgan J. Kloeppel
   Texas Bar No. 24116625
   morgan.kloeppel@hklaw.com
**HOLLAND & KNIGHT LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 964-9500
(214) 964-9501 (facsimile)

**ATTORNEYS FOR DEFENDANTS EXTENDED
STAY AMERICA, INC. AND BRUCE N. HAASE**

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2020, a true and correct copy of this document was served on Plaintiff, Ravindra Singh, via electronic mail, first-class mail, and express mail, as follows:

Ravindra Singh, Ph. D.
P.O. Box 10526
Austin, Texas 78766
excion_2000@yahoo.com

  */s/ Morgan J. Kloeppel*
Morgan J. Kleoppel

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH | § | IN THE DISTRCICT COURT |
|        Plaintiff | § | |
| v. | § | |
| | § | |
| EXTENDED STAY AMERICA, | § | |
| BRUCE HAASE, | § | TRAVIS COUNTY, TEXAS |
| MURRAY TYLER, | § | |
| BRIAN MORGAN, | § | |
| CRYSTAL TORRES, | § | |
| JON DOE, | § | |
| JANE DOE | § | 53RD JUDICIAL DISTRICT |
|       Defendants | § | |

**PLAINTIFF RAVINDRA SINGH, PH.D.'S MOTION TO COMPEL DEFENDANTS EXTENDED STAY AMERICA, INC. AND BRUCE HAASE TO DISCLOSE UNDER TEXAS RULES OF CIVIL PROCEDURE 190.2(B)(6):**
**(A)IDENTITIES OF ITS SUBSIDIARY ESA MANAGEMENT, LLC. AND ITS CORPORATE OFFICERS;**
**(B) IDENTITIES THE GENERAL MANAGER , ASSISTANT MANAGER AND DISTRICT MANAGER OF the EXTENDED STAY AMERICA HOTEL – ROUND ROCK SOUTH ; AND**
**(C) SURVEILLANCE FOOTAGE OF THE SAID HOTEL LOBBY AND OFFICIAL INVESTIGATION REPORT AND RELATED HOTEL POLICIES AND PROCEDURE MANUAL**

COMES NOW Plaintiff Ravindra Singh, Ph.D. pro se, and respectfully moves the Hon. Court for entry of an Order compelling, Defendants Extended Stay America, Inc. and Bruce Haase ("ESA Parent Defendants") to disclose certain information concerning identities of entities and individuals related to the ownership, operation and management of subject hotels at issue in this action and in support says as follows:

I.     INTRODUCTION AND FACTS

This action arose out of an incident that occurred on New Year Eve, December 31, 2017 at the Extended Stay America - Round Rock South hotel located at 16950 N Interstate Hwy 35, Austin,

EXHIBIT

1

exhibitsticker.com

TX 78728. Pursuant to a "guaranteed reservation" at the hotel, Defendant refused to accept him as

a guest without justification. Defendant Murray Tyler charged Plaintiff's VISA card but refused

to provide registration ticket for the room despite Plaintiff's request for same. Additionally, Tyler

did not verbally notified Plaintiff of the amount charged. Instead Defendant Tyler gave Plaintiff a

phone number to a porn service to call. When Plaintiff complained to the Extended Stay Corporate

Guest Services, Defendant Tyler, working in concert with the hotel's General Manager evicted

Plaintiff aided by Round Rock police officer without ever asking him to leave by making a 911

call by falsely claiming that Plaintiff was being aggressive and hurling profanities and threatening

him. Round Rock police arrived at the lobby while Plaintiff was still on the phone with the

Extended Stay America Guest Services (Corporate Line). Plaintiff left the hotel promptly and

without incident after the police officer asked Plaintiff to leave. Police report shows only that

Plaintiff was refused service. Extended Stay America Round Rock South General Manager without

justification trespassed Plaintiff from all Extended Stay America hotels (over six hundred across

United States) via Extended Stay America corporate computer system refusing Plaintiff to accept

as guest and denying him his right to accommodation guaranteed by US and Texas Constitutions

and laws permanently. Plaintiff is a member of a protected class on account of his race, color,

religion and national origin. Plaintiff is of Indian national origin and is classified as Asian under

US and Texas racial classifications.

Several months after the Extended Stay Round Rock – South incident, in April 2018 Plaintiff was

a guest at Defendant Extended Stay America hotel located at 2700 Gracy Farms Lane, Austin, TX

78758 pursuant to his reservation via Extended Stay America on-line reservation system.

Defendant Brian Morgan, a General Manager at the Gracy Farm Lane hotel, refused to accept him

as a guest for an additional day on account of his trespass notification in computer system and

threated him to call police on him if he did not leave the hotel immediately causing Plaintiff immense humiliation. When Plaintiff asked Defendant Morgan why the hotel accepted him for his two-night stay that just ended, Defendant Morgan told Plaintiff "it was a mistake" and that Plaintiff should not have been allowed to check in. Plaintiff was not notified, has not been notified in any manner – via email or letter that he has been trespassed and not welcome at Extended Stay America hotels. In fact, Extended Stay America has saved Plaintiff's email in its database and used it for marketing purposes for its hotels and its affiliates services through co-op agreements. It has contacted Plaintiff over one hundred 130 times – that is more than once every week with offers to solicit his business since the incidence while it keeps him on blacklisted status. As a result of being blacklisted Plaintiff has stopped to book a room with Extended Stay hotels since the incident at Extended Stay America Gracie Farm Lane hotel in April 2018.

Defendants Extended Stay America, Inc. and Bruce Haase have moved the Court for dismissal of the claim against them contending that they are not accountable any act or omission of their wholly owned subsidiary Extended Stay Management LLC. They claim that only Extended Stay Management LLC is responsible because then manage the day-to-day operation of the hotels at issue and that Defendants Murray Tyler and Brian Morgan are not their employees, agents or representative. Furthermore, while Defendants contend that Extended Stay America LLC is the proper party they refuse to provide the identities of corporate officers or General Manager of the Extended Stay America Round Rock South hotel at the time – but is not employed at that location anymore - whose conduct is at the center of this controversy, thus in effect causing delay in moving Plaintiff to amend the complaint to replace the unidentified John Doe /Jane Doe defendants with proper party (the General Manager). In addition, Defendant Bruce Haase has moved the Court

special exception and special appearance contending that he should be dismissed because he is improperly named in his personal capacity only, and lacks minimum contact with state of Texas court to properly exercise jurisdiction over him. Defendants also contend, albeit erroneously that all claims except claim for violation of contract are barred by statute of limitation or they lack specificity and should be dismissed.  Plaintiff believes these contentions lack merit. It is well established in federal jurisprudence that a complaint by pro se Plaintiff should not be held to the same standard as artfully drafted as by an attorney. Texas courts have routinely found federal rules to be persuasive. In any event, Plaintiff should be granted an opportunity to amend his complaint to cure his pleading as Defendants themselves have stated. Defendants have refused to disclose information Plaintiff is entitled to, and are engaged in gamesmanship to take unfair advantage of Plaintiff's knowledge of Court Rules. Therefore, Plaintiff request the Hon. Court to grant his request and enter an order to compel disclosure. Plaintiff also asks the Hon. Court to grant him leave to amend his complaint to name proper parties as defendants after Defendants have complied fully with the disclosure requested. Furthermore, Plaintiff asks the Court to withhold hearing on Defendant Bruce Haase's special appearance and special exception until Plaintiff has an opportunity to properly respond. Plaintiff is unable to properly respond until he has access to Travis County Law Library which is currently closed due to COVID-19 pandemic. Plaintiff asks that he be permitted at least 30 day time after the library is fully open to public. Applicable Court rules require a party to make submissions only after doing due diligence. Plaintiff is not trained in law and requires sufficient time. There is no reason to believe that Defendant Haase will be unduly prejudiced by allowing Plaintiff the requested   time to prepare his response. On the other hand, undue prejudice will be caused to Plaintiff by not allowing him sufficient time to prepare a

response without legal research into the issue. Defendants have cited to dozens of cases and

Plaintiff needs to review them before filing his response.

## II.    ARGUMENT

### A: The Court has authority to direct Defendants to comply with requested information under Texas Rules of Civil Procedure 192.2 (b) (6) entitled "Request for Disclosure".

 Defendants are obligated to disclose the requested information. The Rule, in pertinent part
provides:

> "In addition to the content subject to disclosure under Rule 194.2 a
> party may request disclosure of all documents, electronic
> information, and tangible items that the disclosing party has in its
> possession, custody, or control and may use to support its claims or
> defenses. A request for disclosure made pursuant to this paragraph
> is not considered a request for production."

Discovery Limitations, Tex. R. Civ. P. Rule 192.2

The disclosure requested herein is clearly not considered part of discovery. Therefore, even,

Plaintiff's though  Defendants have urged the Court in their submission not to permit discovery.

The Court should grant this disclosure request.

### B: Defendants have shown a pattern of failure to cooperate and are engaged in a gamesmanship and Court's Intervention is required

Defendants have moved the Court for dismissal claiming, although erroneously, that they are not

proper parties and only Extended Stay Management LLC is the proper party. Defendants are

attached with the purported proper defendant at the hip. For example, Defendants share the offices

with Extended Stay Management LLC; they share the same website; Extended Stay America Inc.

reports employee count that includes all the employees purportedly hired by Extended Stay

America LLC. As their own employee or "associates". In fact, in their federal Securities and

Exchange Commission filing they admit they are one single enterprise. Consider the following

example:

**Company Profile**
11525 North Community House Road
Suite 100
Charlotte, NC 28277
United States
980-345-1600
http://extendedstayamerica.com
Sector: **Consumer Cyclical**
Industry: **Lodging**
Full Time Employees: **3,500**

Extended Stay America, Inc., together with its subsidiaries, owns, operates, develops, and manages
hotels in the United States. As of May 4, 2020, the company had a network of 634 hotels. It serves
customers in the mid-priced extended stay segment. The company also licenses Extended Stay
America brand to third party franchisees. Extended Stay America, Inc. was founded in 1995 and
is headquartered in Charlotte, North Carolina.
https://finance.yahoo.com/news/extended-stay-america-inc-nasdaq-125617859.html
Last Accessed: 5/22/2020 7:20 PM


        For example, Defendant Haase, President and CEO of Extended Stay America, Inc., issued

the following press release and over 8,000 employees including those that work at the hotels whose

conduct is at issue in this action. Defendant Haase said:

> "I am excited to partner with our management team and 8,000
> associates. As the only company in the lodging industry solely
> focused on the unique needs of the extended stay guest, we are
> solidly positioned to unlock the full potential of the Company within
> this attractive segment. Given my history and past success in
> working with Kelly and Randy to drive improved performance, I am
> confident in the future of the Company and have asked the Boards
> to ensure that my compensation is fully aligned with the interests of
> our shareholders." *Emphasis added.*

https://www.globenewswire.com/news-release/2019/11/22/1951323/0/en/Extended-Stay-
America-Appoints-Bruce-Haase-as-Chief-Executive-Officer.html Last Accessed: 5/21/2020 2:19
PM

Notice the difference in the number of employees. The 8,000 employee count includes 4,500 employees who can work only part time – a vast majority work at various hotels including some sixty-five Extended Stay America hotels in the of Texas with its estimated over seven hundred employees. Yet, Defendant Haase claims

That does not even have minimal contact with state of Texas. One need not live or travel to Texas to satisfy minimum contact requirement for jurisdiction over a person. It is well established that contacts via internet can satisfy necessary contact required, as here, for Texas Courts to have jurisdiction over a foreign resident, like Defendant Haase.

Finally, consider the complexity of its organizational structure – all carefully crafted to obfuscate accountability and avoid taxes:



Screen grab from Extended Stay Inc. mended S-1 to SEC.

Defendants have raised special exception contending that they are not the proper parties to this action, and their affiliate and or subsidiary Extended Stay Management, LLC and its employees who are charged with the daily operation and management of the subject hotels are the proper parties instead. Furthermore, while Defendants content that the Extended Stay Management LLC is the proper party, they refuse to provide information concerning Extended Stay Management LLC and its corporate officers despite Plaintiff's repeated request making amendment to the petition and services of process on its officers, agents and employees impossible.

While public information available on Extended Stay Management LLC is scares, all such public information available indicates that it does not have its primary place of business separate and apart from its parent company Extended Stay America Inc. They both share same business address:

Plaintiff, has made diligent effort to uncover the identities of the purported proper parties. However, he has not been successful. Publicly available information about Extended Stay Management LLC is confusing, and often contradictory. For example, on-line search with Texas Secretary of States indicates that ESA Management LLC has its corporate offices in New York while other sources indicate that it shares its offices with the Parent Company Extended Stay America, Inc., in Charlotte, North Carolina. Furthermore, there is no separate website or separate corporate officers, or separate filing of Earning Report for ESA Management LLC with Federal Security and Exchange Commission. On the other hand, the Parent Company Extended Stay America, Inc., in its Earning Reports (10-Q) filed with Federal Security and Exchange Commission reports consolidated earning only, including the subject property as its own and counts all employees, including employees of subject hotels at issue in the instant case as its own.

Again, Defendant, Haase made the following statement in an Earning Conference Call to Investors

claiming customers, like Plaintiff in this action, staying at ESA management LLC managed hotels

Extended Stay Management LLC owned hotels including two subject hotels as customers of the

parent company Extended America, Inc., Stay Inc. as follows:

**"Bruce N. Haase** -- *Chief Executive Officer, President and director*

> "Sure. Happy to do so. Obviously, when the pandemic hit, we were
> sitting at roughly 40%, $45% of our business through transient
> customers in terms of room nights. That evaporated quickly. I into
> for all the other transit plans. We felt I think we acted very, very
> quickly to really pivot toward our core extended stay customers,
> when we saw that happening. There are multiple levers that we can
> pull in terms of finding extended stay customers. And even within
> our extended stay mix, we did see declines in corporate customers.
> Train trips got postponed, white collar, IT professionals who aren't
> traveling anymore. So a lot of the corporate extended stay business
> evaporated as well. So what we found was when we started to lean
> into pockets of demand that we saw that were strong and new
> pockets of demand that we saw emerging, we made some very early
> moves to reinstate all of our field sales, revenue management and
> operations teams on the goal of delivering extended stay and
> customers to our hotels. And everyone's really pulled together to do
> that. So even with the corporate reductions we've seen in some
> project work to be up quite a lot, construction has been very strong.
> Warehousing and distribution has been very strong. Hospital and
> medical business has been very strong. And we've really seen some
> share shifting from transit hotels because of the fact that we have
> kitchens. I think that, that's going to be a big differentiator going
> forward. We are probably not going to return to a normal
> environment anytime soon. And the fact that the customer can really
> control good stay experience by staying with us, primarily through
> the kitchen the kitchen offering, I think it's going to be a real big
> differentiator going forward. So we've gotten a lot of new accounts.
> And we're bullish on the sustainability of these customer segments,
> in addition to some of the residential business that we've been able
> to tap into service as well."

https://www.globenewswire.com/news-release/2019/11/22/1951323/0/en/Extended-Stay-America-Appoints-Bruce-Haase-as-Chief-Executive-Officer.html Last Accessed: 5/21/2020 2:19 PM

Plaintiff has attempted to seek disclosure of the information since immediately after the incident but his efforts were met with silence. After Plaintiff commence this action, he has attempted to discover the information requested herein through defense counsel Mr. Kevin Teter over past several months but ignored. From the foregoing, it is clear that adequate disclosure and even discovery may be required to unmask the identities of entities and persons who own, operate, manage and control, directly or indirectly and in part or full so that proper parties may be held to account for their acts or omissions.

### III.    CONCLUSI

As set forth above under Tex. R. Civ. P. 192.2(b)(6) Plaintiff is entitled to requested disclosure as it is distinct and separate from discovery under Tex. R. Civ. P.    194. Defendants have an exceedingly complex corporate structure and seem to withhold information about their subsidiaries making identification of proper party exceedingly difficult on purpose. For this reason, requested disclosure is necessary and prover. Defendants have refused to cooperate and instead are attempting to force Plaintiff into error and deny him an opportunity to vindicate his rights guaranteed under both US and Texas constitution and laws.

Secondly, under the current COVID-19 situation resulting in closure of Travis County Law Library Plaintiff's request to allow him 30 days from Defendants' disclosure of the requested is reasonable as Plaintiff is not trained in the science of law and is required by Tex. R. Civ. P. to file his papers only after doing due diligence which he cannot reasonably expected to do when law library is not available. Third, in view of Defendants contention that Extended Stay Management rather than the parent company Extended Stay America Inc. is the proper party in this action, Courts resources will be better spend when it affords an opportunity to amend the petition that can best be done only

after the disclosure requested herein. Defendants cannot reasonably claim that they will be unfairly

prejudice in defending this action because the action is in very preliminary stage. Defendants have

refused to cooperate and a Court Order is necessary and the court should issue an order directing

Defendants to comply with Plaintiff's lawful requests.

Plaintiff has suffered injury as a result of Defendants acts or omissions and seeks compensation.

Defendants had an opportunity to address Plaintiff's concerns under their own policies and they

made a conscious decision to do nothing and forced the Plaintiff to bring this action. Once action

was commenced, Defendants were obligated to comply with Plaintiff's disclosure request. Again

they refused to comply and continue to avoid accountability. Plaintiff is entitled to disclosure he

is seeking so that he may name as defendant only parties that are proper and prosecute the action

in an efficient manner. In light of foregoing the Court should enter an order compelling Defendants

to comply with Plaintiff's disclosure request and withhold any hearing on pending matters before

the Court until the Plaintiff had an opportunity to amend the complaint because this would be

efficient for all parties including the court.


IV.    RELIEF REQUESTED,

WHEREFORE, and for all the reasons explained Plaintiff requests the Hon. Court to grant

Plaintiff following relief:

    (1) Enter an order directing Defendants to disclose following information:

        (a) Full identity of current Extended Stay, Management, LLC and its corporate officers
        including:

            (i)     Complete legal name;
            (ii)    State of Incorporation;
            (iii)   Location of Principal Place of Business;
            (iv)   Name of the Website where it can be located by search engines like Google
                 and others. If none, please so indicate.

(v)    Names, street addresses, email addresses and phone numbers of corporate officers including the following where they can be served with process:

(A) President
(B) Chief Executive Officer
(C) Secretary
(D) General Counsel

(b) Full identity of Extended Stay Management, LLC and its corporate officers on December 31, 2017 – the day of the incident at Extended stay America Round Rock – South hotel including:

(i)     Complete legal name;
(ii)    State of Incorporation;
(iii)   Location of Principal Place of Business;
(iv)    Name of the Website where it can be located by search engines like Google and others. If none, please so indicate.
(v)     Names, street addresses, email addresses and phone numbers of corporate officers including the following where they can be served with process:

(A) President
(B) Chief Executive Officer
(C) Secretary
(D) General Counsel

(c) Full identity of Extended Stay Management LLC. Employees, agents and representatives on December 31, 2017 – the day of the incident at Extended stay America Round Rock – South hotel including:
(i)     General Manager
(ii)    Assistant Manager
(iii)   Manager on Duty during the incident
(iv)    The employee who authorized the desk clerk to call 911 for purported crime by Plaintiff requiring 911 call.
(v)     District Manager/s responsible for oversight of ESA Round Rock – South

(d) Identity the corporate entity that owned the subject hotel on December 31, 2017 include full legal name/s and a full names and addresses of owner's corporate officers if owner is a corporate entity:
(i)     President
(ii)    Chief Executive officer
(iii)   Secretary
(iv)    General Counsel

(e) Identity the corporate entity that managed the subject hotel on December 31, 2017 include full legal name/s and a full names and addresses of owner's corporate officers if owner is a corporate entity:

    (i)     President
    (ii)    Chief Executive officer
    (iii)   Secretary
    (iv)   General Counsel
    (v)    Include a copy of the agreement between the owner and the manager of ESA Round Rock – South hotel.

(f) Identity the corporate entity that managed the subject hotel on December 31, 2017 include full legal name/s and a full names and addresses of owner's corporate officers if owner is a corporate entity:

    (i)     President
    (ii)    Chief Executive officer
    (iii)   Secretary
    (iv)   General Counsel
    (v)    Provide a copy of the Management Agreement between the owner and the manager of ESA Round Rock – South hotel.

(g) Identity the corporate entity that operated the subject hotel on December 31, 2017 include full legal name/s and a full names and addresses of owner's corporate officers if owner is a corporate entity:

    (i)     President
    (ii)    Chief Executive officer
    (iii)   Secretary
    (iv)   General Counsel
    (v)    Name all entities that control in full or part the manner and method affecting Extended Stay Management LLC's exercise of its management control over the management and operation of subject Extended Stay America hotel on the day of the incident, December 31, 2017. Provide a copy of all agreement then existing between Extended Stay Management LLC and all entities that exert or control the manner and method of management of Extended Stay Management LLC of the Operation Agreement between the "Operating Company" and Owner/s, and Extended Management LLC. Include a copy of the agreement between the owner and the manager of ESA Round Rock – South hotel.

(h) Identity the corporate entity that "operated" the subject hotel on December 31, 2017 include full legal name/s and a full names and addresses of owner's corporate officers if owner is a corporate entity:

    (i)President
    (ii)    Chief Executive officer
    (iii)   Secretary
    (iv)   General Counsel;

    (v)      Provide a copy the "operating" company's agreement with other entities related to management and control of the manner and method affecting the "operating" entity's relation with other interested parties.

(i) Identify the following persons/corporate officers by full name, address, phone numbers, email address Extended Stay America Inc. (the parent) on December 31, 2017.

    (i)President

    (ii) Chief Executive Officer

    (iii) Secretary

    (iv)     General Counsel

    (v)      Explain the relationship in full between Extended Stay America Inc. and Extended Stay Management LLC and explain why it is not accountable for acts and omissions for its wholly owned subsidiary. Include any case law in support of your contention.

(j) Disclose full identification of Extended Stay Management LLC employees, agent or independent contractors subject to Extended Stay Management LLC control in full or in part; direct or indirect associated with Extended Stay America Round Rock - South hotel  providing their full name, current home address, current business address, current phone number, current email addresses for the following

    (i)       General Manager

    (ii)     Assistant Manager

    (iii)    Manager on duty at the time of the incident

    (iv)    District Manager

(k) Provide a copy of surveillance video of the incident for the entirety of Plaintiff's presence at the Extended Stay America Round Rock – South hotel on the day of December 31, 2017.

(l) Provide a copy of the 911 tape and transcript for "call for service" made by defendant Tyler.

(m)Provide a copy of the transcript of Plaintiff's phone contact with Extended Stay America Corporate Customer Service line.

(n) Prove a copy of the Extended Stay America hotel Security Policy manual in effect at the time of the incident at subject hotel.

(o) Identify the person making internal tress pass/black listing banning Plaintiff from Extended Stay America hotel.

(p) Provide a copy of Extended Stay America hotel policy for banning a customer by blacklisting.

[14]

(q) Provide a true and correct copy of:
    (i)    Any and all official incident report;
    (ii)    Report of any official investigation and action taken. Defendants have raised special exception contending they are not the proper parties to this action, and their wholly owned subsidiary Extended Stay Management, LLC and its employees who are charged with the daily operation and management of the subject hotel properties are the proper parties instead.

(2) Grant Plaintiff thirty (30) days in which to file his response from the day Defendants have complied with this request for disclosure in view of Plaintiff's lack of access to Travis County Law Library in the light of the current COVID-19 crisis and City of Austin closure requirements. Plaintiff reserves the right to make request for enlargement of this should library facilities continue to be unavailable.

(3) Grant Plaintiff further relief as the Hon. Court deems proper in law and equity.

(4) Plaintiff requests that the court take judicial notice of the content of Extended Stay America Inc.'s :(1) Website and (2) FORM S-1 Extended Stay America Inc.

A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Dated: May 25, 2020

Respectfully submitted,

RAVINDRA SINGH, PH.D.
Plaintiff, Pro Se

P. O. BOX 10526
Austin, TX 78766

(512)293-7646
excion_2000@yahoo.com

## CERTIFICATE OF SERVICE

I certify that, this day May 26[rd], 2020 I served a true and correct copy of Plaintiff's Request for Disclosure on Defendants' Counsel of record Per applicable Tex. R. Civ. P. via United State Postal Service RRR # _7019-2970-0000-2072-6691_.

RAVINDRA SINGH, PH.D.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Caswell on behalf of Kevin Teters
Bar No. 24075678
mary.caswell@hklaw.com
Envelope ID: 43413278
Status as of 06/02/2020 15:21:12 PM -05:00

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Caswell | | mary.caswell@hklaw.com | 6/2/2020 3:03:41 PM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 6/2/2020 3:03:41 PM | SENT |
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 6/2/2020 3:03:41 PM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 6/2/2020 3:03:41 PM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 6/2/2020 3:03:41 PM | SENT |
| Ravindra Singh, PhD | | excion_2000@yahoo.com | 6/2/2020 3:03:41 PM | SENT |

Associated Case Party: Extended Stay America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schulte | 24037456 | David.Schulte@hklaw.com | 6/2/2020 3:03:41 PM | SENT |

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants.* | § | 53RD JUDICIAL DISTRICT |

## <u>ORDER</u>

Came on for consideration the motion of defendants Bruce N. Haase ("<u>Haase</u>") and Extended Stay America, Inc. ("<u>ESA</u>") (collectively, the "<u>ESA Defendants</u>") for protective order under Rule 192.6 of the Texas Rules of Civil Procedure. The Court, having considered the ESA Defendants' motion, the response (if any) of plaintiff Ravindra Singh ("<u>Singh</u>"), the record, and applicable authorities, concludes that the ESA Defendants' motion should be granted. Therefore,

The Court ORDERS that the ESA Defendants' motion for protective order be, and is hereby, GRANTED, and that the ESA Defendants have no obligation to respond to the written discovery Singh served on them via a motion to compel or otherwise.

THE COURT SO ORDERS.

Signed this ___ day of _____, 2020.

<br>

_____
HONORABLE JUDGE PRESIDING

# EXHIBIT C-15

6/2/2020 3:03 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-008866**
**Gilberto Rios**

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants.* | § | 53RD JUDICIAL DISTRICT |

## ESA DEFENDANTS' RESPONSE TO MOTION TO COMPEL

Subject to his previously filed special appearance, defendant Bruce N. Haase ("Haase"), along with defendant Extended Stay America, Inc. ("ESA") (collectively, the "ESA Defendants") file this response in opposition to a motion to compel filed by plaintiff Ravindra Singh ("Singh").

## I. Introduction & Summary of the Argument

By way of background, Singh was refused service by an Extended Stay America branded hotel in Round Rock, Texas in December 2017 for cursing and yelling at the front desk agent when Singh attempted to check into the hotel. Police had to be called out due to Singh's aggressive behavior that evening, and Singh agreed to leave once police arrived. On the two-year anniversary of this incident, Singh instituted this lawsuit by filing *Plaintiff's Original Petition* ("Petition") on December 31, 2019. Singh asserts a laundry list of claims against the hotel brand's parent company (ESA) and its president and chief executive officer (Haase) in his personal capacity.

On May 26, 2020, Singh filed a motion to compel titled *Plaintiff Ravindra Singh, Ph.D.'s Motion to Compel Defendants Extended Stay America, Inc. and Bruce Haase to Disclose Under Texas Rules of Civil Procedure 190.2(B)(6): (A) Identities of its Subsidiary ESA Management, LLC, and its Corporate Officers; (B) Identities the General Manager, Assistant Manager and*

*District Manager of the Extended Stay America Hotel – Round Rock South; and (C) Surveillance Footage of the Said Hotel Lobby and Official Investigation Report and Related Hotel Policies and Procedure Manual*. By his motion to compel, Singh requests that the Court direct the ESA Defendants to respond to a series of interrogatories and document requests.[1]

The Court should deny the Motion to Compel for any or all of three reasons:

1. Because Singh has not complied with Rule 47(c) of the Texas Rules of Civil Procedure, he may not conduct discovery. TEX. R. CIV. P. 47(d) ("A party that fails to comply with (c) may not conduct discovery until the party's pleading is amended to comply."). Because he may not conduct discovery, Singh is not entitled to file a motion to compel.

2. Because Singh has not served any discovery on the ESA Defendants, there is nothing for Singh to ask the Court to compel ESA Defendants to do.

3. Because Singh failed to confer on the motion to compel before filing it, the motion to compel should be denied.

## II. ARGUMENTS AND AUTHORITIES

### A.     Singh may not conduct discovery, let alone file a motion to compel.

Rule 47 of the Texas Rules of Civil Procedure requires, in pertinent part, that all original pleadings contain a statement setting forth a range of the amount of monetary damages the party seeks to recover in the lawsuit. TEX. R. CIV. P. 47(c). Here, Singh does not set forth in his Petition any of the information required by Rule 47(c). Accordingly, Singh may not conduct any discovery in this case until that pleading defect is corrected. *See* TEX. R. CIV. P. 47(d) ("A party that fails to comply with (c) may not conduct discovery until the party's pleading is amended to comply.").

Because Singh may not conduct discovery at all unless and until he corrects his pleading defect, he may not ask the Court to compel the ESA Defendants to respond to discovery.

---

[1]     Liberally construing the Motion to Compel filed by Singh—who is appearing *pro se*—as assorted written discovery, the ESA Defendants filed, out of an abundance of caution, a motion for protective order, seeking protection from such discovery. *See* TEX. R. CIV. P. 192.6. The ESA Defendants seek protection from the entirety of Singh's discovery because Singh is not permitted to conduct any discovery.

**B.**     **The Court should deny the motion because Singh has not served any discovery.**

A necessary prerequisite to a motion to compel is that the non-movant must have failed to adequately respond to outstanding written discovery. Here, Singh has not served any discovery on the ESA Defendants. By his motion to compel, Singh asks the Court to direct ESA Defendants to respond to a series of interrogatories and document requests that are raised for the first time in the motion to compel. Because Singh has not properly served any discovery on ESA Defendants, the motion to compel is premature, as there is nothing for Singh to ask the Court to compel.

**C.**     **Singh failed to confer before filing the Motion to Compel.**

"A fundamental tenet of our discovery rules is cooperation between parties and their counsel, and the expectation that agreements will be made as reasonably necessary for efficient disposition of the case." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 321 (Tex. 2009). Pursuant to Rule 191.2 of the Texas Rules of Civil Procedure,

> Parties and their attorneys are expected to cooperate in discovery and to make any agreements reasonably necessary for the efficient disposition of the case. **All discovery motions or requests for hearings relating to discovery must contain a certificate by the party filing the motion or request that a reasonable effort has been made to resolve the dispute without the necessity of court intervention and the effort failed**.

TEX. R. CIV. P. 191.2 (emphasis added); *see also Union Carbide Corp. v. Martin*, 349 S.W.3d 137, 146 (Tex. App.—Dallas 2011, no pet.) ("[t]he rules of civil procedure require a certificate of conference on all discovery motions or requests for hearings related to discovery.").

Singh made no effort to confer before filing the motion to compel. Had he attempted to confer on the motion, ESA Defendants' counsel would have reminded Singh that: (i) Singh is not authorized to conduct any discovery because of his failure to comply with Rule 47(c), and (ii) Singh had not yet even served any discovery on ESA Defendants. Under the Rules, the parties are expected to confer in a meaningful fashion about discovery disputes in an effort to resolve or

minimize disputes presented to the Court. Singh bypassed the conference requirement and presented an unauthorized, premature discovery dispute for the first time in his motion to compel Accordingly, Singh's motion to compel should be denied in its entirety on this basis alone.

### III. CONCLUSION AND PRAYER

For the foregoing reasons, the ESA Defendants respectfully request that the Court deny Singh's Motion to Compel in its entirety, and award the ESA Defendants such other and further relief, general and special, at law and in equity, to which they are justly entitled.

Date:  June 2, 2020

Respectfully submitted,

  */s/ David C. Schulte*

Kevin A. Teters
   Texas Bar No. 24075678
   kevin.teters@hklaw.com
Kelly Franklin Bagnall
   Texas Bar No. 07375800
   kelly.bagnall@hklaw.com
David C. Schulte
   Texas Bar No. 24037456
   david.schulte@hklaw.com
Morgan J. Kloeppel
   Texas Bar No. 24116625
   morgan.kloeppel@hklaw.com
**HOLLAND & KNIGHT LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 964-9500
(214) 964-9501 (facsimile)

**ATTORNEYS FOR DEFENDANTS EXTENDED STAY AMERICA, INC. AND BRUCE N. HAASE**

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2020, a true and correct copy of this document was served on Plaintiff, Ravindra Singh, via electronic mail, first-class mail, and express mail, as follows:

Ravindra Singh, Ph. D.
P.O. Box 10526
Austin, Texas 78766
excion_2000@yahoo.com

  */s/ Morgan J. Kleoppel*
Morgan J. Kleoppel

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Caswell on behalf of Kevin Teters
Bar No. 24075678
mary.caswell@hklaw.com
Envelope ID: 43413278
Status as of 06/02/2020 15:21:12 PM -05:00

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Caswell | | mary.caswell@hklaw.com | 6/2/2020 3:03:41 PM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 6/2/2020 3:03:41 PM | SENT |
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 6/2/2020 3:03:41 PM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 6/2/2020 3:03:41 PM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 6/2/2020 3:03:41 PM | SENT |
| Ravindra Singh, PhD | | excion_2000@yahoo.com | 6/2/2020 3:03:41 PM | SENT |

Associated Case Party: Extended Stay America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schulte | 24037456 | David.Schulte@hklaw.com | 6/2/2020 3:03:41 PM | SENT |

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants.* | § | 53RD JUDICIAL DISTRICT |

## <u>ORDER</u>

Came on for consideration a motion to compel filed by plaintiff Ravindra Singh ("<u>Singh</u>"). The Court, having considered Singh's motion to compel, the response of defendants Bruce N. Haase and Extended Stay America, Inc., the record, and applicable authorities, concludes that Singh's motion to compel should in all things be denied. Therefore,

The Court ORDERS that Singh's motion to compel be, and is hereby, DENIED.

THE COURT SO ORDERS.

Signed this ____ day of _____, 2020.

_____
HONORABLE JUDGE PRESIDING

# EXHIBIT C-16

6/11/2020 11:32 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-008866
Gilberto Rios

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants.* | § | 53RD JUDICIAL DISTRICT |

## NOTICE OF SUBMISSION

PLEASE TAKE NOTICE that the following matters are set on the submission docket in the

53rd Judicial District Court of Travis County, Texas on **Thursday, June 18, 2020**:

1.    The Special Exception stated in paragraph 2 (citing TRCP 47(c)) of Defendant ESA's

Special Exceptions, filed on February 18, 2020; and

2.    The ESA Defendants' Motion for Protective Order, filed on June 2, 2020.

The Court has advised that its decisions on the above-referenced matters will be based only

on what has been filed by each side on or before June 17, 2020.

The Court instructed that each party must email proposed orders (in any variation such party

believes the Court might consider signing) in Word format to 53.submission@traviscountytx.gov.

Date:  June 11, 2020

Respectfully submitted,

Respectfully submitted,

___/s/ Morgan J. Kleoppel_____
Kevin A. Teters
   Texas Bar No. 24075678
   kevin.teters@hklaw.com
Kelly Franklin Bagnall
   Texas Bar No. 07375800
   kelly.bagnall@hklaw.com
David C. Schulte
   Texas Bar No. 24037456
   david.schulte@hklaw.com
Morgan J. Kleoppel
   Texas Bar No. 24116625
   morgan.kleoppel@hklaw.com
**HOLLAND & KNIGHT LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 964-9500
(214) 964-9501 (facsimile)

**ATTORNEYS FOR DEFENDANTS EXTENDED STAY AMERICA, INC. AND BRUCE N. HAASE**

## CERTIFICATE OF SERVICE

    I hereby certify that on June 11, 2020, a true and correct copy of this document was served on Plaintiff, Ravindra Singh, via electronic mail, first-class mail, and express mail, as follows:

    Ravindra Singh, Ph. D.
    P.O. Box 10526
    Austin, Texas 78766
    excion_2000@yahoo.com

           ___/s/ Morgan J. Kleoppel_____
           Morgan J. Kleoppel

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Caswell on behalf of Kevin Teters
Bar No. 24075678
mary.caswell@hklaw.com
Envelope ID: 43660728
Status as of 06/11/2020 11:42:39 AM -05:00

Associated Case Party: Extended Stay America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schulte | 24037456 | David.Schulte@hklaw.com | 6/11/2020 11:32:33 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 6/11/2020 11:32:33 AM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 6/11/2020 11:32:33 AM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 6/11/2020 11:32:33 AM | SENT |
| Mary Caswell | | mary.caswell@hklaw.com | 6/11/2020 11:32:33 AM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 6/11/2020 11:32:33 AM | SENT |

Associated Case Party: Ravindra Singh

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ravindra Singh, PhD | | excion_2000@yahoo.com | 6/11/2020 11:32:33 AM | SENT |

# EXHIBIT C-17

6/18/2020 5:35 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-008866
Jessica A. Limon

**CAUSE NO. D-1-GN-19-008866**

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL TORRES,** | § | |
| **JON DOE, and JANE DOE,** | § | |
| | § | |
| *Defendants.* | § | **53RD JUDICIAL DISTRICT** |

## ORDER ON SPECIAL EXCEPTION AND MOTION FOR PROTECTIVE ORDER

Having considered the Special Exception asserted in paragraph 2, citing TRCP 47 (c), of Defendant Extended Stay America, Inc.'s Special Exceptions…filed on February 18, and having also considered ESA Defendants' Motion for Protective Order filed on June 2, the Court makes the following rulings:

This Special Exception is granted, and Plaintiff is ordered to Amend Plaintiff's Petition to comply with Texas Rules of Civil Procedure 47 (c). ESA Defendants' Motion for Protective Order is granted. It is ordered that Plaintiff may not conduct discovery until after Plaintiff has amended Plaintiff's Petition to comply with TRCP 47 (c).

All other motions or requests for relief that are filed in this case should be set on the central docket on or after June 29 in compliance with the Third Amended Emergency Order Regarding COVID-19.

Signed this 18th day of June, 2020.

_____

JUDGE SCOTT H. JENKINS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 43873529
Status as of 06/19/2020 12:02:49 PM -05:00

Associated Case Party: Extended Stay America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schulte | 24037456 | David.Schulte@hklaw.com | 6/18/2020 5:35:48 PM | SENT |

Associated Case Party: Ravindra Singh

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ravindra Singh, PhD | | excion_2000@yahoo.com | 6/18/2020 5:35:48 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Caswell | | mary.caswell@hklaw.com | 6/18/2020 5:35:48 PM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 6/18/2020 5:35:48 PM | SENT |
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 6/18/2020 5:35:48 PM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 6/18/2020 5:35:48 PM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 6/18/2020 5:35:48 PM | SENT |

# EXHIBIT C-18

7/6/2020 4:06 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-008866**
**Sandra Henriquez**

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants.* | § | 53RD JUDICIAL DISTRICT |

### ESA'S MOTION TO COMPEL AND FOR ATTORNEYS' FEES

Pursuant to TEX. R. CIV. P. 215, defendant Extended Stay America, Inc. ("ESA") files this motion to compel and for the recovery of attorneys' fees against plaintiff Ravindra Singh ("Singh").

## I. BACKGROUND

By way of background, Singh was refused service by an Extended Stay America branded hotel in Round Rock, Texas ("Hotel") in December 2017 for cursing and yelling at the front desk agent when Singh attempted to check into the hotel. Police had to be called out due to Singh's aggressive behavior that evening, and Singh agreed to leave once police arrived. Singh filed this lawsuit on December 31, 2019 on the two-year anniversary of this incident. Singh asserts a laundry list of claims against the hotel brand's parent company ("ESA") and its president and chief executive officer ("Haase") in his personal capacity (who filed a special appearance challenging personal jurisdiction).

On May 22, 2020, ESA served on Singh the following written discovery seeking discoverable information and documents relative to Singh's claims in this lawsuit: (1) *Defendant Extended Stay America Inc.'s First Set of Interrogatories to Plaintiff Ravindra Singh*

1

("Interrogatories"); (2) *Defendant Extended Stay America Inc.'s First Requests for Production to Plaintiff Ravindra Singh* ("Document Requests"); (3) *Defendant Extended Stay America Inc.'s First Requests for Admission to Plaintiff Ravindra Singh* ("Requests for Admission"); and (4) *Defendant's Request for Disclosure to Plaintiff Ravindra Singh* ("Request for Disclosures"). Attached as Exhibits 1, 2, 3, and 4, respectively, are true and correct copies of the Interrogatories, Document Requests, Requests for Admission, and Request for Disclosures. The discovery was served on Singh via email, Express U.S. Mail, first-class mail, and drop box. *See* Exhibit 5.

Singh's deadline to respond to the discovery was June 22, 2020. TEX. R. CIV. P. 193.1, 193.2(a), 196.2(a), 197.2(a), 198.2(a). Singh did not object or respond to the discovery. By emails dated June 29 and 30, 2020, counsel for ESA followed up with Singh about the overdue discovery responses. *See* Exhibit 6. Singh initially ignored those emails. On July 1 and again on July 2, 2020, counsel for ESA called Singh to inquire about the overdue discovery responses and to confer on this motion, but Singh did not answer the phone. ESA's counsel left voicemail messages for Singh on both occasions.

Singh finally responded to these attempts on July 3, 2020. Singh indicated that he will not respond to the discovery until the Court rules on his request for protection against ESA's discovery requests. As best ESA can tell however, Singh has not filed any motion for protective order.[1] Singh further insisted that ESA must identify for him certain Hotel employees, despite the Court's June 18, 2020 order stating that he may not conduct any discovery until he amends his pleadings to

---

1    Counsel for ESA is familiar with a draft motion that Singh emailed to the Court's Executive Assistant, Tiffany Gould, on June 17, 2020.  Ms. Gould responded to Singh's email on June 18, 2020 to inform him that this document was only treated as a courtesy copy and that he must e-file the motion for it to be considered by the Court. Singh did not subsequently file such motion.

comply with Texas Rule of Civil Procedure 47(c). This order did not alter Singh's obligation to timely respond to ESA's discovery requests.

ESA files this motion to compel Singh to respond to the Interrogatories, Document Requests, and Request for Disclosures,[2] and ESA seeks to recover attorneys' fees from Singh that ESA incurred having to seek and compel Singh's overdue discovery responses.

## II. ARGUMENTS & AUTHORITIES

Singh is intentionally withholding information and documents responsive to ESA's discovery requests. Singh is refusing to comply with his obligations to answer ESA's discovery requests because he is not presently authorized to take discovery in this matter. Singh's non-compliance with Rule 47(c) does not excuse his obligation to timely respond to proper written discovery requests issued by ESA.  Any objections Singh might have raised in response to ESA's discovery are waived because they were not made timely. TEX. R. CIV. P. 193.2(e).

Because Singh will not respond to ESA's written discovery, which seeks discoverable information and documents relative to Singh's claims in this lawsuit, ESA respectfully requests that the Court order Singh (i) to respond, fully and completely, without objections, to the Interrogatories, Document Requests, and Request for Disclosures, and (ii) to produce all documents responsive to the Document Requests.

## III. MOTION FOR ATTORNEYS' FEES AGAINST SINGH

ESA requests that the Court order Singh to pay the attorneys' fees ESA has incurred relative to its efforts to obtain Singh's overdue discovery responses under TEX. R. CIV. P. 215, which allows a party to request attorneys' fees if a party fails to respond to interrogatories or

---

[2]    The Requests for Admission are not a subject of this motion to compel. By failing to respond to the Requests for Admission, the requests are deemed to be admitted as true. *See* TEX. R. CIV. P. 198.1(c) ("If a response is not timely served, the request is considered admitted without the necessity of a court order.").

requests for production. Tex. R. Civ. P. 215.1(b)(3). If the Court finds that "a party is abusing the discovery process in … resisting discovery," then the Court may, after notice and hearing, impose any appropriate sanction authorized by Rule 215.2(b). *See* Tex. R. Civ. P. 215.3. Appropriate sanctions include requiring the disobedient party to pay reasonable expenses and attorneys' fees. Tex. R. Civ. P. 215.2(b)(8).

A sanction is "just" if there is a direct relationship between the offensive conduct and the sanction, and the sanction is not excessive. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). The direct-relationship requirement is satisfied if the sanction is directed (1) against the abuse; (2) toward remedying the prejudice caused to the innocent party; and (3) against the offender, whether that be a party, counsel, or both. *Pressil v. Gibson*, 558 S.W.3d 349, 353 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

As detailed above, Singh—after acknowledging receipt of ESA's discovery requests—is knowingly and intentionally refusing to respond to ESA's written discovery, which seeks discoverable information and documents relative to Singh's claims in this lawsuit. After he ignored the discovery, he resisted ESA's counsel's repeated efforts to resolve this discovery dispute informally, without having to involve the Court. ESA is prejudiced by not having access to the requested information and documents, which impacts its ability to defend against Singh's claims. Thus, ESA requests that this Court discourage Singh's behavior by imposing appropriate sanctions in the form of attorneys' fees related to ESA's efforts in repeatedly requesting discovery responses and document production, and the time incurred in relation to this motion to compel.

A discovery sanction of attorneys' fees has a direct relationship to the offensive conduct, and it is not excessive. *See Powell*, 811 S.W.2d at 917. Here, the direct-relationship requirement is satisfied because the sanction is directed (1) against the abuse; (2) toward remedying the

prejudice caused to the innocent party (ESA); and (3) against the offender (Singh). *See Gibson*, 558 S.W.3d at 353. ESA respectfully requests that such sanctions be issued to deter further discovery abuses by Singh. The amount of attorneys' fees will be established, at the Court's preference, at the hearing on the motion or via affidavit once all fees and costs are known.

## IV. CONCLUSION

ESA respectfully requests that the Court: (1) grant this motion to compel, (2) order Singh to respond, fully and completely, without objections, to the Interrogatories, Document Requests, and Request for Disclosures; (3) order Singh to produce all documents responsive to the Document Requests; (4) grant the motion for attorneys' fees, and order that ESA have and recover from Singh sanctions in the form of attorneys' fees and expenses to compensate ESA for its time in seeking Singh's overdue discovery responses, preparing this motion to compel and appearing for the hearing; and (5) award ESA such other and further relief, general and special, at law and in equity, to which it is justly entitled.

Date:  July 6, 2020

Respectfully submitted,

*/s/ Morgan J. Kleoppel*

Kevin A. Teters
  Texas Bar No. 24075678
  kevin.teters@hklaw.com
Kelly Franklin Bagnall
  Texas Bar No. 07375800
  kelly.bagnall@hklaw.com
David C. Schulte
  Texas Bar No. 24037456
  david.schulte@hklaw.com
Morgan J. Kleoppel
  Texas Bar No. 24116625
  morgan.kleoppel@hklaw.com
**HOLLAND & KNIGHT LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 964-9500
(214) 964-9501 (facsimile)

**ATTORNEYS FOR DEFENDANTS EXTENDED STAY AMERICA, INC. AND BRUCE N. HAASE**

**CERTIFICATE OF CONFERENCE**

I certify that I conferenced with Plaintiff, Ravindra Singh via email on July 3, 2020 regarding the relief sought by this motion to compel and for attorneys' fees, and Plaintiff stated that he is opposed to ESA's requests for relief.

_/s/ Morgan J. Kleoppel_
Morgan J. Kleoppel

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2020, a true and correct copy of this document was served on Plaintiff, Ravindra Singh, via electronic mail, first-class mail, express mail, and drop box at the following addresses:

Ravindra Singh, Ph. D.
P.O. Box 10526
Austin, Texas 78766
excion_2000@yahoo.com

_/s/ Kevin A. Teters_
Kevin A. Teters

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Caswell on behalf of Kevin Teters
Bar No. 24075678
mary.caswell@hklaw.com
Envelope ID: 44280310
Status as of 07/07/2020 10:37:04 AM -05:00

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mary Caswell | | mary.caswell@hklaw.com | 7/6/2020 4:06:33 PM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 7/6/2020 4:06:33 PM | SENT |
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 7/6/2020 4:06:33 PM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 7/6/2020 4:06:33 PM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 7/6/2020 4:06:33 PM | SENT |

Associated Case Party: Extended Stay America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Schulte | 24037456 | David.Schulte@hklaw.com | 7/6/2020 4:06:33 PM | SENT |

Associated Case Party: Ravindra Singh

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ravindra Singh, PhD | | excion_2000@yahoo.com | 7/6/2020 4:06:33 PM | SENT |

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants.* | § | 53RD JUDICIAL DISTRICT |

## **ORDER**

Came on for consideration the motion of defendant Extended Stay America, Inc. ("ESA") to compel and for attorneys' fees. The Court, having considered ESA's motion, the response (if any) of plaintiff Ravindra Singh ("Singh"), the record, and applicable authorities, concludes that ESA's motion should in all things be granted. Therefore,

The Court ORDERS that: (1) ESA's motion to compel is hereby, granted; (2) within seven (7) calendar days of the date on which this order is signed, Singh shall respond, fully and completely, without objections, to the Interrogatories, Document Requests, and Request for Disclosures served on him by ESA on May 22, 2020; and (3) within seven (7) calendar days of the date on which this order is signed, Singh shall produce all documents responsive to the Document Requests served on him by ESA on May 22, 2020.

The Court finds that Singh (1) received the Interrogatories, Document Requests, and Request for Disclosures on May 22, 2020; (2) was aware that his responses to such discovery were due on June 22, 2020; and (3) knowingly disregarded his obligations to respond to such discovery. The Court concludes that Singh abused the discovery process by intentionally resisting ESA's attempts to conduct discovery and that sanctions are therefore appropriate pursuant to Texas Rule

1

of Civil Procedure 215. Accordingly, the Court FURTHER ORDERS that ESA have and recover from Singh sanctions in the form of attorneys' fees and expenses in the amount of $_____.

THE COURT SO ORDERS.

Signed this ____ day of _____, 2020.

_____
HONORABLE JUDGE PRESIDING

# EXHIBIT C-19

7/16/2020 11:29 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-008866
Norma Ybarra

**CAUSE NO. D-1-GN-19-008866**

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL TORRES,** | § | |
| **JON DOE, and JANE DOE,** | § | |
| | § | |
| *Defendants.* | § | **53rd JUDICIAL DISTRICT** |

---

## NOTICE OF HEARING ON DEFENDANT'S MOTION TO COMPEL

---

PLEASE TAKE NOTICE that a hearing regarding Defendant's Motion to Compel will occur in the 53rd District Court of Travis County, Texas on **August 6, 2020 at 9:00 a.m**. Pursuant to the Travis County Civil and Family Courts Third Amended Emergency Order Regarding COVID-19, this hearing may be held by teleconference, videoconference, or in person at the discretion of the Judge.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

 */s/ Morgan J. Kleoppel*

Kevin A. Teters
   Texas Bar No. 24075678
   kevin.teters@hklaw.com
Kelly Franklin Bagnall
   Texas Bar No. 07375800
   kelly.bagnall@hklaw.com
David C. Schulte
   Texas Bar No. 24037456
   david.schulte@hklaw.com
Morgan J. Kleoppel
   Texas Bar No. 24116625
   morgan.kleoppel@hklaw.com

200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 964-9500
(214) 964-9501 (facsimile)

**ATTORNEYS FOR DEFENDANTS EXTENDED STAY AMERICA, INC. AND BRUCE N. HAASE**

## CERTIFICATE OF SERVICE

     I hereby certify that on July 16, 2020, a true and correct copy of this document was served on Plaintiff, Ravindra Singh, via electronic mail, first-class mail, express mail, and drop box at the following addresses:

Ravindra Singh, Ph. D.
P.O. Box 10526
Austin, Texas 78766
excion_2000@yahoo.com

 */s/ Morgan J. Kleoppel*
Morgan J. Kleoppel

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Caswell on behalf of Kevin Teters
Bar No. 24075678
mary.caswell@hklaw.com
Envelope ID: 44573590
Status as of 07/16/2020 13:28:04 PM -05:00

Associated Case Party: Extended Stay America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schulte | 24037456 | David.Schulte@hklaw.com | 7/16/2020 11:29:41 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 7/16/2020 11:29:41 AM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 7/16/2020 11:29:41 AM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 7/16/2020 11:29:41 AM | SENT |
| Mary Caswell | | mary.caswell@hklaw.com | 7/16/2020 11:29:41 AM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 7/16/2020 11:29:41 AM | SENT |

Associated Case Party: Ravindra Singh

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ravindra Singh, PhD | | excion_2000@yahoo.com | 7/16/2020 11:29:41 AM | SENT |

# EXHIBIT C-20

**Holland & Knight**

7/21/2020 12:01 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-008866**
**Sandra Henriquez**

200 Crescent Court, Suite 200 | Dallas, TX 75201 | T 214.964.9500 | F 214.964.9501
Holland & Knight LLP | www.hklaw.com

Morgan J. Kleoppel
214.964.9445
morgan.kleoppel@hklaw.com

July 21, 2020

_BY E-FILE_

Clerk of the Court
53rd Judicial District Court
1000 Guadalupe, 4th floor
Austin, TX 78701

  Re:  Cause No. D-1-GN-19-008866, _Ravindra Singh v. Extended Stay America, Inc. et al.,_
      In the 53rd Judicial District Court of Travis County, Texas

Dear Clerk:

  Enclosed are the exhibits that should have been attached to ESA's Motion to Compel and
for Attorneys' Fees that was filed on July 6, 2020. The original filing failed and I am filing again
pursuant to my assistant's conversation with the clerk's office today.

      Sincerely,

       _/s/ Morgan Kleoppel_

      Morgan J. Kleoppel

# EXHIBIT 1

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL** | § | |
| **TORRES, JON DOE, JANE DOE** | § | |
| | § | |
| **Defendants.** | § | **53RD JUDICIAL DISTRICT** |

---

**DEFENDANT EXTENDED STAY AMERICA INC.'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF RAVINDRA SINGH**

---

TO:     Plaintiff Ravindra Singh, P.O. Box 10526, Austin, Texas 78766

Pursuant to Texas Rules of Civil Procedure 192 and 197, Defendant Extended Stay America, Inc. ("Defendant" or "ESA") serves this First Set of Interrogatories ("Interrogatories") on Plaintiff Ravindra Singh ("You").   You are instructed to serve your answers to these Interrogatories within thirty (30) days of the date of service to Defendant's attorneys, Holland & Knight LLP, attention Kevin A. Teters and Kelly Franklin Bagnall, 200 Crescent Court, Suite 1600, Dallas, Texas 75201, as well as via email, kevin.teters@hklaw.com and kelly.bagnall@hklaw.com, morgan.kleoppel@hklaw.com.

May 22, 2020                          Respectfully submitted,

                                **Holland & Knight LLP**


                                */s/ Morgan J. Kleoppel*
                                Kevin A. Teters
                                Texas Bar No. 24075678
                                Kevin.Teters@hklaw.com
                                Kelly Franklin Bagnall
                                Texas Bar No. 07375800
                                Kelly.Bagnall@hklaw.com
                                Morgan J. Kleoppel
                                Texas Bar No. 24116625
                                Morgan.Kleoppel@hklaw.com
                                200 Crescent Court
                                Suite 1600
                                Dallas, Texas 75201
                                Phone: (214) 964-9500
                                Fax: (214) 964-9501

                                **ATTORNEYS FOR DEFENDANT**
                                **EXTENDED STAY AMERICA, INC.**


## CERTIFICATE OF SERVICE

      I hereby certify that on May 22, 2020, a true and correct copy of the foregoing was served via Express Mail, first class mail, email, and drop on Ravindra Singh at:

Ravindra Singh, Ph. D.
excion_2000@yahoo.com
P.O. Box 10526
Austin, Texas 78766


                                */s/ Morgan J. Kleoppel*
                                Morgan J. Kleoppel

# I.
## <u>DEFINITIONS AND INSTRUCTIONS</u>

For the purposes of these Requests, the following terms shall have the meaning given to each, unless the context clearly requires otherwise:

1.  "**You**" and "**your**" (whether capitalized or not) shall mean Plaintiff Ravindra Singh.

2.  "**Defendant**" and "**ESA**" shall mean and refer to Defendant Extended Stay America, Inc.

3.  "**Mr. Singh**" shall mean Plaintiff Ravindra Singh.

4.   "**Lawsuit**" shall mean and refer to the above styled and numbered cause and the pleadings on file therein.

5.  "**Petition**" means "Plaintiff's Original Petition" filed on or about December 31, 2019 in this matter.

6.  "**Hotel**" shall mean and refer to the hotel commonly known as the "Extended Stay America – South Round Rock **-** Austin," located at 16950 North Interstate 35, Austin, Texas 78728.

7.  "**Incident**" shall mean the events alleged in the Petition to have occurred at the Hotel on December 31, 2017.

8.  "**Phone Number**" shall mean the phone number you allege Tyler Murray (or "Murray Tyler") provided you in paragraph 35 of your Petition.

9.  "**Tyler Murray**" shall mean the individual identified in the Petition as "Murray Tyler."

10.   "**Document**" shall mean and include all "documents and tangible things" to the broadest extent included and described in Rule 192.3(b) of the Texas Rules of Civil Procedure.

11.  "**Communication**," "**communicate**" or "**communicated**" means or refers to any transmittal of information, including, but not limited to, any inquiry, e-mail, discussion, conversation, negotiation, agreement, undertaking, meeting, telephone conversation, letter, note, telegram, telex, advertisement or other form of verbal intercourse, whether in oral, written, or electronic form.

12.  "**Identify**," "**identification**," "**identity**" or "**describe in detail**" shall mean, when used in reference to:

    (a)  <u>Person</u>:  the Person's name, address(es), and phone number; and, if not an individual, state the governmental authority/state under which it is organized and existing, and the address of its principal place of business;

    (b)  <u>Communication</u>:  the date of the Communication, the type of Communication (telephone conversation, meeting, etc.), and each Person present when it was made; and

(c)    <u>Document</u>:  the type of document (letter, memo, etc.), the identity of the author or originator, the date authorized or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief description of the subject matter thereof, all with sufficient particularity to request its production.

13.   The words "**or**" and "**any**" appearing in any request should not be read so as to eliminate any part of the request, but whenever applicable, it should have the same meaning as the words "**and**" and "**all**," respectively.  For example, a request stating "support or refer" should be read as "support and refer" if an answer that does both can be made.

14.   "**Relating to**" shall be used interchangeably to encompass all phrases such as regarding, respecting, concerning, referring to, mentioning, reflecting, containing, discussing, and other similar terms such as evidencing, involving, describing, analyzing, evaluating, identifying, responding to, supporting, opposing, constituting, or being a draft, copy, or summary of in whole or in part.

15.   "**Including**," or one of its derivatives, means "including but not limited to."

16.   These interrogatories are continuing in nature and require supplemental answers.  In the event that You, or any person acting on Your behalf, becomes aware of additional information that is responsive to any of the following interrogatories at any time after providing initial answers, You are required to furnish such information to counsel for Plaintiff.

17.   These interrogatories require You to respond by providing all information which is within Your actual or constructive knowledge, or that of any agent, employee or other person acting or purporting to act on Your behalf.

18.   If You believe any of the following interrogatories are objectionable, respond to as much of the interrogatory as is not, in Your view, objectionable, and separately state the portion of the interrogatory to which You object and the grounds for Your objection.

19.   The following interrogatories are not intended to seek confidential attorney-client communications or attorney work product.

## II.
## <u>INTERROGATORIES</u>

(If you are handwriting your Answers, you may attach additional pages if the spaces provided are insufficient.  DO NOT limit your answer because you run out of room in the spaces provided)

**INTERROGATORY NO. 1:**   Please identify the physical address where you slept on the night of December 31, 2017.  If this was at a hotel or other lodging establishment, please include the name of such hotel or other lodging establishment and identify the amount you paid for such lodging that night and the type of room you rented and any amenities associated with that stay (e.g., a suite, a king bed room, a double bed room, etc.).

**ANSWER:**

**INTERROGATORY NO. 2:**   Please identify the physical address of your permanent residence, if any, on December 31, 2017.

**ANSWER:**

**INTERROGATORY NO. 3:**   Please identify every person you interacted with at the Hotel on December 31, 2017.

**ANSWER:**

**INTERROGATORY NO. 4:**   Please identify every person you saw in the Hotel's lobby at any time on December 31, 2017. For those whose name you do not know, please describe their physical appearance, approximate age, clothing, race, gender, and any other details or characteristics you recall about each such person.

**ANSWER:**

**INTERROGATORY NO. 5:**   Please state the reason(s) you were attempting to stay at the Hotel on December 31, 2017.

**ANSWER:**

**INTERROGATORY NO. 6:**  Please identify and list all phone numbers provided to you by Tyler Murray or any other Hotel staff member on December 31, 2017 while you were at the Hotel.

**ANSWER:**

**INTERROGATORY NO. 7:**  Please describe all changes and disruptions in your daily life that have occurred as a result the Incident. Identify all documents supporting your answer to this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 8:**  Please identify all physicians and other medical professionals who treated you for mental or physical harm you claim to have suffered as a result of the Incident and/or your April 2018 ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel. In your Answer, please also state the dates for and locations of each such treatment. Identify all documents supporting your answer to this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 9:**  Please identify all job opportunities and educational opportunities you claimed to have lost as a result of the alleged mental anguish you suffered from the Incident and/or your April 2018 ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel. In your answer, please identify the job or educational qualifications required for each such opportunity and any reason given by the company/employer or educational facility as to why you were not hired or qualified. Identify all documents supporting your answer to this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 10:** Please describe the facts that form the basis of your belief that the first number you called from the Hotel on December 31, 2017 was a number connecting you to telephonic pornography services, as alleged in paragraph 35 of your Petition.

**ANSWER:**

**INTERROGATORY NO. 11:**   Please describe with specificity all statements or comments about your race or national origin that you heard made by any Hotel staff member on December 31, 2017. In your Answer, identify who made each such statement and to whom you believe each such statement was made and the context in which the statement was made.

**ANSWER:**

**INTERROGATORY NO. 12:**  Please identify and describe each alleged promise anyone from the Hotel or ESA made to you in regards to your reservation on December 31, 2017. Please include who made the promise, when it was made, and the specific promise made.

**ANSWER:**

**INTERROGATORY NO. 13:**  Please identify all reservations you have made or have attempted to make at any Extended Stay America-branded hotel from September 1, 2017 to present. Identify all documents supporting your answer to this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 14:**  As to each relationship you claim was lost or damaged as a result of the Incident, please identify each such person, the nature of your relationship with him or her, and each such person's last known address, contact information, and employer.

**ANSWER:**

**INTERROGATORY NO. 15:**  Please identify the last known contact information and employer for anyone you have lived with since December 31, 2017.

**ANSWER:**

**INTERROGATORY NO. 16:**  Please identify all criminal actions (felony or misdemeanor) against you in the last ten (10) years. Identify all documents supporting your answer to this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 17:**  Please list your marital history with name and address of each current and former spouse.

**ANSWER:**

**INTERROGATORY NO. 18:**  Please identify all of your social media accounts since January 1, 2015, including but not limited to Facebook, Twitter, Instagram, LinkedIn, and Tik Tok.

**ANSWER:**

# EXHIBIT 2

**CAUSE NO. D-1-GN-19-008866**

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL** | § | |
| **TORRES, JON DOE, JANE DOE** | § | |
| | § | |
| **Defendants.** | § | **53ᴿᴰ JUDICIAL DISTRICT** |

---

### DEFENDANT EXTENDED STAY AMERICA INC.'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF RAVINDRA SINGH

---

Pursuant to Texas Rules of Civil Procedure 192 and 196, Defendant Extended Stay America, Inc. ("Defendant" or "ESA") serves these First Requests for Production ("Requests") on Plaintiff Ravindra Singh ("You"). Please produce all documents responsive to the Requests by delivering them with your responses to the within thirty (30) days of the date of service to Defendant's attorneys, Holland & Knight LLP, attention Kevin A. Teters, Kelly Franklin Bagnall, and Morgan J. Kleoppel, 200 Crescent Court, Suite 1600, Dallas, Texas 75201, and via email to kevin.teters@hklaw.com, kelly.bagnall@hklaw.com, and morgan.kleoppel@hklaw.com.

Dated: May 22, 2020                    Respectfully submitted,


                                       **HOLLAND & KNIGHT LLP**


                                       _/s/ Morgan J. Kleoppel_
                                       Kevin A. Teters
                                       Texas Bar No. 24075678
                                       Kevin.Teters@hklaw.com
                                       Kelly Franklin Bagnall
                                       Texas Bar No. 07375800
                                       Kelly.Bagnall@hklaw.com
                                       Morgan J. Kleoppel
                                       Texas Bar No. 24116625
                                       Morgan.Kleoppel@hklaw.com
                                       200 Crescent Court
                                       Suite 1600
                                       Dallas, Texas 75201
                                       Phone: (214) 964-9500
                                       Fax: (214) 964-9501

                                       **ATTORNEYS FOR DEFENDANT**
                                       **EXTENDED STAY AMERICA, INC.**




## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, a true and correct copy of the foregoing was served via Express Mail, first class mail, email, and drop box on Ravindra Singh at:

Ravindra Singh, Ph. D.
excion_2000@yahoo.com
P.O. Box 10526
Austin, Texas 78766


                                       _/s/ Morgan J. Kleoppel_
                                       Morgan J. Kleoppel

# I.
## <u>DEFINITIONS AND INSTRUCTIONS</u>

For the purposes of these Requests, the following terms shall have the meaning given to each, unless the context clearly requires otherwise:

1. "**You**" and "**your**" (whether capitalized or not) shall mean Plaintiff Ravindra Singh.

2. "**Defendant**" and "**ESA**" shall mean and refer to Defendant Extended Stay America, Inc.

3. "**Mr. Singh**" shall mean Plaintiff Ravindra Singh.

4. "**Lawsuit**" shall mean and refer to the above styled and numbered cause and the pleadings on file therein.

5. "**Petition**" means "Plaintiff's Original Petition" filed on or about December 31, 2019 in this matter.

6. "**Hotel**" shall mean and refer to the hotel commonly known as the "Extended Stay America – South Round Rock - Austin," located at 16950 North Interstate 35, Austin, Texas 78728.

7. "**Incident**" shall mean the events alleged in the Petition to have occurred at the Hotel on December 31, 2017.

8. "**Phone Number**" shall mean the phone number you allege Tyler Murray (or "Murray Tyler") provided you in paragraph 35 of your Petition.

9. "**Tyler Murray**" shall mean the individual identified in the Petition as "Murray Tyler."

10. "**Document**" shall mean and include all "documents and tangible things" to the broadest extent included and described in Rule 192.3(b) of the Texas Rules of Civil Procedure.

11. "**Communication**," "**communicate**" or "**communicated**" means or refers to any transmittal of information, including, but not limited to, any inquiry, e-mail, discussion, conversation, negotiation, agreement, undertaking, meeting, telephone conversation, letter, note, telegram, telex, advertisement or other form of verbal intercourse, whether in oral, written, or electronic form.

12. "**Identify**," "**identification**," "**identity**" or "**describe in detail**" shall mean, when used in reference to:

    (a) <u>Person</u>:  the Person's name, address(es), and phone number; and, if not an individual, state the governmental authority/state under which it is organized and existing, and the address of its principal place of business;

    (b) <u>Communication</u>:  the date of the Communication, the type of Communication (telephone conversation, meeting, etc.), and each Person present when it was made; and

---

(c)   <u>Document</u>:  the type of document (letter, memo, etc.), the identity of the author or originator, the date authorized or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief description of the subject matter thereof, all with sufficient particularity to request its production.

13.   The words "**or**" and "**any**" appearing in any request should not be read so as to eliminate any part of the request, but whenever applicable, it should have the same meaning as the words "**and**" and "**all**," respectively.  For example, a request stating "support or refer" should be read as "support and refer" if an answer that does both can be made.

14.   "**Relating to**" shall be used interchangeably to encompass all phrases such as regarding, respecting, concerning, referring to, mentioning, reflecting, containing, discussing, and other similar terms such as evidencing, involving, describing, analyzing, evaluating, identifying, responding to, supporting, opposing, constituting, or being a draft, copy, or summary of in whole or in part.

15.   "**Including**," or one of its derivatives, means "including but not limited to."

16.   These Requests are continuing in nature and require supplemental answers.  In the event that You, or any person acting on Your behalf, becomes aware of additional material that is responsive to any of the following Requests at any time after providing initial answers, You are required to furnish such information to counsel for Plaintiff.

17.   These Requests require You to respond by providing all information which is within Your actual or constructive knowledge, or that of any agent, employee or other person acting or purporting to act on Your behalf.

18.   The following Requests are not intended to seek confidential attorney-client communications or attorney work product.

## II.
## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Please produce copies of all communications you have had with police, the District Attorney's office or any public officer/employee relating to the Incident or the claims you have asserted in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  Please produce copies of all communications you have had with anyone affiliated with ESA relating to the Incident or the claims you have asserted in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  Please produce copies of all communications you have had with any other person or entity  not otherwise encompassed in Requests 1 and 2 relating to the Incident or the claims you have asserted in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  Please produce copies of all of your text messages relating to the Hotel, the Incident, the claims you have asserted in this Lawsuit, and/or any defendant to this Lawsuit from December 1, 2017 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  Please produce all of your written communications to and/or with anyone affiliated with the Hotel from December 1, 2017 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  Please produce all of your written communications to and/or with anyone affiliated with ESA Management, LLC's corporate office from December 1, 2017 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  Please produce all of your written communications to and/or with anyone affiliated with Defendant, any other defendant to this Lawsuit, or any Extended Stay America-branded hotels or affiliated organization from December 1, 2017 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  Please produce all communications, including emails, you have received since December 31, 2017 from Defendant, anyone you believe is affiliated with Defendant, or any other defendant in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  Please produce copies of your email logs relating to the alleged 122 communications you have received from "Defendant ESA" since December 31, 2017, as alleged in paragraph 56 of your Petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  Please produce copies of the alleged 122 communications you have received from "Defendant ESA" since December 31, 2017, as alleged in paragraph 56 of your Petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  Please produce your entire credit card statements for your Visa credit card that ended with the digits 3284 as of December 31, 2017 for the time period of December 1, 2017 through April 1, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**  Please produce your credit card statements for your credit card that you provided as payment for your reservation at the Hotel on December 31, 2017 for the time period of December 1, 2017 through April 1, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Please produce all confirmation emails for any reservations at an Extended Stay America-branded hotels from September 1, 2017 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Please produce your cell phone records relating to all calls you made on your cell phone after 2:00 PM on December 31, 2017 through January 1, 2018 and including the duration of those calls.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Please produce all communications You have had with the Round Rock, Texas police and/or Sheriff's department from December 31, 2017 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Please produce all documents you received from Tyler Murray or any other Hotel staff member on December 31, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Please produce any documents and communications containing the phone numbers provided to you by Hotel staff when you were at Hotel on December 31, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Please produce any documents and communications containing the Phone Number you allege was given to you by Hotel staff on December 31, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**  All documents given to you (registration, folio, invoice, etc.) by any lodging establishment at which you stayed on the night of December 31, 2017 in connection with such stay.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20:**  Documents sufficient to establish all sums you paid for lodging on the night of December 31, 2017.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:**  All audio and/or video recordings you made at the Hotel or of any Hotel staff members.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22:**  All audio and/or video recordings you made while at the Hotel on December 31, 2017 .

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23:**  All audio and/or video recordings you made or have received of the Hotel or any Hotel staff members after December 31, 2017 .

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 24:**  All photographs you have taken of the Hotel.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 25:**  All photographs you have obtained from any source relating to the Hotel.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All photographs you have taken of a Hotel employee and of any defendant to this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All photographs you have obtained from any source depicting any Hotel employee(s) or any Defendant to this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Every document you allege is or was a contract with any defendant to this Lawsuit that was made on or after September 1, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** All documents relating to any monetary damages you claim to have suffered and/or incurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** All documents relating to any non-monetary damages you claim to have suffered and/or incurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** Please fill out and sign the Authorization to Disclose Health Information form, attached as Exhibit A.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Please fill out and sign the Authorization to Disclose Psychotherapy Notes form, attached as Exhibit B.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**  All medical records relating to each medication you began taking after December 31, 2017, that you were not taking prior thereto, as a result of the Incident or your ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel in April 2018.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 34:**  All medical records related to physical or mental medical treatment you received as a result of the Incident or your ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel in April 2018

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**  Documents relating to all payments you made to medical professionals in relation to physical or mental medical treatment you sought or received as a result of the Incident or your ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel in April 2018.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 36:**  Documents sufficient to show the name of all medications, and medical professional who prescribed same, if any, you began taking after December 31, 2017 as a result of the Incident or your ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel in April 2018. With respect to each  medication, the pharmacy and/or other location where it was obtained/acquired.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 37:**  For all medications subject to your response to the preceding Request, documents sufficient to show when you first started taking such medications and the number of times the medication prescription has been filled.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 38:**  Complete copies of your tax returns for the last five (5) years and any extensions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** Documents relating to all "opportunities" you claim you have lost because of the Incident or your ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel in April 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** Please fill out and sign the Authorization for Release of Educational Records, attached as Exhibit C.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** Please fill out and sign the Authorization for Release of Personnel Records, attached as Exhibit D.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** Documents relating to all employment opportunities you claim you have lost because of the mental anguish you claimed to have suffered from the Incident or your ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel in April 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** Documents relating to all qualifications required for any job you applied for following the Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** Copies of all documents you submitted when applying for any job after the Incident, including but not limited to, applications, resumes, cover letters, letters of recommendation, and transcripts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** Documents relating to all reasons you were given for any jobs you lost following the Incident or your ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel in April 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**  Documents relating to all reasons you were given for any jobs you applied for and were not offered following the Incident or your ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel in April 2018.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 47:**  Documents relating to any unemployment benefits you have applied for in the past 10 years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 48:**  Documents relating to any unemployment benefits you have received in the past 10 years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 49:**  Documents relating to all personal relationships you claim you have lost or that were damaged because of the mental anguish you claimed to have suffered from Incident and/or your ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel in April 2018.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 50:**  Documents relating to all educational opportunities you claim you lost because of the mental anguish you claimed to have suffered from the Incident or your ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel in April 2018.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 51:**  Documents relating to all professional development opportunities you claim you lost because of the mental anguish you claimed to have suffered from the Incident or your ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel in April 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**   All communications you have had with any prospective employer since December 31, 2017. This Request does not seek communications you have had with any employer while under their employment other than reprimands or warnings related to job performance or behavior.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 53:**   All communications you have had with anyone regarding the physical or mental harm you claim to have suffered as a result of the Incident or your ejection from the "Gracy Farm Lane" Extended Stay America-branded hotel in April 2018.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 54:**   All communications you have had with any prospective educational institution since December 31, 2017.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 55:**   All documents, photographs, reports, and recordings you have obtained from any police department and/or emergency operator in relation to the Incident and/or any claim you have asserted in this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 56:**   To the extent not encompassed by other Requests herein, copies of all documents you intend to use to support your claims for damages in this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 57:**   Any documents evidencing your arrest history (if any) for the prior ten (10) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:**   Any documents evidencing your criminal convictions (if any) for the last ten (10) years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 59:**  Any citations given to you by police related to the Incident or any other matter since January 1, 2017.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 60:**  Any warnings given to you by police since January 1, 2017.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 61:**  Documents evidencing your pay/compensation from any endeavor for the last ten (10) years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 62:**  Copies of your Texas driver's license and passport.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 63:**  Any documents evidencing any other disputes or altercations you have had with anyone.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 64:**  Any civil or criminal restraining orders taken out against you.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 65</u>:**  Copies of pleadings from any lawsuit in which you have been a plaintiff or defendant in the last ten (10) years.

**RESPONSE:**


**<u>REQUEST FOR PRODUCTION NO. 66</u>:**  Copies of all your social media posts from 2015 to the present under any name/account that you have the ability to post under.

**RESPONSE:**

# EXHIBIT A

## AUTHORIZATION TO DISCLOSE HEALTH INFORMATION

To Whom It May Concern:

Re:   Patient Name: Ravindra Singh
        Social Security #: _____
        Date of Birth: _____

I request that you disclose the following information in connection with a legal action: **Copies of all documents and materials constituting or containing information or opinions regarding** Ravindra Singh's **past, present, and/or future physical, mental or emotional condition or the treatment or evaluation of one as a result of any injury, illness, or condition suffered by her, including but not limited to medical records, reports, and notes; x-rays, myelograms, MRI's, CT scans or any other radiographic record or image; psychiatric, psychological or professional counseling records, reports, and notes; records and reports of any psychological or psychiatric evaluations or testing administered to her; laboratory reports and slides; diagnostic studies; clinical abstracts; charts; histories; all handwritten notes, even if such notes were later typewritten; and all records of charges and payment for treatment, including all records of all insurance payments.\*** You are authorized to make the disclosure to Kelly Bagnall, Esq., or to any other employee or partner of the law firm of Holland & Knight LLP, 200 Crescent Court, Suite 1600, Dallas, Texas 75201, or to the record service company designated on any subpoena provided to you in this legal action.

I understand that I have a right to revoke this authorization at any time by writing to the person or entity to whom this authorization is directed at the above address, but that the revocation will not apply to information that already has been released in reliance on the authorization. Unless previously revoked, this authorization will expire two years from the date below. I understand that you may not condition treatment, payment, enrollment or eligibility for benefits on whether or not I sign this authorization.

I understand that information disclosed pursuant to this authorization may be redisclosed by the recipient and may no longer be protected under federal regulations concerning the privacy of individually identifiable health information, 45 C.F.R. Parts 160 and 164.

Any facsimile, copy, or photocopy of the authorization shall authorize you to release the information described above.

I acknowledge that I have read this form in its entirety and that my authorization is voluntary.

_____          _____
Ravindra Singh                                                  Date

\* This authorization does not include psychotherapy notes, which means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling

session or a group, joint, or family counseling session and that are separated from the rest of the individual's medical record.

**EXHIBIT B**

## AUTHORIZATION TO DISCLOSE PSYCHOTHERAPY NOTES

To Whom It May Concern:

Re:     Patient Name: Ravindra Singh
        Social Security #: _____
        Date of Birth: _____

I request that you disclose the following information in connection with a legal action:     **Copies of all documents and materials constituting or containing information or opinions regarding** Ravindra Singh's **past and present psychotherapy notes, which means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session and that are separated from the rest of her medical record.** You are authorized to make the disclosure to Kelly Bagnall, Esq., or to any other employee or partner of the law firm of Holland & Knight LLP, 200 Crescent Court, Suite 1600, Dallas, Texas 75201, or to the record service company designated on any subpoena provided to you in this legal action.

I understand that I have a right to revoke this authorization at any time by writing to the person or entity to whom this authorization is directed at the above address, but that the revocation will not apply to information that already has been released in reliance on the authorization.  Unless previously revoked, this authorization will expire two years from the date below.  I understand that you may not condition treatment, payment, enrollment or eligibility for benefits on whether or not I sign this authorization.

I understand that information disclosed pursuant to this authorization may be redisclosed by the recipient and may no longer be protected under federal regulations concerning the privacy of individually identifiable health information, 45 C.F.R. Parts 160 and 164.

Any facsimile, copy, or photocopy of the authorization shall authorize you to release the information described above.

I acknowledge that I have read this form in its entirety and that my authorization is voluntary.


_____          _____
Ravindra Singh                                                      Date

# EXHIBIT C

## **AUTHORIZATION FOR RELEASE OF EDUCATIONAL RECORDS**

TO WHOM IT MAY CONCERN:

You are authorized and directed by me, Ravindra Singh, to furnish Kelly Bagnall, Holland & Knight LLP, attorney for Extended Stay America, Inc., or her designated representative, any and all of my information and records in your possession. Such records include, but are not limited to, transcripts and any other records of training or scholastic accomplishment.

This release is executed to make records available in connection with a civil lawsuit brought by the undersigned.

A photostatic copy of this authorization shall be considered as effective and valid as the original.

_____

Ravindra Singh

_____

Social Security Number

_____

Date of Birth

# EXHIBIT D

## AUTHORIZATION FOR RELEASE OF PERSONNEL RECORDS

TO WHOM IT MAY CONCERN:

You are authorized and directed by me, Ravindra Singh, to furnish Kelly Bagnall, Holland & Knight LLP, attorney for Extended Stay America, Inc., or her designated representative, any and all of my information and employment records.

Such information and employment records include, but are not limited to, personnel records, payroll records, claims for injuries, medical records, pre-employment or employment physicals, applications for employment and termination or resignation notices.

This release is executed to make records available in connection with a civil lawsuit brought by the undersigned.

A photostatic copy of this authorization shall be considered as effective and valid as the original.

_____
Ravindra Singh

_____
Social Security Number

_____
Date of Birth

# EXHIBIT 3

## CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL | § | |
| TORRES, JON DOE, JANE DOE | § | |
| | § | |
| **Defendants.** | § | 53ᴿᴰ JUDICIAL DISTRICT |

### DEFENDANT EXTENDED STAY AMERICA INC.'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF RAVINDRA SINGH

TO:     Plaintiff Ravindra Singh, P.O. Box 10526, Austin, Texas 78766

Pursuant to Texas Rules of Civil Procedure 192 and 198, Defendant, Extended Stay America, Inc. ("Defendant" or "ESA") serves these First Requests for Admission ("Requests") on Plaintiff Ravindra Singh ("You").  You are instructed to serve your answers to these Requests within thirty (30) days of the date of service to Defendant's attorneys, Holland & Knight LLP, attention Kevin A. Teters and Kelly Franklin Bagnall, 200 Crescent Court, Suite 1600, Dallas, Texas 75201, as well as via email, kevin.teters@hklaw.com, and kelly.bagnall@hklaw.com, and morgan.kleoppel@hklaw.com.

May 22, 2020

Respectfully submitted,

**Holland & Knight LLP**

/s/ Morgan J. Kleoppel
Kevin A. Teters
Texas Bar No. 24075678
Kevin.Teters@hklaw.com
Kelly Franklin Bagnall
Texas Bar No. 07375800
Kelly.Bagnall@hklaw.com
Morgan J. Kleoppel
Texas Bar No. 24116625
Morgan.Kleoppel@hklaw.com
200 Crescent Court
Suite 1600
Dallas, Texas 75201
Phone: (214) 964-9500
Fax: (214) 964-9501

**ATTORNEYS FOR DEFENDANT
EXTENDED STAY AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, a true and correct copy of the foregoing was served via Express Mail, first class mail, email, and drop on Ravindra Singh at:

Ravindra Singh, Ph. D.
excion_2000@yahoo.com
P.O. Box 10526
Austin, Texas 78766

/s/ Morgan J. Kleoppel
Morgan J. Kleoppel

# I.
## DEFINITIONS AND INSTRUCTIONS

For the purposes of these Requests, the following terms shall have the meaning given to each, unless the context clearly requires otherwise:

1. "**You**" and "**your**" (whether capitalized or not) shall mean Plaintiff Ravindra Singh.

2. "**Defendant**" and "**ESA**" shall mean and refer to Defendant Extended Stay America, Inc.

3. "**Mr. Singh**" shall mean Plaintiff Ravindra Singh.

4. "**Lawsuit**" shall mean and refer to the above styled and numbered cause and the pleadings on file therein.

5. "**Petition**" means "Plaintiff's Original Petition" filed on or about December 31, 2019 in this matter.

6. "**Hotel**" shall mean and refer to the hotel commonly known as the "Extended Stay America – South Round Rock - Austin," located at 16950 North Interstate 35, Austin, Texas 78728.

7. "**Incident**" shall mean the events alleged in the Petition to have occurred at the Hotel on December 31, 2017.

8. "**Phone Number**" shall mean the phone number you allege Tyler Murray (or "Murray Tyler") provided you in paragraph 35 of your Petition.

9. "**Tyler Murray**" shall mean the individual identified in the Petition as "Murrary Tyler."

10. "**Guest Services**" shall mean the customer relations line phone number Tyler Murray gave you the phone number to on December 31, 2017.

11. "**Document**" shall mean and include all "documents and tangible things" to the broadest extent included and described in Rule 192.3(b) of the Texas Rules of Civil Procedure.

12. "**Communication**," "**communicate**" or "**communicated**" means or refers to any transmittal of information, including, but not limited to, any inquiry, e-mail, discussion, conversation, negotiation, agreement, undertaking, meeting, telephone conversation, letter, note, telegram, telex, advertisement or other form of verbal intercourse, whether in oral, written, or electronic form.

13. "**Identify**," "**identification**," "**identity**" or "**describe in detail**" shall mean, when used in reference to:

    (a) Person: the Person's name, address(es), and phone number; and, if not an individual, state the governmental authority/state under which it is organized and existing, and the address of its principal place of business;

(b)   <u>Communication</u>:   the date of the Communication, the type of Communication (telephone conversation, meeting, etc.), and each Person present when it was made; and

(c)   <u>Document</u>:  the type of document (letter, memo, etc.), the identity of the author or originator, the date authorized or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief description of the subject matter thereof, all with sufficient particularity to request its production.

14. The words "**or**" and "**any**" appearing in any request should not be read so as to eliminate any part of the request, but whenever applicable, it should have the same meaning as the words "**and**" and "**all**," respectively.  For example, a request stating "support or refer" should be read as "support and refer" if an answer that does both can be made.

15. "**Relating to**" shall be used interchangeably to encompass all phrases such as regarding, respecting, concerning, referring to, mentioning, reflecting, containing, discussing, and other similar terms such as evidencing, involving, describing, analyzing, evaluating, identifying, responding to, supporting, opposing, constituting, or being a draft, copy, or summary of in whole or in part.

16. "**Including**," or one of its derivatives, means "including but not limited to."

17. If a Request contains more than one sub-part and You intend to deny the Request, separate the specific portions of the statement that You intend to deny from those You intend to admit or otherwise.  TRCP 198.2.

18. If You deny a Request, but only to a certain extent, please state the extent to which You admit or deny the Request.

19. For each matter which You refuse to admit or deny because of lack of information explain in detail reasons for lack of information, including both:

(a)   Facts that show responding party made "reasonable inquiry" to secure needed information; and

(b)   How information known or easily obtained is not sufficient to permit admission or denial.  TRCP 198.2.

20. These Requests are continuing in nature and require supplemental answers.  In the event that You, or any person acting on Your behalf, becomes aware of additional material that is responsive to any of the following Requests at any time after providing initial answers, You are required to furnish such information to counsel for Plaintiff.

21. These Requests require You to respond by providing all information which is within Your actual or constructive knowledge, or that of any agent, employee or other person acting or purporting to act on Your behalf.

22. The following Requests are not intended to seek confidential attorney-client communications or attorney work product.

## II.
## <u>REQUESTS FOR ADMISSION</u>

Please specifically admit or deny each of the following:

**<u>REQUEST NO. 1</u>:**   Admit your legal name is Ravindra Singh.

**RESPONSE:**

**<u>REQUEST NO. 2</u>:**   Admit you presently reside in Austin, Texas.

**RESPONSE:**

**<u>REQUEST NO. 3</u>:**   Admit you had a permanent residence in or near Austin, Texas on December 31, 2017.

**RESPONSE:**

**<u>REQUEST NO. 4</u>:**   Admit you were wearing a blue hat and green jacket while attempting to check into the Hotel on December 31, 2017.

**RESPONSE:**

**<u>REQUEST NO. 5</u>:**   Admit no one else accompanied you when you when you were attempting to check into the Hotel on December 31, 2017.

**RESPONSE:**

**<u>REQUEST NO. 6</u>:**   Admit that on December 31, 2017, you told Tyler Murray that he did not look like a Hotel employee.

**RESPONSE:**

**<u>REQUEST NO. 7</u>:**   Admit when attempting to check into the Hotel on December 31, 2017, that you disputed with Tyler Murray whether a charge totaling approximately $5.00 should be included on your bill for renting a hotel room at the Hotel that evening.

**RESPONSE:**

**REQUEST NO. 8:**   Admit you got into a verbal argument with one or more Hotel staff members on December 31, 2017 while attempting to check into the Hotel.

**RESPONSE:**


**REQUEST NO. 9:**   Admit you cursed at one or more Hotel staff members on December 31, 2017 while attempting to check into the Hotel.

**RESPONSE:**


**REQUEST NO. 10:**   Admit you told Tyler Murray to "shut the fuck up", one or more times, while at the Hotel on December 31, 2017.

**RESPONSE:**


**REQUEST NO. 11:**   Admit you told Tyler Murray that he was "in the wrong place at the wrong time" when you were attempting to check into the Hotel on December 31, 2017.

**RESPONSE:**


**REQUEST NO. 12:**   Admit you yelled at one or more Hotel staff members on December 31, 2017 while attempting to check into the Hotel.

**RESPONSE:**


**REQUEST NO. 13:**   Admit that, before police arrived at the Hotel on December 31, 2017, you witnessed Tyler Murray assist at least one other guest at the Hotel's front desk.

**RESPONSE:**


**REQUEST NO. 14:**   Admit that, before police arrived at the Hotel on December 31, 2017, you witnessed Tyler Murray speaking on the Hotel phone.

**RESPONSE:**


**REQUEST NO. 15:**   Admit you were asked by Hotel staff to leave the Hotel premises on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 16:**  Admit you were asked by Hotel staff to leave the Hotel premises on December 31, 2017 due to your behavior towards Hotel staff that evening.

**RESPONSE:**


**REQUEST NO. 17:**  Admit the Hotel refused to serve you on December 31, 2017 due to your behavior towards Hotel staff while attempting to check into the Hotel that evening.

**RESPONSE:**


**REQUEST NO. 18:**  Admit no Hotel staff member mentioned your race, or alluded to your race, when asking you to leave the Hotel on December 31, 2017.

**RESPONSE:**


**REQUEST NO. 19:**  Admit that no Hotel staff member said any racial slur to you on December 31, 2017.

**RESPONSE:**


**REQUEST NO. 20:**  Admit Tyler Murray did not say that you were asked to leave the Hotel on December 31, 2017 due to your race.

**RESPONSE:**


**REQUEST NO. 21:**  Admit the only comment relating to your race that you heard come from a Hotel staff member on December 31, 2017 was made by Tyler Murray to someone else he was on the phone with at that time.

**RESPONSE:**


**REQUEST NO. 22:**  Admit that you only heard Tyler Murray describe your race one time to anyone on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 23:**  Admit that the only time you heard Tyler Murray describe your race to anyone on December 31, 2017 was while he was on the phone with someone else.

**RESPONSE:**


**REQUEST NO. 24:**   Admit that you do not know the identities of anyone Tyler Murray spoke to on the phone on December 31, 2017 while you were at the Hotel.

**RESPONSE:**


**REQUEST NO. 25:**   Admit that, before police arrived at the Hotel in relation to the Incident, you were aware that a Hotel staff member called the police on December 31, 2017 in relation to the Incident.

**RESPONSE:**


**REQUEST NO. 26:**   Admit that you are aware that a Hotel staff member called the police about you on December 31, 2017 because of your behavior that evening.

**RESPONSE:**


**REQUEST NO. 27:**   Admit a Hotel staff member called the police about you on December 31, 2017 because you refused to leave the Hotel when asked that evening.

**RESPONSE:**


**REQUEST NO. 28:**   Admit that you did not leave the Hotel premises on December 31, 2017 until a Round Rock Police Officer arrived at the Hotel in relation to the Incident.

**RESPONSE:**


**REQUEST NO. 29:**   Admit that the police officer who arrived at the Hotel on December 31, 2017 in relation to the Incident did not communicate to you that your race was a reason the Hotel refused you service.

**RESPONSE:**

**REQUEST NO. 30:** Admit that you did not personally know any of the individuals who witnessed the Incident on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 31:** Admit that, since leaving the Hotel on December 31, 2017, you have not seen or interacted with any of the individuals who witnessed the Incident.

**RESPONSE:**

**REQUEST NO. 32:** Admit that no police officer, who arrived at the Hotel on December 31, 2017, mentioned that your race was a reason the Hotel refused you service.

**RESPONSE:**

**REQUEST NO. 33:** Admit you were not arrested on December 31, 2017 in relation to the Incident.

**RESPONSE:**

**REQUEST NO. 34:** Admit you were not arrested any time after December 31, 2017 in relation to the Incident.

**RESPONSE:**

**REQUEST NO. 35:** Admit you were not put into handcuffs on December 31, 2017 in relation to the Incident.

**RESPONSE:**

**REQUEST NO. 36:** Admit you were not given a criminal citation related to the Incident.

**RESPONSE:**

**REQUEST NO. 37:** Admit no criminal charges were brought against you in relation to the Incident.

**RESPONSE:**

**REQUEST NO. 38:**  Admit you were not given a criminal citation related to the Incident.

**RESPONSE:**

**REQUEST NO. 39:**  Admit you have never made an appearance in criminal court in relation to the Incident.

**RESPONSE:**

**REQUEST NO. 40:**  Admit that you had a criminal record before December 31, 2017.

**RESPONSE:**

**REQUEST NO. 41:**  Admit that you had been arrested before December 31, 2017.

**RESPONSE:**

**REQUEST NO. 42:**  Admit that you were convicted of multiple crimes between January 1, 2013 and December 30, 2017.

**RESPONSE:**

**REQUEST NO. 43:**  Admit that you have never had any conversations or interactions with Bruce N. Haase.

**RESPONSE:**

**REQUEST NO. 44:**  Admit that Bruce N. Haase has never communicated with you.

**RESPONSE:**

**REQUEST NO. 45:**  Admit that you have never had any conversations or interactions with Crystal Torres.

**RESPONSE:**

**REQUEST NO. 46:**   Admit Tyler Murray did not give you the Phone Number.

**RESPONSE:**

**REQUEST NO. 47:**   Admit that no Hotel staff member gave you the Phone Number on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 48:**   Admit Tyler Murray gave you the phone number for Extended Stay America Guest Services because you requested that information.

**RESPONSE:**

**REQUEST NO. 49:**   Admit you raised your voice when you spoke with Guest Services.

**RESPONSE:**

**REQUEST NO. 50:**   Admit you did not attempt to speak with any Federal Emergency Management Agency case worker on January 9, 2018.

**RESPONSE:**

**REQUEST NO. 51:**   Admit you found alternative lodging for the night of December 31, 2017.

**RESPONSE:**

**REQUEST NO. 52:**   Admit you paid less than $59.79 for the alternative lodging you rented on the night of December 31, 2017.

**RESPONSE:**

**REQUEST NO. 53:**   Admit that the alternative lodging you rented on the night of December 31, 2017 was, in your opinion, of higher quality than the lodging at the Hotel.

**RESPONSE:**

**REQUEST NO. 54**:  Admit that you have not obtained professional mental therapy because of this Incident.

**RESPONSE:**


**REQUEST NO. 55**:  Admit that you have not obtained professional physical therapy because of this Incident.

**RESPONSE:**


**REQUEST NO. 56**:  Admit that you have not obtained professional emotional therapy because of this Incident.

**RESPONSE:**


**REQUEST NO. 57**:  Admit you were not physically injured because of this Incident.

**RESPONSE:**


**REQUEST NO. 58**:  Admit any emotional distress you experienced because of the Incident was not severe.

**RESPONSE:**


**REQUEST NO. 59**:  Admit you have not lost opportunities for employment because of the Incident.

**RESPONSE:**


**REQUEST NO. 60**:  Admit you have suffered no adverse effects in finding permanent housing because of this Incident.

**RESPONSE:**


**REQUEST NO. 61**:  Admit your daily routine was not significantly changed as a result of the Incident.

**RESPONSE:**

**REQUEST NO. 62:**  Admit that the Hotel refunded all money you paid in relation to your attempt to stay at the Hotel beginning on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 63:**  Admit you were told that the reason you were asked to leave the Extended Stay America branded "Gracy Farm Lane" hotel property in April 2018 was because you had been placed on the hotel chain's "do not rent" list.

**RESPONSE:**

**REQUEST NO. 64:**  Admit you are aware that the reason you were placed on the Extended Stay America branded hotel chain's "do not rent" list was because of your behavior at the Hotel on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 65:**  Admit Bruce Haase did not personally deny you accommodations at the Hotel in December 2017.

**RESPONSE:**

**REQUEST NO. 66:**  Admit Bruce Haase did not personally deny you accommodations at the Extended Stay America branded "Gracy Farm Lane" hotel property in April 2018.

**RESPONSE:**

**REQUEST NO. 67:**  Admit Bruce Haase did not personally call police about you on December 31, 2017 in relation to the Incident.

**RESPONSE:**

**REQUEST NO. 68:**  Admit Bruce Haase did not personally participate in any decision to call police about you on December 31, 2017 in relation to the Incident.

**RESPONSE:**

**REQUEST NO. 69**:  Admit no Defendant in this case has ever issued a credit card to you.

**RESPONSE:**


**REQUEST NO. 70**:  Admit you have never had a revolving charge account with any Defendant in this Lawsuit.

**RESPONSE:**


**REQUEST NO. 71**:  Admit you have never had an open-end credit account with any Defendant to this Lawsuit.

**RESPONSE:**


**REQUEST NO. 72**:  Admit you have never sent any written charge dispute to any Defendant to this Lawsuit.

**RESPONSE:**


**REQUEST NO. 73**:  Admit you did not have a contract with any Defendant to this Lawsuit in relation to your attempt to stay at the Hotel on December 31, 2017.

**RESPONSE:**


**REQUEST NO. 74**:  Admit you were not monetarily damaged by any action taken or inaction by any Defendant to this Lawsuit.

**RESPONSE:**


**REQUEST NO. 75**:  Admit you drove your own vehicle from the Hotel to the destination where you stayed on December 31, 2017.

**RESPONSE:**


**REQUEST NO. 76**:  Admit it did not cost you any money to **seek** accommodations for the night of December 31, 2017 after leaving the Hotel that evening.

**RESPONSE:**

**REQUEST NO. 77:**   Admit you did not give any Defendant to this Lawsuit at least sixty (60) days advance written notice of your Texas Deceptive Trade Practices Act claim prior to filing your Original Petition.

**RESPONSE:**


**REQUEST NO. 78:**   Admit no Defendant in this Lawsuit deceived or mislead you about staying at the Hotel on the night of December 31, 2017.

**RESPONSE:**


**REQUEST NO. 79:**   Admit your behavior towards Hotel staff on December 31, 2017 while you were attempting to check into the Hotel is the reason you were not allowed to stay at the Hotel that evening.

**RESPONSE:**


**REQUEST NO. 80:**   Admit you did not enter inside any hotel rooms at the Hotel on December 31, 2017.

**RESPONSE:**


**REQUEST NO. 81:**   Admit you are not aware whether any hotel rooms inside the Hotel were missing room rate information on December 31, 2017.

**RESPONSE:**


**REQUEST NO. 82:**   Admit you did not become a guest of the Hotel on December 31, 2017.

**RESPONSE:**


**REQUEST NO. 83:**   Admit you were never assigned a specific room at the Hotel on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 84:**   Admit that you did not complete the guest check-in process at the Hotel on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 85:**   Admit you were not personally damaged by any failure of the Hotel to have posted inside any of its rooms the current room rate information on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 86:**   Admit you were not a tenant of the Hotel on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 87:**   Admit you were not physically injured while at the Hotel on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 88:**   Admit you created a disturbance at the Hotel on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 89:**   Admit you had been denied accommodations at one or more hotels prior to December 31, 2017.

**RESPONSE:**

**REQUEST NO. 90:**   Admit you had been ejected from one or more hotels prior to December 31, 2017.

**RESPONSE:**

**REQUEST NO. 91:**   Admit one or more legal actions, including an eviction (also known as a forcible detainer), had been brought against you by a hotel in an attempt to remove you from its premises prior to December 31, 2017.

**RESPONSE:**

**REQUEST NO. 92:**  Admit you have been evicted from a hotel prior to December 31, 2017.

**RESPONSE:**

**REQUEST NO. 93:**  Admit the Hotel did not charge you excessive fees in relation to your attempted stay at the Hotel on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 94:**  Admit the Hotel did not charge you a penalty in relation to your attempted stay at the Hotel on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 95:**  Admit that none of the Defendants to this Lawsuit discriminated against you.

**RESPONSE:**

**REQUEST NO. 96:**  Admit the Hotel did not make any misrepresentations to you regarding your reservation on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 97:**  Admit that no employee of the Hotel made any misrepresentations to you regarding your reservation on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 98:**  Admit that no Defendant in this Lawsuit made any misrepresentations to you regarding your reservation on December 31, 2017.

**RESPONSE:**

**REQUEST NO. 99:**  Admit that Defendant never expressly promised you any specific level of service, as alleged in paragraph 79 of your Complaint.

**RESPONSE:**

**REQUEST NO. 100:**  Admit that Defendant did alert you to the price of your room booked for December 31, 2017 when you made the reservation.

**RESPONSE:**

**REQUEST NO. 101:**  Admit that no one at the Hotel discriminated against you.

**RESPONSE:**

# EXHIBIT 4

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOES, and JANE DOE, | § | |
| | § | |
| *Defendants*. | § | 53RD JUDICIAL DISTRICT |

**DEFENDANT'S REQUEST FOR DISCLOSURE TO PLAINTIFF**
**RAVINDRA SINGH**

TO:     Ravindra Singh, P.O. Box 10526, Austin, Texas 78766

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are hereby requested to

disclose, within 30 days of service of this request, the information or material described in 194.2

of the Texas Rules of Civil Procedure.  That material includes the following:

194.2(a)     The correct names of the parties to the lawsuit.

194.2(b)     The name, address, and the telephone number of any potential parties.

194.2(c)     The legal theories and, in general, the factual bases of the responding party's claims
or defenses.

194.2(d)     The amount and any method of calculating economic damages.

194.2(e)     The name, address, and telephone number of persons having knowledge of relevant
facts, and a brief statement of each identified person's connection with the case.

194.2(f)     For any testifying expert:
(1) The expert's names, address, and telephone number;
(2) The subject matter on which the expert will testify;
(3) The general substance of the expert's mental impressions and opinions and brief
summary of the basis for them, or if the expert is not retained by, employed by,
or otherwise subject to control of responding party, documents reflecting such
information; and

(4) If the expert is retained by, employed by, or otherwise subject to the control of the responding party:

    (a) All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (b) The expert's current resume and bibliography.

194.2(g)    Any indemnity and insuring agreements described in Rule 192.3(f).

194.2(h)    Any settlement agreements described in Rule 192.3 (g).

194.2(i)    Any witness statements described in Rule 192.3 (h).

194.2(j)    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization permitting the disclosure of such medical records and bills.

194.2(k)    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party furnished by the requesting party.

194.2(l)    The name, address, and telephone number of any person who may be designated as a responsible third party.

#73937648_v1

Dated: May 22, 2020                     Respectfully submitted,

                                        **HOLLAND & KNIGHT LLP**

                                        ___/s/ Morgan J. Kleoppel_____
                                        Kevin A. Teters
                                        Texas Bar No. 24075678
                                        Kevin.Teters@hklaw.com
                                        Kelly Franklin Bagnall
                                        Texas Bar No. 07375800
                                        Kelly.Bagnall@hklaw.com
                                        Morgan J. Kleoppel
                                        Texas Bar No. 24116625
                                        Morgan.Kleoppel@hklaw.com
                                        200 Crescent Court
                                        Suite 1600
                                        Dallas, Texas 75201
                                        Phone: (214) 964-9500
                                        Fax: (214) 964-9501

                                        **ATTORNEYS FOR DEFENDANT**
                                        **EXTENDED STAY AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, a true and correct copy of the foregoing was served via Express mail, first class mail, email, and drop box on Ravindra Singh at:

Ravindra Singh, Ph. D.
excion_2000@yahoo.com
P.O. Box 10526
Austin, Texas 78766

                                        /s/ Morgan J. Kleoppel_____
                                        Morgan J. Kleoppel

3

# EXHIBIT 5

| | |
|---|---|
| **From:** | Kleoppel, Morgan J (DFW - X59445) |
| **To:** | excion_2000@yahoo.com |
| **Cc:** | Bagnall, Kelly F (DFW - X59462) |
| **Subject:** | Defendant's Initial Requests for Discovery |
| **Date:** | Friday, May 22, 2020 4:59:16 PM |
| **Attachments:** | Defendant's First Request for Production to Plaintiff.pdf |
| | Defendant's First Set of Interrogatories to Plaintiff.pdf |
| | Defendant's Initial Request for Disclosure to Plaintiff.pdf |
| | Defendant's First Request for Admission to Plaintiff.pdf |

Mr. Singh,

Please see attached Defendant Extended Stay America, Inc.'s initial requests for discovery. These requests will also be provided to you by mail, Express mail, and drop box.

Thank you,
Morgan Kleoppel


**Morgan J. Kleoppel | Holland & Knight**

200 Crescent Court, Suite 1600 | Dallas, Texas 75201

Phone 214.964.9445 | Fax 214.964.9501

morgan.kleoppel@hklaw.com | www.hklaw.com

| | |
|---|---|
| **From:** | Speck, Karri (DFW - X59460) |
| **To:** | "excion_2000@yahoo.com" |
| **Cc:** | Bagnall, Kelly F (DFW - X59462) |
| **Subject:** | RE: Ravindra Singh vs. Extended Stay America, et al - iManage Share folder |
| **Date:** | Monday, June 22, 2020 2:56:48 PM |

Dr. Mr. Singh,

For your review, I uploaded the June 18, 2020, Order on Special Exceptions, and Motion for Protective Order.  Please advise if you are unable to retrieve it.  Also, please advise if there is a better way to get your documents to you.

Sincerely,

Karri Speck

**Karri Speck | Holland & Knight**
Paralegal
Holland & Knight LLP
200 Crescent Court, Suite 1600 | Dallas, Texas 75201
Phone 214.964.9460 | Fax 214.964.9501
karri.speck@hklaw.com | www.hklaw.com


**From:** Speck, Karri (DFW - X59460)
**Sent:** Monday, June 1, 2020 11:11 AM
**To:** 'excion_2000@yahoo.com' <excion_2000@yahoo.com>
**Cc:** Bagnall, Kelly F (DFW - X59462) <Kelly.Bagnall@hklaw.com>
**Subject:** RE: Ravindra Singh vs. Extended Stay America, et al - iManage Share folder

Dear Mr. Singh,

Did you receive the below-referenced discovery requests?

Also, can you download the share drive documents?  Would you please let us know if this type of transmission is working for you?

Thank you!

**Karri Speck | Holland & Knight**
Paralegal
Holland & Knight LLP
200 Crescent Court, Suite 1600 | Dallas, Texas 75201
Phone 214.964.9460 | Fax 214.964.9501
karri.speck@hklaw.com | www.hklaw.com

**From:** Speck, Karri (DFW - X59460)
**Sent:** Wednesday, May 27, 2020 12:02 PM
**To:** excion_2000@yahoo.com
**Cc:** Bagnall, Kelly F (DFW - X59462) <Kelly.Bagnall@hklaw.com>
**Subject:** RE: Ravindra Singh vs. Extended Stay America, et al - iManage Share folder

Mr. Singh,

I write to make sure that you know about and can download the following documents that were emailed to you by Morgan Kleoppel on May 22, 2020.

1. Defendant's First Set of Interrogatories to Plaintiff;
2. Defendant's First Request for Production to Plaintiff;
3. Defendant's First Request for Admission to Plaintiff; and
4. Defendant's Initial Request for Disclosure to Plaintiff.

For your convenience, I have also loaded these documents to the iManage Share drive.

Will you please let me that you can access the documents?

Kind regards,
Karri


**Karri Speck | Holland & Knight**
Paralegal
Holland & Knight LLP
200 Crescent Court, Suite 1600 | Dallas, Texas 75201
Phone 214.964.9460 | Fax 214.964.9501
karri.speck@hklaw.com | www.hklaw.com

**From:** Speck, Karri (DFW - X59460)
**Sent:** Thursday, May 21, 2020 11:05 AM
**To:** 'excion_2000@yahoo.com' <excion_2000@yahoo.com>
**Cc:** Bagnall, Kelly F (DFW - X59462) <Kelly.Bagnall@hklaw.com>
**Subject:** RE: Ravindra Singh vs. Extended Stay America, et al - iManage Share folder

Mr. Singh,

Respectfully we would like to know if this share-drive is working for you.  We endeavor to ensure that you receive all filings and other documents in this matter.  Would you please advise?

Kind regards,
Karri

**Karri Speck | Holland & Knight**
Paralegal
Holland & Knight LLP
200 Crescent Court, Suite 1600 | Dallas, Texas 75201
Phone 214.964.9460 | Fax 214.964.9501
karri.speck@hklaw.com | www.hklaw.com

**From:** Speck, Karri (DFW - X59460)
**Sent:** Tuesday, May 19, 2020 10:48 AM
**To:** 'excion_2000@yahoo.com' <excion_2000@yahoo.com>
**Cc:** Bagnall, Kelly F (DFW - X59462) <Kelly.Bagnall@hklaw.com>
**Subject:** RE: Ravindra Singh vs. Extended Stay America, et al - iManage Share folder

Mr. Singh,

Are you having trouble accessing the share-drive folder?  We want to make sure you can get the filings in this matter.  Will you please let us know?

Thank you,
Karri

**Karri Speck | Holland & Knight**
Paralegal
Holland & Knight LLP
200 Crescent Court, Suite 1600 | Dallas, Texas 75201
Phone 214.964.9460 | Fax 214.964.9501
karri.speck@hklaw.com | www.hklaw.com

**From:** Speck, Karri (DFW - X59460)
**Sent:** Wednesday, May 13, 2020 6:38 PM
**To:** 'excion_2000@yahoo.com' <excion_2000@yahoo.com>
**Cc:** Bagnall, Kelly F (DFW - X59462) <Kelly.Bagnall@hklaw.com>
**Subject:** RE: Ravindra Singh vs. Extended Stay America, et al - iManage Share folder

Dear Mr. Singh,

I noticed that you have not accessed the below referenced site.  Please let me know if I can help you to access it.

Sincerely,
Karri

**Karri Speck | Holland & Knight**

Paralegal

Holland & Knight LLP

200 Crescent Court, Suite 1600 | Dallas, Texas 75201

Phone 214.964.9460 | Fax 214.964.9501

karri.speck@hklaw.com | www.hklaw.com

**From:** Speck, Karri (DFW - X59460)
**Sent:** Tuesday, May 12, 2020 12:44 PM
**To:** 'excion_2000@yahoo.com' <excion_2000@yahoo.com>
**Cc:** Bagnall, Kelly F (DFW - X59462) <Kelly.Bagnall@hklaw.com>; Stowe, Fran (DFW - X59498) <Fran.Stowe@hklaw.com>
**Subject:** Ravindra Singh vs. Extended Stay America, et al - iManage Share folder

Dear Mr. Singh,

At Kelly Bagnall's request, I created an iManage Share folder for your use in retrieving documents in this matter.  You should have received an email containing a direct link to this folder.

If this is your first time to use iManage Share, you will have to create a username and password for this free account. Please feel free to contact me should you need assistance with the shared link.

Kind Regards,
Karri


**Karri Speck** | **Holland & Knight**

Paralegal

Holland & Knight LLP

200 Crescent Court, Suite 1600 | Dallas, Texas 75201

Phone 214.964.9460 | Fax 214.964.9501

karri.speck@hklaw.com | www.hklaw.com

# EXHIBIT 6

| From: | Kleoppel, Morgan J (DFW - X59445) |
|---|---|
| To: | "Mr Ravi Singh" |
| Cc: | Bagnall, Kelly F (DFW - X59462); Schulte, David C (DFW - X59419); Teters, Kevin A (DFW - X59408) |
| Subject: | Plaintiff"s Discovery Responses |
| Date: | Monday, June 29, 2020 1:24:16 PM |
| Attachments: | Defendant"s Initial Requests for Discovery .msg |

Mr. Singh,

On May 22, 2020, we served the attached discovery on you via email, mail, Express mail, and drop box. Your responses were due last Monday, June 22, 2020. As of today, we still have not received any responses from you. At this point, any objections to the discovery are waived. Please let us know when we can expect full and complete responses (without objections) to the attached discovery. If you are unwilling to commit to providing such responses, please let me know your availability for a call so we can confer on a motion to compel and for sanctions to recover attorneys' fees and costs associated with the motion to compel.

We look forward to your prompt response.

Thank you,
Morgan

**Morgan J. Kleoppel** | **Holland & Knight**
200 Crescent Court, Suite 1600 | Dallas, Texas 75201
Phone 214.964.9445 | Fax 214.964.9501
morgan.kleoppel@hklaw.com | www.hklaw.com

| | |
|---|---|
| **From:** | Kleoppel, Morgan J (DFW - X59445) |
| **To:** | "Mr Ravi Singh" |
| **Cc:** | Bagnall, Kelly F (DFW - X59462); Schulte, David C (DFW - X59419); Teters, Kevin A (DFW - X59408) |
| **Subject:** | RE: Plaintiff's Discovery Responses |
| **Date:** | Tuesday, June 30, 2020 4:03:56 PM |

Hello Mr. Singh,

I am following up on the below. Would you please provide when we can expect complete responses to our discovery requests, without objection, or a time you are available for a call so that we can confer on a motion to compel and for sanctions to recover attorneys' fees and costs associated with the motion to compel?

Thank you,
Morgan

**Morgan J. Kleoppel | Holland & Knight**

200 Crescent Court, Suite 1600 | Dallas, Texas 75201

Phone 214.964.9445 | Fax 214.964.9501

morgan.kleoppel@hklaw.com | www.hklaw.com

**From:** Kleoppel, Morgan J (DFW - X59445)
**Sent:** Monday, June 29, 2020 1:24 PM
**To:** 'Mr Ravi Singh' <excion_2000@yahoo.com>
**Cc:** Bagnall, Kelly F (DFW - X59462) <Kelly.Bagnall@hklaw.com>; Schulte, David C (DFW - X59419) <David.Schulte@hklaw.com>; Teters, Kevin A (DFW - X59408) <Kevin.Teters@hklaw.com>
**Subject:** Plaintiff's Discovery Responses

Mr. Singh,

On May 22, 2020, we served the attached discovery on you via email, mail, Express mail, and drop box. Your responses were due last Monday, June 22, 2020. As of today, we still have not received any responses from you. At this point, any objections to the discovery are waived. Please let us know when we can expect full and complete responses (without objections) to the attached discovery. If you are unwilling to commit to providing such responses, please let me know your availability for a call so we can confer on a motion to compel and for sanctions to recover attorneys' fees and costs associated with the motion to compel.

We look forward to your prompt response.

Thank you,
Morgan

**Morgan J. Kleoppel | Holland & Knight**

200 Crescent Court, Suite 1600 | Dallas, Texas 75201

Phone 214.964.9445 | Fax 214.964.9501

morgan.kleoppel@hklaw.com | www.hklaw.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elanda Spencer on behalf of Kevin Teters
Bar No. 24075678
elanda.spencer@hklaw.com
Envelope ID: 44694978
Status as of 07/21/2020 21:56:24 PM -05:00

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Caswell | | mary.caswell@hklaw.com | 7/21/2020 12:01:25 PM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 7/21/2020 12:01:25 PM | SENT |
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 7/21/2020 12:01:25 PM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 7/21/2020 12:01:25 PM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 7/21/2020 12:01:25 PM | SENT |

Associated Case Party: Extended Stay America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schulte | 24037456 | David.Schulte@hklaw.com | 7/21/2020 12:01:25 PM | SENT |

Associated Case Party: Ravindra Singh

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ravindra Singh, PhD | | excion_2000@yahoo.com | 7/21/2020 12:01:25 PM | SENT |

# EXHIBIT C-21



**DUSTIN M. HOWELL**
Judge
(512) 854-9306

**JONATHAN GLUSBAND**
Staff Attorney
(512) 854-4916

**STEPHANIE RINCON**
Court Operations Officer
(512) 854-9306

**200TH DISTRICT COURT**
HEMAN MARION SWEATT
TRAVIS COUNTY COURTHOUSE
P. O. BOX 1748
AUSTIN, TEXAS 78767

**LATASHA BATES**
Official Court Reporter
(512) 854- 9325

**VICTORIA BENAVIDES**
Court Clerk
(512) 854-5880

August 6, 2020

Morgan J. Kleoppel
Kelly Franklin Bagnall
Kevin A. Teters
David C. Schulte
*Holland & Knight LLP*
200 Crescent Court, Suite 1600
Dallas, Texas 75201
***Via Email:*** *morgan.kleoppel@hklaw.com*
***Via Email:*** *kelly.bagnall@hklaw.com*
***Via Email:*** *kevin.teters@hklaw.com*
***Via Email:*** *david.schulte@hklaw.com*

Ravindra Singh, Ph.D
*Pro Se Plaintiff*
P.O. Box 10526
Austin, Texas 78766
***Via Email:*** *excion_2000@yahoo.com*

**Re: Cause No. D-1-GN-19-008866;** *Ravindra Singh v. Extended Stay America, Inc., et al.; in the 53rd District Court of Travis County, Texas*

Dear Counsel and Mr. Singh:

I have considered on submission Defendant Extended Stay America, Inc.'s Motion to Compel and Recovery of Attorney's Fees, and hereby make the following rulings:

- Defendants' Motion to Compel is granted in its entirety;

- Mr. Singh shall provide the requested discovery by August 20, 2020; and

- If Mr. Singh does not provide the requested discovery by August 20, 2020, the Court will schedule a follow-up hearing on Defendant's request for the Recovery of Attorney's Fees.

D-1-GN-19-008866
Page 2 of 2


      Now that you have my rulings, Defendants shall prepare an order in Word and submit it for signature at your earliest convenience to Jonathan Glusband, at jonathan.glusband@traviscountytx.gov. Defendants shall copy Mr. Singh when submitting the proposed order. If you have any questions, please contact Mr. Glusband.


Sincerely,

Dustin M. Howell
Judge, 200th District Court


DMH/sr/jlg
xc:    Ms. Velva L. Price, Travis County District Clerk

# EXHIBIT C-22

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants*. | § | 200TH JUDICIAL DISTRICT |

## ORDER GRANTING ESA'S MOTION TO COMPEL

Came on for consideration the motions of defendant Extended Stay America, Inc. ("ESA") to compel and for attorneys' fees. The Court, having considered ESA's motions, the response (if any) of plaintiff Ravindra Singh ("Singh"), the record, and applicable authorities, concludes that ESA's motion to compel should be granted. It is therefore ordered:

1. Defendant's motion to compel is granted in its entirety;

2. Mr. Singh shall respond, fully and completely, without objections to ESA's Interrogatories, Document Requests, and Request for Disclosures by August 20, 2020;

3. Mr. Singh shall produce all documents responsive to ESA's Document Requests by August 20, 2020; and

4. In the event Mr. Singh does not provide the requested discovery by August 20, 2020, a follow-up hearing on ESA's motion for attorneys' fees will be scheduled with the Court.

THE COURT SO ORDERS.

Signed this 7th day of August, 2020.

_____
Hon. Dustin M. Howell

EXHIBIT C-23

8/24/2020 12:44 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-008866
Sandra Santos

**CAUSE NO. D-1-GN-19-008866**

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL TORRES,** | § | |
| **JON DOE, and JANE DOE,** | § | |
| | § | |
| *Defendants.* | § | **53rd JUDICIAL DISTRICT** |

## NOTICE OF HEARING ON DEFENDANT ESA'S MOTION FOR ATTORNEYS' FEES RELATED TO ITS MOTION TO COMPEL

By Order dated August 7, 2020, the Court granted the motion of defendant Extended Stay America, Inc. ("ESA") to compel in its entirely, ordering that plaintiff Ravindra Singh ("Mr. Singh") "shall respond, fully and completely, without objections to ESA's Interrogatories, Document Requests, and Request for Disclosure by August 20, 2020," and that Mr. Singh "shall produce all documents responsive to ESA's Document Requests by August 20, 2020." The Court also ordered that, "[i]n the event Mr. Singh does not provide the requested discovery by August 20, 2020, a follow-up hearing on ESA's motion for attorneys' fees will be scheduled with the Court." Mr. Singh did not provide any of the requested discovery, as ordered by the Court. Accordingly,

PLEASE TAKE NOTICE that a hearing regarding ESA's motion for attorneys' fees is scheduled in the District Court of Travis County, Texas, on September 8, 2020 at 2:00 p.m. Pursuant to the Travis County Civil and Family Courts Third Amended Emergency Order

Regarding COVID-19 this hearing may be held by teleconference, videoconference, or in person at the discretion of the Judge.

DATE: August 24, 2020                    Respectfully submitted,

**HOLLAND & KNIGHT LLP**
  */s/ Morgan J. Kleoppel*
Kevin A. Teters
   Texas Bar No. 24075678
   kevin.teters@hklaw.com
Kelly Franklin Bagnall
   Texas Bar No. 07375800
   kelly.bagnall@hklaw.com
David C. Schulte
   Texas Bar No. 24037456
   david.schulte@hklaw.com
Morgan J. Kleoppel
   Texas Bar No. 24116625
   morgan.kleoppel@hklaw.com
**HOLLAND & KNIGHT LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 964-9500
(214) 964-9501 (facsimile)

**ATTORNEYS FOR DEFENDANTS EXTENDED STAY AMERICA, INC. AND BRUCE N. HAASE**

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2020, a true and correct copy of this document was served on Plaintiff, Ravindra Singh, via electronic mail, first-class mail, express mail, and drop box at the following addresses:

Ravindra Singh, Ph. D.
P.O. Box 10526
Austin, Texas 78766
excion_2000@yahoo.com

  */s/ Morgan J. Kleoppel*
Morgan J. Kleoppel

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Caswell on behalf of Kevin Teters
Bar No. 24075678
mary.caswell@hklaw.com
Envelope ID: 45636157
Status as of 8/26/2020 1:56 PM CST

Associated Case Party: Extended Stay America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schulte | 24037456 | David.Schulte@hklaw.com | 8/24/2020 12:44:37 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 8/24/2020 12:44:37 PM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 8/24/2020 12:44:37 PM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 8/24/2020 12:44:37 PM | SENT |
| Mary Caswell | | mary.caswell@hklaw.com | 8/24/2020 12:44:37 PM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 8/24/2020 12:44:37 PM | SENT |

Associated Case Party: Ravindra Singh

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ravindra Singh, PhD | | excion_2000@yahoo.com | 8/24/2020 12:44:37 PM | SENT |

# EXHIBIT C-24

9/2/2020 5:14 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-008866**
**Irene Silva**

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants*. | § | 53RD JUDICIAL DISTRICT |

## SUPPLEMENT TO ESA'S MOTION FOR ATTORNEYS' FEES

Defendant Extended Stay America, Inc. ("ESA") files this supplement to its motion for the recovery of attorneys' fees against plaintiff Ravindra Singh ("Singh").

By Order dated August 7, 2020, the Court granted ESA's motion to compel in its entirety, ordering that Mr. Singh "shall respond, fully and completely, without objections to ESA's Interrogatories, Document Requests, and Request for Disclosures by August 20, 2020," and that Mr. Singh "shall produce all documents responsive to ESA's Document Requests by August 20, 2020." The Court also ordered that, "[i]n the event Mr. Singh does not provide the requested discovery by August 20, 2020, a follow-up hearing on ESA's motion for attorneys' fees will be scheduled with the Court." Mr. Singh did not comply with the Court's order—he did not provide any of the requested discovery or documents by August 20, as ordered by the Court.

Accordingly, ESA files this supplement to its motion for attorneys' fees to include a declaration by ESA's counsel, Kevin A. Teters, in support of ESA's request for attorneys' fees, attached hereto as Exhibit A, together with a copy of Mr. Teters' curriculum vitae (Exhibit A-1), a courtesy copy of the Court's August 7, 2020 order (Exhibit A-2), and redacted copies of Holland & Knight LLP's fee statements reflecting the reasonable and necessary fees and costs for the legal

1

services rendered in connection with ESA's motion to compel and the efforts to obtain Singh's overdue discovery responses (Exhibit A-3).

## CONCLUSION

Due to Singh's failures to comply with his discovery obligations and the Court's August 7, 2020 order for Singh to produce discovery responses and documents, ESA respectfully requests that the Court grant the motion for attorneys' fees, and order that ESA have and recover from Singh sanctions in the form of attorneys' fees and expenses to compensate ESA for its time in seeking Singh's overdue discovery responses, preparing the motion to compel and appearing for the hearing, and award ESA such other and further relief, general and special, at law and in equity, to which it is justly entitled.

Date:  September 2, 2020                           Respectfully submitted,

      */s/ Kevin A. Teters*
Kevin A. Teters
   Texas Bar No. 24075678
   kevin.teters@hklaw.com
Kelly Franklin Bagnall
   Texas Bar No. 07375800
   kelly.bagnall@hklaw.com
David C. Schulte
   Texas Bar No. 24037456
   david.schulte@hklaw.com
Morgan J. Kleoppel
   Texas Bar No. 24116625
   morgan.kleoppel@hklaw.com
**HOLLAND & KNIGHT LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 964-9500
(214) 964-9501 (facsimile)

**ATTORNEYS FOR DEFENDANTS EXTENDED STAY AMERICA, INC. AND BRUCE N. HAASE**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 9, 2020, a true and correct copy of this document was served on Plaintiff, Ravindra Singh, via electronic mail, first-class mail, express mail, and drop box at the following addresses:

Ravindra Singh, Ph. D.
P.O. Box 10526
Austin, Texas 78766
excion_2000@yahoo.com


*/s/ Kevin A. Teters*
Kevin A. Teters

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants.* | § | 53rd JUDICIAL DISTRICT |

### DECLARATION OF KEVIN A. TETERS IN SUPPORT OF
### MOTION TO COMPEL AND FOR ATTORNEYS' FEES

1.      My name is Kevin A. Teters. My date of birth is November 16, 1981, and my work address is 200 Crescent Court, Suite 1600, Dallas, Texas 75201. I am more than 21 years of age, am of sound mind, and am otherwise competent to make this declaration. I have never been convicted of a felony or crime involving moral turpitude. I am counsel of record for defendant Extended Stay America, Inc. ("ESA") in this lawsuit. By virtue of that role (and for the reasons discussed below), I have personal knowledge of the facts stated in this declaration, and all statements contained herein are true and correct and are within my personal knowledge.

2.      I am an attorney licensed to practice law in Texas. I am an associate in the law firm of Holland & Knight LLP, 200 Crescent Court, Suite 1600, Dallas, Texas 75201. My personal knowledge is based on my experience as a practicing attorney in the State of Texas, my representation of ESA in this lawsuit, my involvement in billing the fees and costs in this action, and my review of the fees and costs incurred by and billed to ESA in this action. I am knowledgeable about the nature and extent of legal services performed for ESA in this matter.

DECLARATION OF KEVIN A. TETERS— Page 1



Exhibit A

3.      I have been a licensed attorney in Texas since 2012. My legal practice focuses on civil litigation and dispute resolution, including, among other things, hospitality litigation, employment litigation, real estate litigation, and consumer finance litigation. I am a member in good standing of the State Bar of Texas and am admitted to practice in all Texas state courts, as well as the United States Courts of Appeals for the Fifth Circuit and the United States District Courts for the Northern, Eastern, and Southern Districts of Texas. Attached as Exhibit A-1 to this declaration is a true and correct copy of my curriculum vitae.

4.      Plaintiff Ravindra Singh ("Mr. Singh") filed suit against ESA and other defendants on December 31, 2019. ESA served Mr. Singh with written discovery requests (consisting of requests for production of documents, interrogatories, and requests for admission) on May 22, 2020, to which he did not timely respond. On July 7, 2020, ESA filed a motion to compel. By Order dated August 7, 2020, the Court granted ESA's motion to compel in its entirety, ordering that Mr. Singh "shall respond, fully and completely, without objections to ESA's Interrogatories, Document Requests, and Request for Disclosures by August 20, 2020," and that Mr. Singh "shall produce all documents responsive to ESA's Document Requests by August 20, 2020." The Court also ordered that, "[i]n the event Mr. Singh does not provide the requested discovery by August 20, 2020, a follow-up hearing on ESA's motion for attorneys' fees will be scheduled with the Court." For the Court's convenience, a true and correct copy of the Court's August 7, 2020 order is attached as Exhibit A-2. Mr. Singh did not comply with the Court's order—he did not provide any of the requested discovery or documents by August 20, as ordered by the Court.

5.      ESA has incurred various legal fees and costs in relation to having to seek, and eventually file a motion to compel, the overdue discovery responses from Mr. Singh. These fees

and costs include charges for communications with Mr. Singh attempting to elicit his discovery responses, preparing the motion to compel, setting the motion for hearing, drafting a proposed order for the motion, and attempting to communicate with Mr. Singh regarding his failure to comply with the Court's order to produce the requested discovery.

6.     In the years I have practiced law, I have become personally familiar with the usual and customary billing rates and fees for claims of the type raised by the parties in this action. The discounted billing rates and fees charged by Holland & Knight LLP in this action are reasonable and comparable to (if not lower than) the billing rates and fees customarily charged by attorneys of equal or comparable experience in Travis County and Dallas County, Texas, at law firms with comparable personnel and resources, and fees customarily awarded by Texas courts. The discounted billing rates and fees charged by Holland & Knight LLP in this action are consistent with (if not lower than) the usual and customary billing rates and fees charged by attorneys of equal or comparable experience in Travis County and Dallas County, Texas, at law firms with comparable personnel and resources.

7.     I am familiar with the actual fees and costs that have been incurred by ESA in connection with our legal services in this action. I have reviewed the fee statements of Holland & Knight LLP in this action. True and correct copies of redacted fee statements reflecting the legal services rendered and costs incurred in this action by Holland & Knight LLP timekeepers on behalf of ESA from June 29, 2020 through August 31, 2020 (*i.e.*, time entries related to seeking and compelling Singh's overdue discovery responses), and the fees and costs billed for the legal services rendered during that period, are attached as Exhibit A-3 to this declaration. (The redactions to the fee statements correspond to time entries that are excluded from the scope of

Plaintiff's motion for attorneys' fees, *i.e.*, attorneys' fees incurred by ESA in this action for which ESA is not seeking to be reimbursed through its motion for attorneys' fees.)

8.      In relation to ESA's motion to compel and the efforts to obtain Singh's overdue discovery responses, Holland & Knight LLP timekeepers have performed work valued in excess of $6,734.50—which amount already takes into account discounted hourly rates—not including costs. Those discounted hourly rates demonstrate an effort to ensure that Holland & Knight LLP charged a reasonable fee for the work performed on behalf of ESA in this action. In addition, ESA has incurred costs of $6.66 related to its efforts to compel Singh's overdue discovery responses.

9.      It is my opinion, based upon my education, training, and experience in the practice of civil litigation in Texas and in connection with my representation of ESA in this action, and based on my review of billing and time records in this action, that the reasonable and necessary attorneys' fees of Holland & Knight LLP related to ESA's efforts to obtain Singh's overdue discovery responses are $6,734.50 (not including costs). As discussed above, this amount already takes into account discounted hourly rates, as well as anticipated activity in this action. The discounted hourly rates and fees charged by Holland & Knight LLP are reasonable and customary in this area, and are comparable to (if not lower than) hourly rates and fees of attorneys practicing in Texas with comparable skills and experience and at law firms with comparable personnel and resources. The services provided were properly staffed, and the time expended (or to be expended) was reasonable and necessary to seek from Singh, and to compel Singh, to produce his discovery responses and documents in this action. In formulating this opinion, I considered the factors set forth in Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct, including the time and labor required; the novelty and difficulty of the

DECLARATION OF KEVIN A. TETERS— Page 4

questions involved, and the skill required to perform the legal services properly; the likelihood that the acceptance of the engagement would preclude other employment by the lawyers involved; the fee customarily charged in the locality for similar legal services; the amount involved and the results obtained; the time limitations imposed by the client or by the circumstances; the nature and length of the professional relationship with the client; and the experience, reputation, and ability of the lawyers performing the services. I also considered the related factors in *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997): (1) the services rendered; (2) the time and labor required; (3) the skill required to perform the legal services properly; (4) the fees customarily charged for similar legal services; (5) the time limitations imposed; (6) the nature and length of the professional relationship; and (7) the experience and ability of the lawyer performing the services.

10.     In sum, in view of the factors identified above, the fees of Holland & Knight LLP related to its efforts to seek and compel discovery responses from Singh are reasonable and necessary to obtain the relief requested in this action. Moreover, given the nature of the claims asserted by the parties, the results achieved, and the time frame in which the services were provided, Holland & Knight LLP properly staffed this case and the time expended was reasonable and necessary. It is my opinion that in view of the skill, reputation, and experience of the attorneys and other timekeepers who performed the above-described services, the discounted rates charged are reasonable rates that would be charged for their services in this area by attorneys and other timekeepers with comparable skills and experience, at law firms with comparable personnel and resources, and the hours billed are a reasonable amount of time to perform the legal work involved in the representation.

11.     It is further my opinion that the costs ESA incurred related to its efforts to seek and compel discovery responses from Singh, which total $6.66, were reasonable and necessary to obtain the relief requested in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Rockwall, Rockwall County, State of Texas, on this 2nd day of September, 2020.

_____

Kevin A. Teters

# Holland & Knight



## Kevin A. Teters

ASSOCIATE

Kevin.Teters@hklaw.com

Dallas
214.964.9408

PRACTICE
Litigation and Dispute Resolution

**Kevin A. Teters** is a Dallas litigation attorney that focuses his practice on commercial litigation matters, representing startup businesses to Fortune 500 companies in a broad range of disputes including breach of contract, theft of trade secrets, workplace injuries, commercial collections, consumer financial services, breaches of fiduciary duties, construction liens, evictions and vendor disagreements. He is an experienced litigator in federal and state employment agreement matters regarding non-competition, non-solicitation, non-interference, confidentiality and non-disparagement clauses.

In addition, Mr. Teters has authored numerous successful appellate briefs to the Texas Courts of Appeal in various mortgage lending and breach of employment agreement actions. He also regularly handles case dispositive briefings, researches nuanced legal issues, and counsels on complex motions and briefs such as motions to recuse and *mandamus* briefs.

## Experience

- **Employment Litigation**: As a member of a multilawyer team, obtained a guilty verdict against all defendants and a 100 percent damages award for one of the largest healthcare staffing companies in the United States during a week-and-a-half long federal jury trial involving its claims against two former employees and a competitor for theft of trade secrets, violations of the Computer Fraud and Abuse Act, harmful access by computer, conversion, violations of the Texas Theft Liability Act, breach of contract, breach of fiduciary duty, tortious interference, and aiding and abetting

- **Hospitality Litigation**: Representation of hospitality clients in matters involving breach of contract, evictions, theft of trade secrets, promissory estoppel, suits on sworn account, disputes with vendors, abandonment of property and guest complaints

- **Appellate**: Lead draftsperson on numerous appellate briefs to the Texas Courts of Appeal in various breach of employment agreement and mortgage lending actions, including three successful petitions for *writs of mandamus*

- **Employment Litigation**: Lead associate representing national temporary medical staffing company in multimillion dollar action against competitor and 11 former executives and employees involving claims for breach of non-competition, non-disclosure, non-solicitation and non-interference contract provisions, as well as theft of trade secrets, conversion, tortious interference, violations of the Texas Theft Liability Act, unfair competition, unjust enrichment, breach of fiduciary duty, conspiracy, and aiding and abetting

- **Employment and Mortgage Litigation**: Lead draftsperson on more than a dozen motions for summary judgment in various breach of employment agreement and mortgage lending actions

Attorney Advertising. Copyright © 1996–2020 Holland & Knight LLP. All rights reserved.

**Exhibit A-1**

# Holland & Knight

- **Employment and Mortgage Litigation**: First chair representation of clients in three depositions, as well as second chair representation in six others, for various breach of employment agreement and mortgage lending actions

- **Consumer Finance Litigation**: Representation of residential mortgage lenders/servicers in consumer finance matters involving disputes regarding the Fair Debt Collections Practice Act (FDCPA); Texas Debt Collection Act (TDCA); Texas Deceptive Trade Practices Act (DTPA); unfair trade practice statutes; common law unreasonable collection efforts; fraud; fraudulent misrepresentation; promissory estoppel; pooling and servicing agreement violations; failed loan modification efforts; predatory lending; violations of home equity lending laws and reverse mortgage regulations; and other causes of action typically brought in mortgage litigation and debt collection matters

- **General Litigation**: Representation of clients in various industries in matters involving product defects, workplace injuries, commercial collections, confirmation of bankruptcy plans, construction liens and contract disputes

## Credentials

### Education

- Southern Methodist University Dedman School of Law, J.D., *honors*
- Texas A&M University, BBA, Business Administration, *magna cum laude*

### Bar Admissions/Licenses

- Texas

### Court Admissions

- U.S. District Court for the Northern District of Texas
- U.S. District Court for the Southern District of Texas
- U.S. District Court for the Eastern District of Texas

### Memberships

- Texas Aggie Bar Association

### Honors & Awards

- Editor, *SMU Law Review*, 2010-2012
- Southern Methodist University Barristers, 2010-2012
- Most Outstanding Member of Class, Southern Methodist University, 2010

## Publications

- Successor Employers' Obligations Under a Pre-existing Collective Bargaining Agreement: The Second Circuit Misinterprets Supreme Court Decisions and Sets a Harmful Precedent, *Journal of Air Law and Commerce*, Winter 2011

## Speaking Engagements

- Expected Impact of the Trump Administration on Business, NACM Southwest Hotel Credit Group, March 23, 2017

Attorney Advertising. Copyright © 1996–2020 Holland & Knight LLP. All rights reserved.

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants*. | § | 200TH JUDICIAL DISTRICT |

## ORDER GRANTING ESA'S MOTION TO COMPEL

Came on for consideration the motions of defendant Extended Stay America, Inc. ("ESA") to compel and for attorneys' fees. The Court, having considered ESA's motions, the response (if any) of plaintiff Ravindra Singh ("Singh"), the record, and applicable authorities, concludes that ESA's motion to compel should be granted. It is therefore ordered:

1. Defendant's motion to compel is granted in its entirety;

2. Mr. Singh shall respond, fully and completely, without objections to ESA's Interrogatories, Document Requests, and Request for Disclosures by August 20, 2020;

3. Mr. Singh shall produce all documents responsive to ESA's Document Requests by August 20, 2020; and

4. In the event Mr. Singh does not provide the requested discovery by August 20, 2020, a follow-up hearing on ESA's motion for attorneys' fees will be scheduled with the Court.

THE COURT SO ORDERS.

Signed this 7th day of August, 2020.

_____

Hon. Dustin M. Howell

**Exhibit A-2**

**HOLLAND & KNIGHT LLP**

Prebill Number: ███

Billed Through Date: 07/31/20

**DUE BACK BY:**

Date: 08/08/20

Client.Matter: ███

| Date | Time ID | Timekeeper (Office) | Narrative | Hours | Rate | Amount |
|------|---------|---------------------|-----------|-------|------|--------|
| | | F.**(DFW)** | | | | |
| 06/18/20 | 55412356 | Teters, Kevin A.**(DFW)** | | | | |
| 06/18/20 | 55412357 | Teters, Kevin A.**(DFW)** | | | | |
| 06/22/20 | 55377590 | Kleoppel, Morgan**(DFW)** | | | | |
| 06/22/20 | 55381418 | Speck, Karri S.**(DFW)** | | | | |
| 06/23/20 | 55382564 | Schulte, David C.**(DFW)** | | | | |
| 06/23/20 | 55392823 | Kleoppel, Morgan**(DFW)** | | | | |
| 06/23/20 | 55412314 | Teters, Kevin A.**(DFW)** | | | | |
| 06/24/20 | 55396928 | Kleoppel, Morgan**(DFW)** | | | | |
| 06/24/20 | 55399510 | Bagnall, Kelly F.**(DFW)** | | | | |
| 06/24/20 | 55412329 | Teters, Kevin A.**(DFW)** | | | | |
| 06/29/20 | 55423569 | Schulte, David C.**(DFW)** | Prepare correspondence to plaintiff R. Singh concerning his overdue discovery responses | 0.10 | 500.00 | 50.00 |
| 06/29/20 | 55427449 | Kleoppel, Morgan**(DFW)** | Correspondence with Singh re discovery responses. | 0.10 | 355.00 | 35.50 |
| 06/29/20 | 55448764 | Teters, Kevin A.**(DFW)** | | | | |

Exhibit A-3



**HOLLAND & KNIGHT LLP**

**DUE BACK BY:**

Prebill Number: ▮▮▮▮▮

Date: 08/08/20

Billed Through Date: 07/31/20

Client.Matter: ▮▮▮▮▮▮

| Date | Time ID | Timekeeper (Office) | Narrative | Hours | Rate | Amount |
|------|---------|---------------------|-----------|-------|------|--------|
| 07/01/20 | 55450727 | Kleoppel, Morgan(DFW) | Prepare for and call Singh for conference on motion to compel. | 0.50 | 355.00 | 177.50 |
| 07/02/20 | 55453189 | Kleoppel, Morgan(DFW) | Call Singh for conference on motion to compel. | 0.10 | 355.00 | 35.50 |
| 07/02/20 | 55454296 | Kleoppel, Morgan(DFW) | ▮▮▮▮▮▮▮▮▮▮ | ▮▮ | ▮▮ | ▮▮▮ |
| 07/02/20 | 55457864 | Schulte, David C.(DFW) | Prepare motion to compel Singh to respond to discovery, along with proposed order | 1.90 | 500.00 | 950.00 |
| 07/02/20 | 55463368 | Teters, Kevin A.(DFW) | Review and edit draft of Motion to Compel. | 0.70 | 375.00 | 262.50 |
| 07/02/20 | 55463966 | Bagnall, Kelly F.(DFW) | Emails regarding discovery issues. | 0.10 | 415.00 | 41.50 |
| 07/03/20 | 55457879 | Schulte, David C.(DFW) | Review and comment on latest draft of motion to compel plaintiff R. Singh to respond to discovery; revise correspondence to plaintiff. R. Singh regarding discovery | 0.20 | 500.00 | 100.00 |
| 07/03/20 | 55463383 | Teters, Kevin A.(DFW) | Review email from Singh regarding Motion to Compel and draft points to include in response to him. | 0.40 | 375.00 | 150.00 |
| 07/03/20 | 55463757 | Kleoppel, Morgan(DFW) | Correspondence with Singh re discovery responses. | 0.30 | 355.00 | 106.50 |
| 07/04/20 | 55463350 | Teters, Kevin A.(DFW) | Revise Motion to Compel in light of Singh's response to conference. | 1.00 | 375.00 | 375.00 |
| 07/06/20 | 55465927 | Speck, Karri S.(DFW) | Update R. Singh share drive with motion to compel; notify R. Singh to document ESA's attempts to provide him with court filings, per his claim of not receiving documents from ESA. | 0.30 | 240.00 | 72.00 |
| 07/06/20 | 55468532 | Kleoppel, Morgan(DFW) | Prepare exhibits for motion to compel filing, review motion and prepare for filing. | 1.10 | 355.00 | 390.50 |
| 07/06/20 | 55655943 | Teters, Kevin A.(DFW) | Finalize Motion to Compel Discovery Responses and For Attorneys' Fees. | 2.70 | 375.00 | 1,012.50 |

**H&K Confidential**

**HOLLAND & KNIGHT LLP**

Prebill Number: ▮

Billed Through Date: 07/31/20

**DUE BACK BY:**

Date: 08/08/20

Client.Matter: ▮

| Date | Time ID | Timekeeper (Office) | Narrative | Hours | Rate | Amount |
|------|---------|---------------------|-----------|-------|------|--------|
| 07/07/20 | 55656155 | Teters, Kevin A.(DFW) | Email status update to L. Andresen. | 0.20 | 375.00 | 75.00 |
| 07/10/20 | 55501423 | Kleoppel, Morgan(DFW) | Correspondence with court and Mr. Singh re setting motion to compel for hearing. | 0.60 | 355.00 | 213.00 |
| 07/10/20 | 55656064 | Teters, Kevin A.(DFW) | Communications related to setting Motion to Compel for hearing. | 0.20 | 375.00 | 75.00 |
| 07/14/20 | 55656002 | Teters, Kevin A.(DFW) | Attempt to conference with Mr. Singh regarding hearing on Motion to Compel. | 0.20 | 375.00 | 75.00 |
| 07/15/20 | 55535336 | Kleoppel, Morgan(DFW) | Set hearing for motion to compel and draft notice of hearing. | 0.30 | 355.00 | 106.50 |
| 07/15/20 | 55656009 | Teters, Kevin A.(DFW) | Work with team to schedule Motion to Compel hearing. | 0.50 | 375.00 | 187.50 |
| 07/16/20 | 55540676 | Speck, Karri S.(DFW) | Update R. Singh's share drive with the hearing notice and email him on same. | 0.20 | 240.00 | 48.00 |
| 07/16/20 | 55547769 | Bagnall, Kelly F.(DFW) | Receive notice of hearing.  Emails regarding notice to send to Singh. | 0.10 | 415.00 | 41.50 |
| 07/16/20 | 55548498 | Kleoppel, Morgan(DFW) | File and serve notice of hearing on motion to compel. | 0.20 | 355.00 | 71.00 |
| 07/16/20 | 55656018 | Teters, Kevin A.(DFW) | Review and edit Notice of Hearing. | 0.20 | 375.00 | 75.00 |
| 07/16/20 | 55656021 | Teters, Kevin A.(DFW) | ▮ | ▮ | ▮ | ▮ |
| 07/21/20 | 55576481 | Kleoppel, Morgan(DFW) | Correspondence with Singh re motion to compel hearing. | 0.10 | 355.00 | 35.50 |
| 07/29/20 | 55628590 | Kleoppel, Morgan(DFW) | ▮ | ▮ | ▮ | ▮ |
| 07/29/20 | 55656214 | Teters, Kevin A.(DFW) | ▮ | ▮ | ▮ | ▮ |

**H&K Confidential**

**HOLLAND & KNIGHT LLP**

Prebill Number: ▮▮▮▮▮

Billed Through Date: 08/31/20

**DUE BACK BY:**

Date: 09/06/20

Client.Matter: ▮▮▮▮▮

| Date | Time ID | Timekeeper (Office) | Narrative | Hours | Rate | Amount |
|------|---------|---------------------|-----------|-------|------|--------|
| 08/03/20 | 55846665 | Teters, Kevin A.(DFW) | Review correspondence from Court regarding holding additional conference on Motion to Compel and email Mr. Singh to schedule same. | 0.30 | 375.00 | 112.50 |
| 08/04/20 | 55668987 | Kleoppel, Morgan(DFW) | ▮▮▮▮▮ | ▮ | ▮ | ▮ |
| 08/04/20 | 55846678 | Teters, Kevin A.(DFW) | ▮▮▮▮▮ | ▮ | ▮ | ▮ |
| 08/05/20 | 55675896 | Kleoppel, Morgan(DFW) | ▮▮▮▮▮ | ▮ | ▮ | ▮ |
| 08/05/20 | 55846692 | Teters, Kevin A.(DFW) | Email Mr. Singh again in attempt to schedule conference on Motion to Compel. | 0.20 | 375.00 | 75.00 |
| 08/05/20 | 55846894 | Teters, Kevin A.(DFW) | Receive and respond to email from Mr. Singh conferencing on his attendance at Zoom hearing on Motion to Compel. | 0.30 | 375.00 | 112.50 |
| 08/06/20 | 55684801 | Kleoppel, Morgan(DFW) | Draft proposed order as requested by Court on motion to compel. | 0.40 | 355.00 | 142.00 |
| 08/06/20 | 55739679 | Bagnall, Kelly F.(DFW) | ▮▮▮▮▮ | ▮ | ▮ | ▮ |
| 08/06/20 | 55847009 | Teters, Kevin A.(DFW) | Analysis of Singh's submission to Court Clerk regarding Motion to Compel and determination of how best to respond. | 0.40 | 375.00 | 150.00 |
| 08/06/20 | 55847014 | Teters, Kevin A.(DFW) | ▮▮▮▮▮ | ▮ | ▮ | ▮ |
| 08/06/20 | 55847017 | Teters, Kevin A.(DFW) | Emails to Mr. Singh regarding providing discovery responses in compliance with Court order granting Motion to Compel. | 0.30 | 375.00 | 112.50 |
| 08/06/20 | 55847020 | Teters, Kevin A.(DFW) | ▮▮▮▮▮ | ▮ | ▮ | ▮ |
| 08/06/20 | 55847021 | Teters, Kevin A.(DFW) | ▮▮▮▮▮ | ▮ | ▮ | ▮ |
| 08/07/20 | 55847026 | Teters, Kevin A.(DFW) | ▮▮▮▮▮ | ▮ | ▮ | ▮ |

# HOLLAND & KNIGHT LLP

**DUE BACK BY:**

Prebill Number: ██████████

Date: 09/06/20

Billed Through Date: 08/31/20

Client.Matter: ████████████

| Date | Time ID | Timekeeper (Office) | Narrative | Hours | Rate | Amount |
|------|---------|---------------------|-----------|-------|------|--------|
| | | A.**(DFW)** | ████ | | | |
| 08/07/20 | 55847027 | Teters, Kevin A.**(DFW)** | ███████████████ | ██ | ██ | ██ |
| 08/20/20 | 55846827 | Teters, Kevin A.**(DFW)** | ██████████ | ██ | ██ | ██ |
| 08/21/20 | 55780705 | Kleoppel, Morgan**(DFW)** | Schedule hearing on attorneys' fees related to motion to compel and draft notice of hearing re same. | 0.40 | 355.00 | 142.00 |
| 08/21/20 | 55786181 | Bagnall, Kelly F.**(DFW)** | █████████████ | ██ | ██ | ██ |
| 08/21/20 | 55846834 | Teters, Kevin A.**(DFW)** | Confirm Singh did not produce discovery responses by court ordered deadline; Coordinate scheduling hearing on request for attorneys' fees with team; Edit Notice of Hearing. | 0.80 | 375.00 | 300.00 |
| 08/22/20 | 55779265 | Schulte, David C.**(DFW)** | Revise notice of hearing on attorneys' fees | 0.10 | 500.00 | 50.00 |
| 08/24/20 | 55792001 | Kleoppel, Morgan**(DFW)** | Revise, file, and serve notice of hearing. | 0.30 | 355.00 | 106.50 |
| 08/24/20 | 55848363 | Speck, Karri S.**(DFW)** | █████████████ | ██ | ██ | ██ |
| 08/26/20 | 55810495 | Bagnall, Kelly F.**(DFW)** | ██████████ | ██ | ██ | ██ |
| 08/28/20 | 55829411 | Kleoppel, Morgan**(DFW)** | Draft attorneys' fees affidavit in support of motion to compel. | 0.90 | 355.00 | 319.50 |
| 08/31/20 | 55834285 | Schulte, David C.**(DFW)** | Revise attorneys' fees declaration | 0.40 | 500.00 | 200.00 |
| 08/31/20 | 55841607 | Bagnall, Kelly F.**(DFW)** | █████████ | ██ | ██ | ██ |
| 08/31/20 | 55847839 | Teters, Kevin A.**(DFW)** | ██████████████ | ██ | ██ | ██ |
| 08/31/20 | 55847865 | Teters, Kevin | Edit attorney affidavit in support of request for | 0.40 | 375.00 | 150.00 |

**HOLLAND & KNIGHT LLP**

Prebill Number: ▮▮▮▮
Billed Through Date: 08/31/20

**DUE BACK BY:**

Date: 09/06/20
Client.Matter: ▮▮▮▮

| Date | Time ID | Timekeeper (Office) | Narrative | Hours | Rate | Amount |
|------|---------|---------------------|-----------|-------|------|--------|
|      |         | A.(DFW) | attorneys' fees. |  |  |  |
|      |         |  | **Total** |  |  |  |

**UNBILLED DISBURSEMENT DETAIL**



| Date | Cost ID | Cost Description | Narrative | Amount |
|------|---------|-----------------|-----------|--------|
| 07/07/20 | 41821467 | COURT Court Fees | VENDOR: Mary J. Caswell INVOICE#: 4228748808180904 DATE: 7/30/2020 | 3.33 |
|  |  |  | TXEFILE*044280310-0; Court Fees; Efiling fee to file Mtn to Compel & for Atty Fees; 07/07/2020 |  |
| 07/22/20 | 41815902 | COURT Court Fees | VENDOR: Amy R. Pettis INVOICE#: 4240722408130901 DATE: 8/11/2020 | 3.33 |
|  |  |  | TXEFILE*044694978-0; Court Fees; Ltr re Exhs to ESA's MTC and Attorneys' Fees; 07/22/2020 |  |
|  |  |  | **Total** |  |
|  |  |  | **MATTER TOTAL** |  |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Caswell on behalf of Kevin Teters
Bar No. 24075678
mary.caswell@hklaw.com
Envelope ID: 45933633
Status as of 9/4/2020 2:47 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Caswell | | mary.caswell@hklaw.com | 9/2/2020 5:14:40 PM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 9/2/2020 5:14:40 PM | SENT |
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 9/2/2020 5:14:40 PM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 9/2/2020 5:14:40 PM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 9/2/2020 5:14:40 PM | SENT |

Associated Case Party: Extended Stay America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schulte | 24037456 | David.Schulte@hklaw.com | 9/2/2020 5:14:40 PM | SENT |

Associated Case Party: Ravindra Singh

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ravindra Singh, PhD | | excion_2000@yahoo.com | 9/2/2020 5:14:40 PM | SENT |

# EXHIBIT C-25

9/3/2020 10:38 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-008866**
**Irene Silva**

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants.* | § | 53RD JUDICIAL DISTRICT |

### ESA'S AMENDED CERTIFICATE OF SERVICE
### FOR ITS SUPPLEMENT TO MOTION FOR ATTORNEYS' FEES

Defendant Extended Stay America, Inc. ("ESA") files the following amended certificate of service related to its supplement to its motion for the recovery of attorneys' fees against plaintiff Ravindra Singh ("Singh"):

### AMENDED CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of ESA's supplement to its motion for the recovery of attorneys' fees against plaintiff Ravindra Singh was served on Singh on September 2, 2020 via the court's electronic notification system, email and drop box, and on September 3, 2020 via first-class mail and express mail, at the following addresses:

Ravindra Singh, Ph. D.
P.O. Box 10526
Austin, Texas 78766
excion_2000@yahoo.com

_/s/ Kevin A. Teters_
Kevin A. Teters

1

Date:  September 3, 2020                                  Respectfully submitted,

_/s/ Kevin A. Teters_

Kevin A. Teters
   Texas Bar No. 24075678
   kevin.teters@hklaw.com
Kelly Franklin Bagnall
   Texas Bar No. 07375800
   kelly.bagnall@hklaw.com
David C. Schulte
   Texas Bar No. 24037456
   david.schulte@hklaw.com
Morgan J. Kleoppel
   Texas Bar No. 24116625
   morgan.kleoppel@hklaw.com
**HOLLAND & KNIGHT LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 964-9500
(214) 964-9501 (facsimile)

**ATTORNEYS FOR DEFENDANTS EXTENDED STAY AMERICA, INC. AND BRUCE N. HAASE**

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2020, a true and correct copy of this document was served on Plaintiff, Ravindra Singh, via the court's electronic notification system, email, first-class mail, express mail, and drop box at the following addresses:

Ravindra Singh, Ph. D.
P.O. Box 10526
Austin, Texas 78766
excion_2000@yahoo.com

_/s/ Kevin A. Teters_
Kevin A. Teters

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Caswell on behalf of Kevin Teters
Bar No. 24075678
mary.caswell@hklaw.com
Envelope ID: 45945535
Status as of 9/5/2020 8:33 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Caswell | | mary.caswell@hklaw.com | 9/3/2020 10:38:15 AM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 9/3/2020 10:38:15 AM | SENT |
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 9/3/2020 10:38:15 AM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 9/3/2020 10:38:15 AM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 9/3/2020 10:38:15 AM | SENT |

Associated Case Party: Extended Stay America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schulte | 24037456 | David.Schulte@hklaw.com | 9/3/2020 10:38:15 AM | SENT |

Associated Case Party: Ravindra Singh

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ravindra Singh, PhD | | excion_2000@yahoo.com | 9/3/2020 10:38:15 AM | SENT |

# EXHIBIT C-26

9/10/2020 11:02 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-008866**
**Irene Silva**

**CAUSE NO. D-1-GN-19-008866**

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL TORRES,** | § | |
| **JON DOE, and JANE DOE,** | § | |
| | § | |
| *Defendants*. | § | **53rd JUDICIAL DISTRICT** |

## AMENDED NOTICE OF HEARING ON DEFENDANT ESA'S MOTION FOR ATTORNEYS' FEES RELATED TO ITS MOTION TO COMPEL

By Order dated August 7, 2020, the Court granted the motion of defendant Extended Stay America, Inc. ("ESA") to compel in its entirely, ordering that plaintiff Ravindra Singh ("Mr. Singh") "shall respond, fully and completely, without objections to ESA's Interrogatories, Document Requests, and Request for Disclosure by August 20, 2020," and that Mr. Singh "shall produce all documents responsive to ESA's Document Requests by August 20, 2020." The Court also ordered that, "[i]n the event Mr. Singh does not provide the requested discovery by August 20, 2020, a follow-up hearing on ESA's motion for attorneys' fees will be scheduled with the Court." Mr. Singh did not provide any of the requested discovery, as ordered by the Court. Accordingly,

PLEASE TAKE NOTICE that a hearing regarding ESA's motion for attorneys' fees is scheduled in the District Court of Travis County, Texas, on <u>September 23, 2020 at 9:00 a.m.</u> Pursuant to the Travis County Civil and Family Courts Third Amended Emergency Order

Regarding COVID-19 this hearing may be held by teleconference, videoconference, or in person at the discretion of the Judge.

DATE: September 10, 2020                    Respectfully submitted,

                                            **HOLLAND & KNIGHT LLP**
                                            _/s/ Morgan J. Kleoppel_
                                            Kevin A. Teters
                                              Texas Bar No. 24075678
                                              kevin.teters@hklaw.com
                                            Kelly Franklin Bagnall
                                              Texas Bar No. 07375800
                                              kelly.bagnall@hklaw.com
                                            David C. Schulte
                                              Texas Bar No. 24037456
                                              david.schulte@hklaw.com
                                            Morgan J. Kleoppel
                                              Texas Bar No. 24116625
                                              morgan.kleoppel@hklaw.com
                                            **HOLLAND & KNIGHT LLP**
                                            200 Crescent Court, Suite 1600
                                            Dallas, Texas 75201
                                            (214) 964-9500
                                            (214) 964-9501 (facsimile)

                                            **ATTORNEYS FOR DEFENDANTS EXTENDED STAY
                                            AMERICA, INC. AND BRUCE N. HAASE**

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2020, a true and correct copy of this document was served on Plaintiff, Ravindra Singh, via electronic mail, first-class mail, express mail, and drop box at the following addresses:

Ravindra Singh, Ph. D.
P.O. Box 10526
Austin, Texas 78766
excion_2000@yahoo.com

                                            _/s/ Morgan J. Kleoppel_
                                            Morgan J. Kleoppel

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Caswell on behalf of Kevin Teters
Bar No. 24075678
mary.caswell@hklaw.com
Envelope ID: 46111192
Status as of 9/12/2020 8:31 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Caswell | | mary.caswell@hklaw.com | 9/10/2020 11:02:13 AM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 9/10/2020 11:02:13 AM | SENT |
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 9/10/2020 11:02:13 AM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 9/10/2020 11:02:13 AM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 9/10/2020 11:02:13 AM | SENT |

Associated Case Party: Extended Stay America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schulte | 24037456 | David.Schulte@hklaw.com | 9/10/2020 11:02:13 AM | SENT |

Associated Case Party: Ravindra Singh

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ravindra Singh, PhD | | excion_2000@yahoo.com | 9/10/2020 11:02:13 AM | SENT |

# EXHIBIT C-27

9/23/2020 1:58 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-008866**
**Jessica A. Limon**

**CAUSE NO. D-1-GN-19-008866**

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL TORRES,** | § | |
| **JON DOE, and JANE DOE,** | § | |
| | § | |
| *Defendants.* | § | **53rd JUDICIAL DISTRICT** |

---

## NOTICE OF HEARING ON DEFENDANTS' SPECIAL EXCEPTIONS AND BRUCE HAASE'S SPECIAL APPEARANCE

---

PLEASE TAKE NOTICE that a hearing regarding Defendants' Special Exceptions and Bruce N. Haase's Special Appearance will occur in the 53rd District Court of Travis County, Texas on **October 6, 2020 at 2:00 p.m**. Pursuant to the Travis County Civil and Family Courts Third Amended Emergency Order Regarding COVID-19, this hearing may be held by teleconference, videoconference, or in person at the discretion of the Judge.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

  /s/ Morgan J. Kleoppel

Kevin A. Teters
   Texas Bar No. 24075678
    kevin.teters@hklaw.com
Kelly Franklin Bagnall
   Texas Bar No. 07375800
    kelly.bagnall@hklaw.com
David C. Schulte
   Texas Bar No. 24037456
    david.schulte@hklaw.com
Morgan J. Kleoppel
   Texas Bar No. 24116625
    morgan.kleoppel@hklaw.com

200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 964-9500
(214) 964-9501 (facsimile)

**ATTORNEYS FOR DEFENDANTS EXTENDED STAY AMERICA, INC. AND BRUCE N. HAASE**

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2020, a true and correct copy of this document was served on Plaintiff, Ravindra Singh, via electronic mail, first-class mail, express mail, and drop box at the following addresses:

Ravindra Singh, Ph. D.
P.O. Box 10526
Austin, Texas 78766
excion_2000@yahoo.com

  /s/ Morgan J. Kleoppel

Morgan J. Kleoppel

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Caswell on behalf of Kevin Teters
Bar No. 24075678
mary.caswell@hklaw.com
Envelope ID: 46500179
Status as of 9/24/2020 7:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Caswell | | mary.caswell@hklaw.com | 9/23/2020 1:58:35 PM | SENT |
| Kelly Franklin Bagnall | 7375800 | Kelly.Bagnall@hklaw.com | 9/23/2020 1:58:35 PM | SENT |
| Kevin Teters | 24075678 | kevin.teters@hklaw.com | 9/23/2020 1:58:35 PM | SENT |
| Morgan Kleoppel | 24116625 | morgan.kleoppel@hklaw.com | 9/23/2020 1:58:35 PM | SENT |
| Fran Stowe | | fran.stowe@hklaw.com | 9/23/2020 1:58:35 PM | SENT |

Associated Case Party: Extended Stay America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Schulte | 24037456 | David.Schulte@hklaw.com | 9/23/2020 1:58:35 PM | SENT |

Associated Case Party: Ravindra Singh

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ravindra Singh, PhD | | excion_2000@yahoo.com | 9/23/2020 1:58:35 PM | SENT |

# EXHIBIT C-28

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants*. | § | 200TH JUDICIAL DISTRICT |

## ORDER GRANTING ESA'S MOTION FOR ATTORNEY'S FEES

On September 23, 2020, this Court conducted a Zoom hearing, pursuant to existing emergency orders, regarding Defendant Extended Stay America, Inc.'s ("ESA") Motion for Attorney's Fees ("motion"). Counsel for ESA appeared for the hearing and presented the motion. Plaintiff Ravindra Singh ("Singh") did not appear for the hearing. On September 22, 2020, the Court Clerk provided Singh with instructions to attend the hearing via Zoom or, alternatively, via telephone if he did not have internet and/or videoconferencing capabilities. Singh responded to this message stating that he would not be attending the hearing. Singh also did not file a response to the motion with the District Clerk prior to the hearing. After considering ESA's motion, the evidence, the record, applicable authorities, and ESA's counsel's presentation of the motion during the hearing, the Court finds as follows:

By Order dated August 7, 2020, the Court granted ESA's motion to compel in its entirety, ordering that Singh "shall respond, fully and completely, without objections to ESA's Interrogatories, Document Requests, and Request for Disclosures by August 20, 2020," and that Mr. Singh "shall produce all documents responsive to ESA's Document Requests by August 20, 2020." The Court also ordered that, "[i]n the event Mr. Singh does not provide the requested discovery by August 20, 2020, a follow-up hearing on ESA's motion for attorneys' fees will be scheduled with the Court."

Mr. Singh did not comply with the Court's order—he did not provide any of the requested discovery or documents by August 20, 2020, as ordered by the Court. Accordingly, ESA scheduled with the Court a September 23, 2020 hearing on ESA's motion for attorneys' fees. And on September 2, 2020, ESA filed a supplement to its motion, proving up the reasonableness and necessity of the attorneys' fees incurred by ESA relative to the subject discovery dispute.

The Court, having considered ESA's motion and supplement thereto, including without limitation the declaration of Kevin A. Teters in support of such motion and the attorneys' fees bills attached to such declaration, the Court's August 7, 2020 order, the evidence, the record, and applicable authorities, concludes:

(1)     Singh did not comply with the Court's August 7, 2020 order to produce full and complete responses to ESA's discovery requests by August 20, 2020.  Singh did not produce any responses or documents to ESA prior to the August 20, 2020 deadline imposed by the Court or prior to the September 8, 2020 hearing.

(2)     Singh's conduct is in violation of the Texas Rules of Civil Procedure and this Court's August 7, 2020 order. Good cause therefore exists for the imposition of sanctions against Singh in the form of an award of attorneys' fees and costs to ESA. The Court has considered that such sanctions are directed against Singh's abuses of the discovery process and his violation of this Court's August 7, 2020 order, and that such sanctions serve to remedy the prejudice Singh's conduct has caused ESA. Such sanctions are not excessive, but rather are tied directly to Singh's abuses of the discovery process and his violation of this Court's August 7, 2020 order. No other less onerous sanction would suffice to induce Singh's compliance with ESA's discovery requests, the Texas Rules of Civil Procedure, and the Court's August 7, 2020 order. Such sanctions are no more severe than necessary to satisfy their legitimate purposes. Also, the Court has considered the availability of lesser or less stringent sanctions and whether such lesser or less stringent sanctions would fully promote compliance, but the Court has determined—based not only on Singh's failure to respond to ESA's discovery requests (which prompted ESA's motion to compel), but also on Singh's failure to comply with the Court's August 7, 2020 order—that no lesser or less stringent sanctions would promote Singh's compliance with his discovery obligations in this lawsuit. Accordingly, the Court determines that such sanctions are appropriate under Texas Rule of Civil Procedure 215.3 to prevent further abuse of the discovery process by Singh.

(3)     The sum of $500.00 for ESA's attorneys' fees ESA incurred in seeking Singh's compliance with ESA's discovery requests are reasonable and were necessarily incurred in seeking Singh's discovery responses, taking into consideration the fee arrangement between ESA and its counsel, Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct, and *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

(4)     The sum of an additional $1,000.00 for ESA's attorney's fees is reasonable and necessary in the event Singh does not comply with this Order and produce responses to ESA's discovery requests within twenty-one (21) days of the date this Order is signed. This $1,000.00 in additional attorneys' fees will be awarded without further notice, and without prejudice to ESA's ability to seek further relief.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that ESA's motion for attorneys' fees is granted.

IT IS FURTHER ORDERED that Singh be and hereby is SANCTIONED and ORDERED to pay ESA, within thirty (30) days from the date of the signing of this Order, the sum of $500.00 for attorneys' fees ESA incurred in seeking Singh's compliance with their discovery requests.

IT IS FURTHER ORDERED that Singh shall respond, fully and completely, without objections to ESA's Interrogatories, Document Requests, and Request for Disclosures and produce all documents responsive to ESA's Document Requests within twenty-one (21) days of the signing of this order.  If Mr. Singh does not provide such responses and documents within twenty-one (21) days of the signing of this order, the Court shall hereby impose additional sanctions upon Singh in the amount of $1,000.00, without further notice, and without prejudice to ESA's ability to seek further relief.

THE COURT SO ORDERS.

Signed this 2nd day of October, 2020.

_____
TIM SULAK, PRESIDING JUDGE

# EXHIBIT C-29

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| EXTENDED STAY AMERICA, INC., | § | TRAVIS COUNTY, TEXAS |
| BRUCE N. HAASE, MURRAY TYLER, | § | |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| | § | |
| *Defendants.* | § | 53RD JUDICIAL DISTRICT |

---

## ORDER

---

Came on for consideration the special exceptions filed by Defendant Bruce N. Haase in paragraphs 11 through 16 of his answer to the petition filed by Plaintiff Ravindra Singh ("Singh"). The Court, having considered the special exceptions, the Defendants' joint brief in support of their special exceptions, Singh's response (if any), the record, and applicable authorities, finds that the special exceptions should be sustained. Therefore,

The Court ORDERS that Bruce N. Haase's special exceptions in paragraphs 11 through 16 of his answer be, and are hereby, sustained. The Court ORDERS that, within seven calendar days of this order, Singh shall file an amended complaint to remedy the special exceptions, and that if Singh fails to do so, the Court will dismiss the petition without further notice.

Signed this 7th day of October, 2020.

_____
HONORABLE DUSTIN M. HOWELL

# EXHIBIT C-30

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL TORRES,** | § | |
| **JON DOE, and JANE DOE,** | § | |
| | § | |
| *Defendants.* | § | **53RD JUDICIAL DISTRICT** |

## ORDER

Came on for consideration the special exception filed by defendant Extended Stay America, Inc. ("ESA") in paragraphs 1 through 7 of its answer to the petition filed by Plaintiff Ravindra Singh ("Singh"). The Court, having considered the special exception, the Defendant's joint brief in support of their special exceptions, Singh's response (if any), the record, and applicable authorities, finds that the special exception should be sustained. Therefore,

The Court ORDERS that ESA's special exceptions in paragraphs 2 through 7 of its answer be, and are hereby, sustained. The Court ORDERS that, within seven calendar days of this order, Singh shall file an amended complaint that remedies the special exceptions, and that if Singh fails to do so, the Court will dismiss the petition without further notice.

Signed this 7th day of October, 2020.

_____

HONORABLE DUSTIN M. HOWELL

# EXHIBIT C-31

CAUSE NO. D-1-GN-008866

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL TORRES,** | § | |
| **JON DOE, and JANE DOE,** | § | |
| | § | |
| *Defendants.* | § | **53RD JUDICIAL DISTRICT** |

## ORDER ON DEFENDANT BRUCE N. HAASE'S SPECIAL APPEARANCE

On this day, the Court considered Defendant Bruce N. Haase's Special Appearance, and the Court, after considering the parties' pleadings and arguments, is of the opinion that Defendant Bruce N. Haase's Special Appearance should be GRANTED. It is therefore:

ORDERED that Defendant Bruce N. Haase's Special Appearance is GRANTED. This case is hereby DISMISSED for lack of personal jurisdiction.

Signed this the __7th__ day of ~~May~~ October, 2020.

_____
JUDGE PRESIDING
Dustin M. Howell

# EXHIBIT C-32

CAUSE NO. D-1-GN-008866

| | | |
|---|---|---|
| **RAVINDRA SINGH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **EXTENDED STAY AMERICA, INC.,** | § | **TRAVIS COUNTY, TEXAS** |
| **BRUCE N. HAASE, MURRAY TYLER,** | § | |
| **BRIAN MORGAN, CRYSTAL TORRES,** | § | |
| **JON DOE, and JANE DOE,** | § | |
| | § | |
| *Defendants.* | § | **53RD JUDICIAL DISTRICT** |

## <u>AMENDED ORDER ON DEFENDANT BRUCE N. HAASE'S SPECIAL APPEARANCE</u>

The Court hereby VACATES its order of October 7, 2020 related to Defendant Bruce N. Haase's Special Appearance in its entirety, and ENTERS the following amended order in place thereof:

On October 6, 2020, a hearing was conducted regarding Defendant Bruce N. Haase's Special Appearance. Counsel for Mr. Haase appeared at the hearing. Plaintiff Ravindra Singh did not appear at the hearing or file a response to Mr. Haase's Special Appearance, despite receiving proper and sufficient advance notice of such hearing. The Court, after considering Mr. Haase's Special Appearance, the evidence, the record, Mr. Haase's counsel's arguments, and the applicable authorities, finds that the Court lacks personal jurisdiction over Mr. Haase, an out-of-state resident. Accordingly, the Court grants Mr. Haase's Special Appearance. Therefore,

The Court ORDERS that that Defendant Bruce N. Haase's Special Appearance is GRANTED. Plaintiff's claims against Defendant Bruce M. Haase are DISMISSED, and Haase is hereby DISMISSED from this lawsuit for lack of personal jurisdiction.

Signed this the <u>12th</u> day of October, 2020.

JUDGE PRESIDING
Dustin M. Howell

# EXHIBIT C-33

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, PH.D. | § | IN THE DISTRICT COURT of Travis County Texas |
| Plaintiff, | § | |
| V. | § | |
| | § | OCT 22 2020 DD |
| EXTENDED STAY AMERICA, INC., | § | At_____4_____P.M. |
| BRUCE N. HAASE, MURRAY TYLER, | § | TRAVIS COUNTY, TEXAS Velva L. Price, District Clerk |
| BRIAN MORGAN, CRYSTAL TORRES, | § | |
| JON DOE, and JANE DOE, | § | |
| Defendants. | § | 53RD JUDICIAL DISTRICT |

**Filed in The District Court of Travis County Texas**

## PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO AMEND PURSUANT TO COURT'S ORDER OF OCTOBER 7, 2020.

TO THE HON. JUDGE OF SAID COURT:

Plaintiff Ravindra Singh, Ph.D., pro se, respectfully moves the Hon. Court to grant

adequate time to comply with the Court's Order, dated October 7, 2020 to file amended Petition

in the above styled and numbered cause and in support states as follows:

### I.    Brief Factual Background

On Wednesday, October 7, 2020 this Court -- Hon. Dustin M. Howell presiding -- signed an order

sustaining Defendant Extended Stay America, Inc. ("ESA") certain special exceptions. The Order

is reproduced in full below:

******

### ORDER

Came on for consideration the special exception filed by defendant Extended Stay America, Inc.

("ESA") in paragraphs 1 through 7 of its answer to the petition filed by Plaintiff Ravindra Singh

("Singh"). The Court, having considered the special exception, the Defendant's joint brief in

support of their special exceptions, Singh's response (if any), the record, and applicable authorities,

finds that the special exception should be sustained. Therefore, The Court ORDERS that ESA's

1

special exceptions in paragraphs 2 through 7 of its answer be, and are hereby, sustained. The Court

ORDERS that, within seven calendar days of this order, Singh shall file an amended complaint

that remedies the special exceptions, and that if Singh fails to do so, the Court will dismiss the

petition without further notice.

Signed this 7th day of October, 2020

_____

HONORABLE DUSTIN M. HOWELL

\*\*\*\*\*\*\*

On Tuesday, October 13, 2020 Plaintiff received a copy of the Order via United States

Postal Service via regular mail – Monday is a Federal Holiday in observance of the Columbus

Day. Plaintiff is required by the Order to file amended complaint within seven calendar days from

October 7, 2020 – i.e. latest by Wednesday the 14th of October 2020 leaving Plaintiff only a day

in which to comply and not the seven days the Court intended. As a result, Plaintiff now moves

the Court for extension of the deadline to file his amended complaint.

## II.    ARGUMENT

### A: Legal Ground

A Court must give Plaintiff an opportunity to amend, when, as here, a Court sustains

Defendant's special exception. The opportunity must adequate. What is adequate is within the

sound discretion of the Court and is to be decided on the circumstances of the case. Court of

Appeals review denial of adequate time for abuse of discretion and contrary to due process

requirements.

B: **Discussion**

First, as set forth above, Plaintiff received a copy of the Order via United States Postal Service on Tuesday, October 13, 2020 on account of the Postal Service being closed in observance of the Columbus Day on Monday, October 12, 2020 afternoon leaving Plaintiff with inadequate time to comply with said Order. Second, requiring amending the complaint but not giving adequate time is akin to no opportunity to amend, especially here, as Plaintiff is proceeding pro se and is not trained in science of law needs more time to research than a trained attorney. Plaintiff has found nothing to indicate that Court is limited to providing only seven calendar days in which to amend a complaint following sustainment of special exception – it is within Court's sound discretion. Plaintiff notes, for reference only and not any specific length of time that Federal Court's typically allow 30 days to amend a complaint following similar objection by a defendant. For the above reasons and more Plaintiff requests that our grant this motion and allow him adequate time to amend his complaint.

## III.   RELIEF REQUESTED

WHEREFORE Plaintiff respectfully asks the Court to grant this motion and permit Plaintiff adequate time to amend his complaint and comply with Court's Order and further relief Plaintiff may be entitled.

Dated: October 17, 2020

Respectfully submitted,

/s/ Ravindra Singh, Ph.D.

By: _____

RAVINDRA SINGH, PH.D.
Plaintiff pro se
P.O. BOX 10526
AUSTIN TX 78766

3

(512)293-7646
excion_2000@yahoo.com

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of foregoing document on attorney of record Mr. Teters via email on October 13, 2020.

/s/Ravindra Singh, Ph.D.

## CERITIFICATE OF CONFERENCE

I certify that I attempted to confer with Mr. Teters via email on October 13, 2020 regarding this motion via email. I have received no objection or concurrence.

Ravindra Singh, Ph.D

4

# EXHIBIT C-34

CAUSE NO. D-1-GN-19-008866

| | | |
|---|---|---|
| RAVINDRA SINGH, PH.D. | ) | IN THE DISTRICT COURT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| EXTENDED STAY AMERICA, INC | ) | TRAVIS COUNTY, TEXAS |
| ESH HOSPITALITY INC. | ) | |
| EXTENDED STAY MANAGMENT, LLC | ) | |
| P. PORTFOLIO LESSEE | ) | |
| BRUCE N. HAASE, PRESIDENT&CEO | ) | |
| MURRAY TYLER, | ) | |
| BRIAN MORGAN, | ) | |
| JOHN DOE 1, | ) | |
| JOHN DOE 2, | ) | |
| JOHN DOE 3. | ) | |
| Defendants | ) | 53rd JUDICAL DISTRICT |

Filed In The District Court
of Travis County, Texas

OCT 22 2020 DD

At_____4____P M.
Velva L. Price, District Clerk

### PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff Ravindra Singh, Ph.D. pro se respectfully moves the Hon. Court to amend his complaint in the above styled and numbered cause under Texas Rules of Civil Procedure 63 states as follows:

I.   INTRODUCTION

This action stemmed from an extremely egregious acts or omission of Defendants Extended Stay America, Inc., ESH Hospitality, Inc. and Extended Stay Management, LLC or their subsidiaries  (herein after "ESH hotels" or "ESH, Inc.") through their employees or agents Murray Tyler, John Doe 1, John Doe 2 and John Doe 3 on December 31, 2017 (the new year eve) when Plaintiff went to check in at Defendant's hotel located at 17900 I-35 North, in Travis County, Texas pursuant to his "guaranteed" (prepaid) and confirmed reservation for arrival on December 31, 2017 by the ESH hotels via email at about 5.00 PM.     Plaintiff, was not only refused service despite his confirmed, guaranteed and prepaid reservation, but also was physically endangered, and maliciously ejected from the premises by ESA Guest Services agent Defendant Murray Tyler with approval of John Doe 1 - the General Manager

or John Doe 2 - the Assistant General Manager of the ESA Round Rock-South hotel and John Doe 3 - the District Manager of ESA Hotels in Austin-Round Rock metropolitan district (herein after collectively "DOE Defendants") and working in concert and cooperation with Round Rock Police Department who responded to Defendant Murray Tyler's false emergency 911 call for service without justification, and in retaliation for Plaintiff's exercising his rights as a citizen and customer to make a complaint to ESA Corporate Guest Services Agent about Defendant Murray Tyler's conduct in denying to accept Plaintiff as a guest in violation of his federally guaranteed rights and in breach of his contract with Defendant ESH Inc., and for directing Plaintiff to contact a "PORN" service instead when Plaintiff asked for Defendant Tyler for ESA Corporate Guest Services number and misconduct otherwise .

Defendant Murray Tyler was the sole employee on duty at the time of the incident at the ESA hotel Round - Rock South. As such, Defendant Tyler was required by Company policy to apprise his superiors - the Doe Defendants - concerning any Guest issues or emergency situations requiring call for service to local authorities. Plaintiff observed Defendant Tyler conferring with his superior/s via cell phone, making derogatory comments and exchange information about Plaintiff's appearance, race and his national origin. Subsequently, Tyler made a false emergency report to Round Rock police via the emergency 911 system, falsely reporting that his life was in danger or a serious crime was in progress implicating Plaintiff for the purpose of having him ejected from the hotel premises and for the purpose of denying his constitutional rights. Plaintiff had lawful right to be present at the said hotel premises at the time of the event as a citizen of Unites States and as a business invitee. Managers John Doe 1 and or John Doe 2 without justification, and without ever attempting to verify Tyler's version of the incident, and without ever discussing any matter of concern with Plaintiff, further violated Plaintiff's constitutionally

guaranteed rights, when they issued an internal trespass, blacklisted Plaintiff in their computer databases and "do not rent list"  for indefinite period as undesirable, further violated Plaintiff's right to equal treatment in violation in violation of 42 USC Sec. 1983 denying and attempting to deny services as a quest at all of over six hundred ESA hotels located across the United States. At no time Plaintiff was advised or notified of said trespass by ESA Defendants. Furthermore, while Defendants trespassed and banned Plaintiff, they continued to use Plaintiff's contact information they collected during the reservation booking, and continued to send advertising via email with offer for accommodation at discounted prices for being a "valuable customer". As a result of the trespass issued, Plaintiff was refused reservation at ESA hotel located at 2700 Gracy Farms Lane in the City of Austin, Texas and ejected under threat of use of police action by hotels general manager Defendant Brian Morgan.

Plaintiff timely filed this action, pro se asserting claim for violation of Title II under US constitution and law and claims for breach of contract, negligence, intentional infliction of emotional distress and violation of Texas Deceptive Trade Practices Act; claim for violation of Texas Innkeeper Code and violation of Federal Fair Credit Billing Act. Defendants responded by filing a special exception alleging lack of specificity and clarity. Defendants also served written discovery request on Plaintiff. Plaintiff believes request for discovery was made for the purpose of harassment.

Plaintiff attempted to discover true identities of John Doe or Jane Doe - the General Manager of ESA Round Rock-South hotel. Plaintiff notified both the Defendant, and the Court that in the interest of efficiency Plaintiff would prefer to amend the Petition and substitute John Doe or Jane Doe with true identities simultaneously. However, ESA defendants made an objection and the Court was   dissuaded.

The Court sustained ESA defendants special exception and issued an Order on October 7, 2020 requiring Plaintiff to remedy the pleading deficiencies and file an amended complaint. Plaintiff has yet to receive from Court a copy of the Order. On October 13, 2020 Plaintiff filed a motion to enlarge time on file amended complained while Plaintiff has put together the draft of the amended complaint.

## NATURE OF THE CASE

Plaintiff brings this action under the Constitution and law of United States of America and the Constitution and law of the state of Texas for violation of is constitutional rights and injuries suffered by Defendants' egregious conduct as set forth later in this petition. Plaintiff seeks compensatory damages for economic and non-economic losses and punitive damages under the principle of vicarious liability/respondeat superior. Specifically, Plaintiff alleges: (A) violation of Title II of the Civil Rights Act (Public Accommodation) 42 U.S.C. Sec.2000a (a) which provides that all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodation of any lace of public accommodation, without discrimination on the ground of race, color, religion, or national origin; (B) violation of 42 USC Sec. 1981 which provides that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law;

(C) violation of 42 U.S.C Sec 1983 which in pertinent part provides that:"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, and claims for (D) breach of contract; (E) negligence; (F) intentional infliction of emotional distress (IIED) under law of state of Texas.; (G) violation of Texas Deceptive Trade Practices Act (DTPA); (H) violation of fair credit billing act and (I) violation of Texas Innkeeper Code.

## PARTIES

1. At all times relevant to this action Plaintiff was, and is a citizen of United States and the State of Texas and a resident of County of Travis Texas.

2. Defendants Extended Stay America, Inc. is a foreign corporation with Head Quarters located in the City of Charlotte, state of North Carolina.

3. Defendant ESH Hospitality, Inc. is a foreign corporation with its principal place of business located in the City of Charlotte, state of North Carolina. ESH Hospitality is a Real Estate Investment Trust ("REIT"). ESH Hospitality together with ESA and others owns Defendant ESA hotel properties. Defendant ESA, Inc. holds majority stake in ESH Hospitality. Shares of ESA, Inc and ESH Hospitality, Inc. trade on Wall Street stock market as "paired-share".

4. Defendant Extended Stay Management, LLC. is a wholly owned subsidiary of ESA, Inc. Extended Stay Management, under guidance and control of ESA Inc. manages the day-to-day operations of ESA hotels, including two hotels at issue in this action Extended Stay Management LLC. Exists to manage ESA, Inc's hotels only. It does not do business with non-ESA entities.

5. Defendant Bruce N. Hasse is Chief Executive Officer of ESA Inc - the parent company and a Director of both ESA Inc and ESH Hospitality, Inc. Defendant Haase is sued in his official as well as individual capacity for his act or omissions giving rise to this action in whole or in part.

6. At all times relevant to this action Defendant Murray Tyler was an employee, agent or representative of Defendants ESA Inc., ESH Hospitality Inc. or Extended Stay Management LLC or their subsidiaries, and his acts or omissions giving rise to this action were done during the course and scope of his employment with Defendants ESA Inc. ESH Hospitality, or Extended Stay Management LLC.

7. Defendant Tyler is sued in his official as well as his individual capacity for his acts or omissions giving rise to this action in whole or in part.

8. At all times relevant to this action Defendant Bran Morgan was an employee, agent or representative of Defendants ESA Inc., ESH Hospitality, Inc, Extended Stay Management, LLC or their subsidiaries, and General Manager of the ESA hotel located at 2700 Gracy Farms Lane in the City of Austin. Defendant Morgan is sued in his official capacity for his acts or omissions giving rise to this action in whole or in part.

9. At all times relevant to this action Defendant John Doe 1 was an employee, agent or representative of Defendants ESA, Inc, ESH Hospitality, Inc,   Extended Stay Management Inc. Or their subsidiary, and the General Manager of the ESA hotel Round Rock - South. John Doe I is sued in his official as well in his individual capacity for his acts or omissions giving rise to this action in whole or in part.

10. At all times relevant to this action Defendant John Doe 2 was an employee, agent or representative of Defendants ESA, Inc, ESH Hospitality, Inc.,    Extended Stay Management LLC   or their   subsidiary, and Assistant General Manager of ESA hotel

Round Rock - South. John Doe is sued in his official as well as in his individual capacity for his acts or omissions giving rise to this action in whole or in part.

11. At all times relevant to this action Defendant John Doe 3 was an employee, agent or representative of Defendants ESA, Inc, ESH Hospitality, Inc , Extended Stay Management LLC, or their subsidiaries and the District Manager of ESA, Inc.'s hotels for Austin - Round Rock metropolitan area. Defendant John Doe 3 is sued in his official capacity for his acts or omissions giving rise to this action in whole or in part.

12. Defendant Bruce Haase is the President and Chief Executive Officer and a Director   of ESA, Inc. Hasse is also a Board member of ESH Hospitality Inc. He is also the president and chief executive officer of Extended Stay Management LLC. Haase is sued in his official capacity. In its Order issued October 7, 2020 the Court has virtually granted him immunity from suits in his individual capacity. Haase is sued for his acts or omissions as the final decision-maker for ESA Defendants' policies and practices causing, in full or in part violation of Plaintiff's rights as alleged in this Petition.

13. Defendants ESA, Inc, ESA Hospitality, Inc., Extended Stay Management, LLC Bruce N Hasse, Murray Tyler, Brian Morgan, John Doe - 1, John Doe - 2, and John Doe -3 may be served by serving on ESA, Inc or Corporate Officers including its President and CEO, Corporate Secretary or Chief Legal Officer at the following address:

Ross w. McCanless, Esq.<br>
Chief Legal Officer<br>
11525 North Community House Road, Suite 100<br>
Charlotte, North Carolina 28277<br>
(980)345-1600

14. All ESA Defendants may be served by Certified Mail, return receipt requested, directed to Extended Stay America, Inc through the Texas Secretary of State as an agent for service of process at the following address:Citation Section, Room 214, 1019 Brazos, Austin, Texas 78701.

15. All ESA Defendants may also be served by serving on Defendant ESA. Inc's counsel of record in this action.

## VENUE

16. Venue of this suit lies in Travis County, Texas because , Defendants and their agents do business in Travis County and incident giving rise to this action occurred in Travis County, Texas.

## DISCOVERY CONTROL PLAN

17. Discovery in this case is intended to be conducted under Level 3 pursuant to Tex. R. Civil P. 190.3. This action is not governed by expedited proceeding rule relief sought is in the amount of $15 million dollars.

18. Plaintiff requests the Court to issue a discovery control plan in consultation with parties to facilitate discovery in an efficient and timely manner.

## TRADE AND COMMERCE

19. ESA Defendants at all times relevant to this action have engaged in conduct which constitutes "trade" and "commerce" as those terms are defined Sec. 14.45(6) of the Texas Deceptive Trade Practices Act (DTPA).

## ACTS OF AGENTS

20. Whenever in this Petition it is alleged that Defendants did any act, it is meant that Defendants performed or participated in the act or Defendants' officers, agents or employees performed or participated in the act on behalf of, and under the authority of the Defendants ESA, Inc., ESH Hospitality, Inc, or Extended Management LLC.

## SPECIFIC FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

21. On the new year's eve December 31, 2017, approximately 5:30 P.M. Plaintiff went to check into the Extended Stay America Round Rock-South hotel located at 16950 North Interstate I-35, Austin, Texas (herein after ESA hotel Round Rock-South) pursuant to a

reservation made on-line via Defendants' on-line reservation system using his VISA card for payment. Defendant ESA, Inc via email notified Plaintiff that his "reservation was guaranteed" for arrival on December 31, 2017.

22. When Plaintiff walked up to the check-in counter in the lobby that evening, Plaintiff did not see any customer service representative behind the counter. As a result Plaintiff gave a mild shout out saying: "Hello! Any body here?" and waited for someone to appear.

23. After considerable delay, Defendant Murray Tyler appeared behind the counter.Tyler was in street clothes and not wearing any ESA uniform or branded shirt. Defendant Tyler did not even have a visible name tag on his person. This created confusion about Tyler's role.

24. Defendant Tyler asked Plaintiff if he could help him. "Can I help you?" - he said. Tyler's tone of voice was extremely rude. Plaintiff replied by saying that he was there to check-in.

25. Tyler, again in rude and hostile manner asked Plaintiff if he had reservation. Plaintiff replied that he did.

26. Next Tyler asked Plaintiff to show identification. In response, Plaintiff handed Tyler a State of Texas issued photo I.D. card.

27. Defendant Tyler next checked the reservation log in the hotel's computer system and verified that Plaintiff's name was on the reservation log for arrival that evening, December 31, 2017. Tyler indicated that there were two reservations under Plaintiff's name for arrival that evening but different departure dates.

28. Plaintiff explained to Tyler that he did not need two rooms and informed Tyler that he would like to cancel one of the two reservations. - especially one with the longer stay (because of Tyler's rude and hostile behaviour.)

29. Tyler refused Plaintiff's request to cancel and responded in extreme rude tone by saying: "you do it". In response, Plaintiff told Tyler that if he cannot cancel it, Plaintiff would himself attempt to do it on-line once he got in his room where he could connect to the Internet. Defendant ESA, Inc.'s policy as displayed on their website provides that a guest should contact the hotel directly if he is not successful in canceling a reservation on-line. ESA policy also required that reservation must be canceled before 6.00 PM to avoid a late cancellation fee which equals one night's rent.

30. Next Tyler asked Plaintiff to insert his payment card into the card reader on the check-in counter which Plaintiff did. Tyler verbally announced the last four digits on the card and asked Plaintiff to verify it. Plaintiff verified it verbally by saying "yes" and authorized payment for one night stay only. Plaintiff asked for the room-ticket or the receipt showing the total charges incurred.

31. While Tyler was processing the visa card payment, Plaintiff informed Tyler that he preferred a quiet room, and that he should look up Plaintiff's customer profile (ESA calls it EXTENDED PERKS) in the computer system about his room-preferences as Plaintiff had been a frequent guest with ESA hotels

32. Tyler completely ignored Plaintiff's request not only as to his room preferences but also refused to give Plaintiff the receipt or the rate card or copy of the folio.

33. Defendant Tyler did not assign Plaintiff any rooms; did not provide any room keys and kept him waiting while he served white guest/s who arrived later than Plaintiff, checked in promptly with courtesy and respect and otherwise provided prompt and efficient service and accepted as guest.

34. After patiently waiting for a long time period of time, and being completely ignored, Plaintiff ran out of patience with Tyler's behavior, and decided to take up the matter with ESA Corporate Guest Services desk. Plaintiff asked Defendant Tyler for the Corporate

Guest Service line. In response, Tyler handed Plaintiff a scrap of paper with a phone number written on it.

35. Plaintiff dialed the phone number on the house phone (a landline phone) located on the customer service counter Plaintiff was connected to a "PORN" business instead of ESA Corporate Guest Service desk.

36. Because of aforementioned phone issue, Plaintiff attempted to handover the phone to Tyler, and asked him to listen in order for to confirm for himself the nature of the business on the other end of the line. Tyler refused to take the phone, and verbally indicated that he was not going to find out. Tyler started to begin an argument with Plaintiff and Plaintiff promptly asked him to stop the improper conduct. Plaintiff notified Tyler that the phone number he provided to Plaintiff connected to a "PORN" business.

37. Tyler was not interested in verifying anything. His refusal to take the phone and confirm the nature of the business on the other end, and his demeanor indicated that Tyler was fully aware that the phone number he provided Plaintiff would connect him to a "PORN" business and not the ESA Corporate Guest Services desk that Plaintiff was attempting to reach to resolve the problem.

38. Next, Plaintiff asked Tyler for an alternate Corporate Guest Services number and to double-check it before he gave it to Plaintiff in light of the previous incident. Defendant Tyler hesitatingly provided Plaintiff with a phone number but did not dial it to confirm or connected the line to the Corporate Guest Services desk.

39. Plaintiff called the number given to him by Tyler the second time but was put on hold for over 20 minutes. Plaintiff eventually reached a remote Guest Services agent.  Plaintiff explained to the agent that he was not being checked in despite having a "guaranteed reservation". Plaintiff also complained about Tyler's behaviour and about being given phone number to call a "PORN" business instead by the Guest Services desk and and being

extremely rude and insulting, The agent asked Plaintiff to handover his phone to Tyler which Plaintiff did. Tyler did not initially respond to the agent and hung up.

40. While Plaintiff was on phone with the Corporate Guest Services desk, Defendant Tyler, using a cell phone made a call to his supervisor. Plaintiff believes that said supervisor was either the General Manager John Doe 1 or the Assistant Manger John Doe 2 of the subject hotel. (Previously named Jon Doe and Jane Doe respectively).

41. During the phone consultation, Tyler and John Doe/John Doe 2, made the final decision not to accept Plaintiff as a guest, and have him ejected from the property with aid of Round Rock police. At no time Tyler or any one else asked Plaintiff to leave the hotel premises.

**Violation of Texas Penal Code § 42.061: Abusive Calls to 9-1-1 Service**

42. At or around about 6.00 P.M. Defendant Tyler placed a call on emergency 911 system falsely reporting that a serious crime was in progress and that he was in imminent danger implicating Plaintiff while Plaintiff was still on phone with the remote Guest services agent in an effort to complete the check in.



43. Round Rock Police Department website define what constitutes an emergency and when and emergency report should be made. It defines an emergency as follows, in full:

- Any serious medical problem such as chest pain, seizure and/or severe bleeding.
- Any type of uncontrolled or unsupervised fire.
- Any life-threatening or serious crime in progress.

It also instructs that:

- "911 should only be used for an emergency such as:
- A crime in progress

Unofficial copy Travis Co. District Clerk Velva L. Price

- A fire

- Situation requiring an ambulance.

44.   Within a few minutes, Round Rock police officers responded to the subject ESA hotel - one officer entering the lobby and approached Plaintiff while several others took position out side of the hotel exit creating a frightening scary situation.Plaintiff was too aware of news reports where innocent persons have been shot and killed or severely injured by false police reports in error as the case herein.

45.   When the Round Rock police arrived in the hotel lobby Plaintiff was still on phone with the remote Corporate Guest services agent. His laptop computer was on the check in counter and open screen with reservation confirmation page open. Plaintiff was attempting to check in and get into a room as he was tired, and had his dinner plans gone bad due to the check in issue. Plaintiff had a bag full of grocery because he had plans to stay for three nights and ESA hotels offered the mini kitchens to prepare meals.

49.   Plaintiff requested the Officer to let him complete the phone conversation with the Guest Services agent before Plaintiff would answer his questions. The office was listening in to he phone conversation he quickly realized the situation for what it was - there was no emergency. There was no need for police. officer was respectful and accommodating.

50.   After Plaintiff got off the phone, the police officer asked Plaintiff to confirm if he had reservation and Plaintiff notified that he did. Next, Officer notified Plaintiff that ESA/Tyler "don't want to serve you and that you need to leave immediately and not return tonight". Plaintiff told the officer that he could not contemplate returning to the property on that night as he did not feel safe being there in light of the event.

51.   Plaintiff informed Plaintiff that he was frightened, scared that he might be shot in error or would be arrested. The officer advised, Plaintiff without specificity that there were other hotels in the area Plaintiff could go to.

52. Plaintiff explained that it was new year's eve and most properties were fully booked. Plaintiff also explained that in view of new years celebration typically hotels raise their rates.

53. Next Plaintiff collected his computer that was on the check-in counter at Officers prompting, picked up his grocery bag and his other belongings. Officer escorted Plaintiff out of the hotel lobby. Plaintiff saw several other police officers near the exit, and felt fearful and intimidated and memory of shootings in error flashed in his mind.

54. Plaintiff had Planned to prepare a meal in the room and he had picked up provisions for same. Without the any accommodation for the night, and without the ability to prepare any meal, Plaintiff found a Burger King about a mile away from where he was able to connect to the Internet and search for a place to stay for the night.

55. Eventually, after more than an hour of search, Plaintiff made a reservation at another ESA hotel over ten miles away at double the rate of ESA Round Rock-South hotel and got to a room at about 8:30 PM. The weather was cold - near freezing, and Plaintiff felt exhausted.

56. At about 8.45 PM, immediately after checking-in, Plaintiff lodged a complained via email to ESA Round Rock-South hotel's General Manager's attention. To this day Plaintiff has not received any reply.

57. In the Month of April 2018, Plaintiff made a booking on ESA, Inc on-line reservation system at its hotel located at 2700 Gracy Farm Lane in the City of Austin for two-nights stay. Plaintiff checked-in there in usual manner.

58. Before the expiration of his stay, Plaintiff called the front-desk using house phone to make a new reservation for extension of his stay for another night.

59. In response, the desk clerk advised Plaintiff that she could not take a reservation via phone, and that Plaintiff needed to be present in person at the counter to make reservation.

60. When Plaintiff went to the check-in counter to make the reservation, Plaintiff was refused reservation by the desk clerk on duty.

61. The General Manager, Brian Morgan in a rude and threatening manner told Plaintiff to "get the hell out of here now or I will call the police to kick you out". When Plaintiff asked for the reason Defendant Morgan explained that Plaintiff was trespassed by General Manager of the Round Rock South hotel -John Doe 1 and John Doe 2 whose identity Plaintiff is still seeking to discover through formal discovery process.

62.  The Court has, on ESA defendants' motion issued a ruling indicating that Plaintiff may not conduct even limited discovery into the identity of the General Manager until he amended his Petition.

63. When Plaintiff asked Defendant Morgan, why he ESA accepted his two-night's reservation and why he was permitted to check-in. Morgan stated that "it was a mistake".

64. Plaintiff has never attempted to book accommodation with ESA hotels ever since because of the trespass notice by Morgan, and to avoid further humiliation. Plaintiff books hotels room frequently when in need..

65. Plaintiff's email log shows that since he was ejected at ESA Round Rock-South ESA Inc and forbidden accommodation throughout the ESA chain of hotels, yet Defendant ESA Inc have sent Plaintiff email offer's over more than one hundred and seventy-five times including over fifty times after the commencement of this action - more than once every week. That does not include all the pop up advertisements.

### JOINT AND SEVERAL VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

66. Defendants ESA, Inc.,ESH Hospitality. Inc., P Portfolio Lessee LLC and Extended Stay Management LLC are jointly and severally liable under the doctrine of vicarious liability for the acts or omission of Defendants Murray Tyler, Brian Morgan, John Doe 1, John Doe 2, John Doe 3 for the acts or omissions complained of this action done.

67.  ESA entity Defendants had rights to control and in fact exercised full control through setting standard, promulgating policies and procedures and enforcing them at each ESA hotel including the ESA Round Rock South and ESA Gracy Farms Austin through inspection, audit and otherwise.

68. At all time relevant to this action Defendants Tyler, Morgan, Haase, John Doe 1, John Doe 2, and John Doe 3 discriminated against Plaintiff refusing service on the basis of Plaintiff's race - Asian, color - Brown, and national origin Indian.

69. ESA Entity Defendants are vicariously liable for their policies, customs, acts or omission that was the   moving force behind violation of Plaintiff's rights complained of in this action. Defendant Haase is the final policy maker with respect to hiring, training, supervision of the individual ESA Defendants. Defendants Haase is also the final policy maker with respect to staffing level that directly or indirectly caused violation of Plaintiff's constitutional rights complained of in this action.

## CAUSES OF ACTION
### First Cause of Action: Violation of the Title II of Federal Civil Rights Act (1991) Against All Defendants

70. Plaintiff incorporates paragraphs 1 through 69 of this petition above. as set forth herein in full.

71. Plaintiff is a member of the protected class "Asian" by race, "brown"   by color and of "Indian" by nation origin under the TITLE II of the Civil Rights Act (1991 as amended).

72. Extended Stay America hotels at issue in this petition are places of public accommodation.

73. ESA Defendants - more specifically Defendants Murray Tyler, and Defendants John Doe 1 and John Doe 2 violated Plaintiff's civil rights by refusing and failing to provide accommodation at subject ESA Hotel Round Rock-South on December 31, 2017.

74. Defendants Tyler, John Doe 1 and John Doe 2 further violated Plaintiff's civil rights and rights guaranteed under the 14th amendment to U.S constitution and as well as Texas constitution in refusing to serve and unjustifiably ejecting Plaintiff by use of City of Round Rock Police force from the ESA Round Rock South premises where Plaintiff where Plaintiff has constitutional right to be present. Plaintiff also had a constitutional right to be present pursuant to the terms of his reservation booking contract.

75. Defendants' conduct was intentional, reckless and malicious and undertaken to deny Plaintiff his lawful rights.

76. As a direct and proximate result of ESA defendants' acts and omissions Plaintiff has suffered injuries.

77. Plaintiff demands compensation and damages for injuries inflicted at the hands of ESA Defendants for humiliation, mental anguish and punitive damages for violating Plaintiff's civil rights under the constitution and law of United States constitution of the state of Texas in an amount specified in the Relief Requested section of this Petition.

### Second Cause of Action: Violation of 42 USC§1981 (Equal rights under the law)
### (Violation of rights and privileges to enforce contract/Dec. 31, 2017)
### Against All Defendants Except Brian Morgan

78.   Plaintiff incorporates paragraphs 1 through 69 of this petition above. as set forth herein in full.

79. Defendant is of Asian race by US and Federal designation of race.

80. The 42 USC §1981 grants all persons the right to make and enforce contract regardless of race. In relevant part it provides :

> **(a) STATEMENT OF EQUAL RIGHTS**
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

81. As set forth in the general allegation section of this petition, ESA defends, and

more specifically, Defendants Murray Tyler,  John Doe 1 and John Doe 3 violated Plaintiff's rights guaranteed under 42 USC § 1981 by refusing to provide room at ESA Round Rock -South hotel on December 31, 2017 when they refused to check in Plaintiff despite a guaranteed reservation.

82. ESA Defendants, and more specifically Defendant Murray Tyler and John Doe 1 and John Doe 2, further violated Plaintiff's rights under the 42 USC § 1981 when they retaliated against Plaintiff by making a false police report to evict, and did Plaintiff from the said hotels premises.

83. ESA Defendants, and more specifically Defendant Murray Tyler and John Doe 1 and John Doe 2, further violated Plaintiff's rights under the 42 USC § 1981 when they retaliated against Plaintiff by trespassing, blacklisting and placing Plaintiff on a "do not rent" database denying Plaintiff's right to make and enforce contract with over six hundred ESA hotels across the United States.

84. 42 USC § 1981 protects person from race discrimination by non-government actor, including ESA defendants.

85. Defendants' Tyler, John Doe 1 and John Doe 2 conduct was intentional, reckless and malicious and undertaken to deny Plaintiff his lawful rights.

86. As a direct and proximate result of ESA defendants' acts and omissions Plaintiff has suffered injuries.

87. Plaintiff demands compensation and damages for injuries inflicted at the hands of ESA Defendant for humiliation, mental anguish and punitive damages for violating Plaintiff's civil rights under the constitution and law of United States and constitution of the state of Texas in an amount specified in the Relief Requested section of this Petition.

**Third Cause of Action: Refusal to Make Contract in Violation of 42 USC §1981**
**At Defendant's Gracy Farms Lane Hotel in the Month of April 2018**
**(Against All defendants)**

88. Plaintiff incorporates paragraphs 1 through 69 of this petition above. as set forth herein in full.

89. Plaintiff incorporates in full paragraphs 79 through 85 of under the Second cause of Action set forth above defendants, and more specifically Defendant Brian Morgan violated Plaintiff's rights to make contract under the provisions 42 USC §1981 when he expressly refused Plaintiff's request to make reservation in the month of April, 2018 at the ESA hotel located at 2700 Gracy Farms Lane, in the City of Austin.The refusal was based on Plaintiff's race - Asian, Color - brown and national origin - Indian.

90. Defendant Brian Morgan's act was intentional, reckless and malicious and undertaken to deny Plaintiff his lawful rights.

91. As a direct and proximate result of ESA defendants acts and omissions Plaintiff has suffered injuries.

**92.** Plaintiff demands compensation and damages for injuries inflicted at the hands of ESA Defendants,  and specifically defendant Morgan for humiliation, mental anguish and punitive damages for violating Plaintiff's civil rights under the constitution and law of United States and constitution of the state of Texas in an amount specified in the Relief Requested section of this Petition.

### Fourth Cause of Action: Violation of Section 42 USC §1983
### (Deprivation of rights, privileges, or immunities secured by
### the US Constitution and Federal Law)
### (Against All Defendants)

93. Plaintiff incorporates paragraphs 1 through 93 as if set forth herein in full.

94. Plaintiff further alleges that on December 31, 2017 ESA defendants, more specifically Defendants Murray Tyler, John Doe 1 and or John Doe 2 deprived of his rights, privileges and immunities guaranteed under color of state law in violation 42 USC §1983 when Defendants ejected Plaintiff from ESA hotel Round Rock-South, located at 16950 I-35

North, Austin Texas, working in concert with Round Rock Police officer/s ejected Plaintiff when Plaintiff went there to check in pursuant to a guaranteed reservation.

95. Plaintiff is a member of a protected group on account of his race (Asian),color (brown) and national origin(India).

96. At all times relevant to this action Defendants Tyler, John Doe 1 and John Doe were working within the course and scope of their employment with Defendant's Extended Stay America, Inc. or one or more of its affiliates who own and operate the Extended Stay America Round Rock South hotel .

97. All time relevant to this action Defendants act performed and action taken by Tyler, John Doe 1 and John Doe 2 resulting in ejection of Plaintiff refusal to serve despite a guaranteed reservation in concert with City of Austin Police Department and police officers in concert with Round Police Officer/s constitutes action taken under color of state law for 42 USC § 1983 purposes.

98. 42 USC § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(R.S. § 1979; Pub. L. 96-170, § 1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104-317, title III, § 309(c), Oct. 19, 1996, 110 Stat. 3853.)

99. Defendants Tyler, John Doe 1 and John Doe 2 act was intentional, reckless and malicious and undertaken to deny Plaintiff his lawful rights.

100. As a direct and proximate result of ESA defendants' acts and omissions Plaintiff has suffered injuries.

101. Plaintiff demands compensation and damages for injuries inflicted at the hands of ESA Defendants,  and specifically defendant Tyler and John Doe 1 for humiliation, mental anguish and punitive damages for violating Plaintiff's civil rights under the constitution and

Unofficial copy Travis County District Clerk Velva L. Price

law of United States and constitution of the state of Texas in an amount specified in the Relief Requested section of this Petition

### Fifth Cause of Action: Violation of 42 USC §1985(b)(3)
### (Conspiracy to interfere with Civil Rights: Tyler, John Doe 1, John Doe 2)
### (All Defendants)

102. Plaintiff incorporates paragraphs 1 through 69 of this Petition as if set forth here in full.

103. Defendant Tyler, John Doe 1 conspired together and with Round Rock Police Department/officer/s for the purpose of denying Plaintiff civil rights guaranteed under US constitution and law in violation of 42 USC Sec 1985(b)(3), specifically accommodation at the Extended Stay Hotel Round Rock South.

104. In furtherance of above mentioned conspiracy to deny Plaintiff accommodation pursuant to a plan between Tyler and Defendant John Doe 1 and or John Doe 2 , Defendant Tyler made a false report on emergency 911 system Plaintiff was committing a serious crime at said hotels. The dispatcher sent Round Rock police officers to the subject hotel, and ejected Plaintiff and thereby denying accommodation at the hotel despite Plaintiff's guaranteed reservation

106.Defendants Tyler, John Doe 1 and John Doe 2 act was intentional, reckless and malicious and undertaken to deny Plaintiff his lawful rights.

105. As a direct and proximate result of ESA defendants' acts and omissions Plaintiff has suffered injuries.

106. Plaintiff demands compensation and damages for injuries inflicted at the hands of ESA Defendants, and specifically defendant Tyler and John Doe 1 for humiliation, mental anguish and punitive damages for violating Plaintiff's civil rights under the constitution and law of United States and constitution of the state of Texas in an amount specified in the Relief Requested section of this Petition

Unofficial copy Travis Co. District Clerk Velva L. Price

**Sixth Cause of Action: Breach of Contract**
**(Failure to provide room contracted for arrival on December 31, 2017**
**and Departure of January 1ˢᵗ, 2018)**

107. Plaintiff incorporates paragraphs 1 through 79 of this petition as though incorporate in

here in full.

108. Plaintiff and Defendant entered into a contract on-line at Defendants' web site

whereby Defendant ESA America agreed to provide a room at its Round Rock-South for a

one night stay and arrival on December 31, 2017 and departure on January 1ˢᵗ 2018.

109. Pursuant to this agreement Defendant ESA demanded and Plaintiff provided his

Payment card number and necessary other information to put a charge on the card for the

total amount due.prepayment/payment card guarantee

110. Defendant notified Plaintiff via email that his said reservation was guaranteed".

Relying upon Defendants email guarantee,    Plaintiff went to said Extended stay to check in

at about 5.00 PM . Defendant intentionally failed and refused to provide the accommodation

promised.

111. In addition, Defendants without justification called the police on him and ejected him

from the property. Furthermore Defendants blackballed him. As a result Plaintiff has been

refused accommodation at other Extended Stay hotels. For example the ESA hotel on Gracy

Farms Lane in Austin.

112. As a result of police false police report Plaintiff has suffered loss to his reputation.

113. As a result of ejection Plaintiff has suffered loss of sleep, anger,loss of focus severe

mental anguish and mental health issues.

114. As a result of ejection Plaintiff has been forced to change his way of living and

thinking about people and broader society. Plaintiff and though processes affecting his

broader outlook at society.

522—

115.   Defendants acts were intentional, malicious and done for the purpose. Plaintiff seeks

damages for breach of contract and compensatory damages under tort in the amount as

described in relief section of this Petition.

### Sixth   Cause of Action: Negligence/Gross Negligence Under Texas Law
### (Against all defendants)

116. Plaintiff incorporate paragraphs 1 through 116 of this petition as if set forth here in

full.

117. Plaintiff was a an invitee for the ESA defendants when Plaintiff went to check in on

the new years eve December, 2017 at the ESA Round rock South hotel.

118. Defendant owed Plaintiff a duty to care in accepting Plaintiff's reservation for lodging

at Extended Stay Round Rock South hotel for stay on the night of the new year's eve 2017.

119. Defendants failed in their duty by:

    (a) Failing to accept Plaintiff as a guest;

    (b) when the did not provide the room.

    (c) Trespassing Plaintiff from all its over six hundred hotels across the US.

120. Defendants were grossly negligent in making false report to police. Plaintiff could

have been mistakenly shot and killed - too many reports of shooting death by police been

shot and killed. Compare recent news stories:   (a) In Ohio employee called police on false

assumption in a Wal-Mart store when the customer was holding a toy gun. Police shot him

to death within three seconds of his arrival.(b) A Starbucks employee called the police just

for not making a purchase. Police arrive and arrest the person. Cell phone video to the

rescue. Starbucks CEO appears on national TV and offers an apology. Shut the whole

company for a day - yes the entire of stores for full day for racial sensitivity training and no

ot for the employee who called the police. (3) A white woman calls the cops in New York

central park that the black guy was endangering her life when the guy asked the lady to put

her dog on the lease when a sign was posted that all dogs must bn leases. Cops come and try

to arrest the black man. A cell video to the rescue again. The guy made no threat the lady.
While lady apologizes after the video posting. Her Wall street employer finds the video
doing the news round. The employer CEO offers a public apology. The lady has no job to
go to.

121. In contrast compare Defendant Haase conduct. He has fought so that he does not have
to answer to Texas Courts in his "individual" capacity. The Court should offer him an
opportunity in his official capacity to explain what he has done and what he plans to not
citizens like Plaintiff at   risk of loss of life false police report.

122. Politicians have taken notice too. Several states have enacted laws that provides for
private cause for action for wrongfully calling cops. The state of Oregon and California are
examples. Many other states are in process of doing so. New York among other.

123. ESA Defendants, more specifically Extended Stay Management LLC, Extended Stay
America, Inc have been grossly negligent in properly hiring, training, supervising or
controlling and staffing its Guest Service and hotel management staff including Defendant
Tyler and the general manager John Doe 1 and the assistant manager John Doe 2.

124. Plaintiff's injuries were proximate cause of deficient training, supervision and control.

125. Plaintiff demands compensatory and punitive damages for his injuries as stated in
Relief Section of this Petition.

### Eighth Cause of Action: Injury to Reputation/Defamation under 42 USC §1983
### (Violation of US 14th Amendment)
### All Defendants

126. Plaintiff incorporates paragraphs 1 - 123 of this complaint in full by reference.

127. On December 31, 2017 ESA Defendant, more specifically, Defendant Tyler and John
Doe 1 and John Doe 2 reported falsely that Plaintiff was committing a serious   crime at
ESA round Rock South hotel and endangering Tyler's and unspecified person's life by
making an emergency 911 call for help. Tyler also provided Plaintiff's personal and

identifying information collected by Defendant ESA during the reservation process to the police creating a criminal record. It was reasonable foreseeable for Defendant Tyler that a police record will be created as a result of his false 911 call for police assistance.

128. The information Tyler supplied to police was false and Tyler new it was false.

129. As a direct result Plaintiff's has suffered injury to his reputation.

130. Plaintiff has a property or liberty interest in his good name

131. Defendants' Tyler, John Doe 1 and John Doe 2 conduct was intentional, reckless and malicious and undertaken to deny Plaintiff his lawful rights.

132. As a direct and proximate result of ESA defendants' acts and omissions Plaintiff has suffered injuries.

133. Plaintiff demands compensation and damages for injuries inflicted at the hands of ESA Defendants for humiliation, mental anguish and punitive damages for violating Plaintiff's civil rights under the constitution and law of United States and constitution of the state of Texas in an amount specified in the Relief Requested section of this Petition.

## JURY DEMAND

134. Plaintiff demands trial by jury.

## CONCLUSION

135. ESA defendants through acts and omissions have violated Plaintiff's civil rights guaranteed by US and Texas Constitutions and have been grossly negligent in calling police on his put in his life at risk of being shot and killed by police. Defendants have impugned his reputation by creating a police record that is continuous an on going. It was blatant and most egregious example of racial discrimination Plaintiff has ever experiences.. ESA inc has breached a binding contract it entered into when it accepted Plaintiff's reservation and notified of its acceptance via email. Defendants Tyler, John Doe 1 and John Doe 2 act falsely reporting serious crime in progress on the emergency 911 system constitutes acts of



gross negligence – it potentially put Plaintiff life at risk. Defendants new or should have known that calling police on Plaintiff will result in criminal record with life long implication in adversely impact Plaintiff in securing housing, higher education, licensing in profession. For example law schools screen Plaintiff for criminal record. Texas bar can deny licence to practice based on such criminal records. Plaintiff asks the Hon. Court to grant him relief requested below;

## RELIEF REQUESTED

136.   W HEREFORE, and for all the foregoing reasons explained above Plaintiff requests the Hon. Court grant Plaintiff following relief:

   (a)  Enter an Order against Defendants Extended Stay America, Inc., Defendant ESH Hospitality, Inc., Defendant Extended Stay Management LLC, P Portfolio Lessee LLC., Defendant Bruce Haase, Defendant Murray Tyler, Defendant Brian Morgan and in favor of Plaintiff Ravindra Singh, Ph.D. for compensation and punitive damages in the amount of $15 M.

   (b)  Enter an Order commanding ESA Defendants to remove Plaintiff's names from a "do not rent" database and erie in it from sharing the database to other lodging services providers of repute nation wide and issue a letter of apology.

   (c)  Enter an Order directing ESA defendants to to take immediate step to expunge the criminal record from all criminal history Data-Banks.

October 1  2020                    Respect submitted

                                   /s/s Ravindra Singh, Ph.D
                                   BY; _____

                                   RAVINDRA SINGH, PH.D.
                                   Plaintiff, Pro

                                   (512)293-7646
                                   EXCION_2000@YAHOO.COM

## NOTICE OF SERVICE

I certify that on this 14th Day of October 2020. I served a True and Correct copy of foregoing document on Keven Teters via email at kevin.teters@hklaw.com

I also certify that I also served a copy to 200.submission@traviscountytx.gov

/S/Ravindra Singh. Ph.D.

Unofficial copy Travis Co. District Clerk Velva L. Price