IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAVINDRA SINGH, PH.D., § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | No. 1:20-CV-1128-LY-ML |
| EXTENDED STAY AMERICA, INC., § | |
| ESH EXTENDED STAY AMERICA, § | |
| INC., ESH HOSPITALITY INC., § | |
| EXTENDED STAY MANAGEMENT, § | |
| LLC, P. PORTFOLIO LESSEE, BRUCE § | |
| N. HAASE, MURRAY TYLER, BRIAN § | |
| MORGAN, JOHN DOE 1, JOHN DOE 2, § | |
| AND JOHN DOE 3, § | |
| Defendants. § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE:

Before the court are Certain Defendants' Motion to Dismiss Plaintiff's Claims Against Unserved Defendants (Dkt. #29) and Certain Defendants' Motion to Dismiss (Dkt. #30).[1] After reviewing the pleadings, relevant case law, and the entire record, the undersigned issues the following Report and Recommendation to the District Court.

I. BACKGROUND

The above-styled lawsuit arises from an incident occurring on December 31, 2017, at the "Extended Stay America Round South hotel" (the "Hotel"). Dkt. #1-3 (Original Petition). In short,

---

[1] These dispositive motions were referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

pro se Plaintiff Ravindra Singh, Ph.D., ("Singh") alleges he tried to check-in to the Hotel under a reservation, received discriminatory treatment during the check-in process, and was unjustly refused service. *See id.* at 7-10. After Singh was refused service, an employee of the Hotel called the police on the allegedly "false premise" that Singh "was yelling at corporate Guest services and causing a disturbance." *Id.* at 10. Singh disputes this characterization of events. *Id.* Once the police officer arrived, Singh agreed to leave the Hotel. *Id.*

Based on this incident, Singh filed suit in the District Court of Travis County, Texas, on December 31, 2019. *See id. See* Dkt. #1-3. Per his Original Complaint, Singh brought a number of wide-ranging claims against Defendants Extended Stay America, Inc. ("ESA Inc."), Bruce Haase ("Haase"), Murray Tyler ("Tyler"), Brian Morgan ("Morgan"), Crystal Torres ("Torres"), and two Jon/Jane Does ("Does"), including claims based on civil rights, the Fair Credit Billing Act, 115 U.S.C. § 1601 *et seq.*, and breach of contract. *See id.* at 12-22. Singh sought compensatory and punitive damages, an order commanding ESA to "take all necessary actions and expunge the criminal record created for all jurisdictions," and an order "commanding [ESA] to remove 'blackballing' within ESA Hotels and issue written apology to [Singh] for the same." *Id.* at 22.

On October 22, 2020, Singh filed his First Amended Complaint, the current live pleading. *See* Dkt. #1-3 at 305. This Amended Complaint largely asserts the same causes of action and seeks the same rewards. *Id.* That said, Singh has added four new defendants: ESA (misnamed as "Extended Stay Management, LLC"), ESA Hospitality, Inc. ("ESA Hospitality"), P. Portfolio Lessee, and a third John Doe. *See id*. Singh also dropped Torres as a defendant, and thus has voluntarily dismissed his claims against Torres.[2] Consequently, the remaining defendants in this

---

[2] *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1973) ("the amended petition, by omitting a defendant, operated as a voluntary dismissal as to that party") (citing *Ridley v. McCallum*, 163 S.W.2d 833 (Tex. 1942) and *Brennan v. Greene*, 154 S.W.2d 523 (Tex. Civ. App.—San Antonio 1941, writ ref'd)).

2

action are as follows: (1) ESA Inc.; (2) ESA Hospitality; (3) ESA; (4) P. Portfolio Lessee; (5) Tyler; (6) Morgan; and (7) the three "Doe" defendants.[3]

On November 13, 2020, ESA removed this lawsuit to the U.S. District Court for the Western District of Texas. Dkt. #1. Singh sought to remand this suit, Dkt. #11, and the District Court denied Singh's request, Dkt. #22. ESA Inc. moved the District Court to enforce various state court orders and, as discussed more fully below, the District Court granted ESA Inc.'s request. *See* Dkt. #13, #23. Singh filed a motion to reconsider this order; Singh's motion was denied by the District Court. *See* Dkt. #25, #28.

As of February 17, 2021, the only defendants who had been served with process were ESA Inc. and ESA (collectively "ESA Defendants"). Consequently, ESA Defendants filed a Motion to Dismiss Plaintiff's Claims Against Unserved Defendants. *See* Dkt. #29. To date, Singh has filed no response. On March 1, 2021, ESA Defendants filed a Motion to Dismiss the above-styled suit for lack of prosecution. *See* Dkt. #30. Again, Singh has failed to file a response.[4]

## II. MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST UNSERVED DEFENDANTS – DKT. #29

Despite this lawsuit's lengthy history, the record reveals that only ESA Inc. and ESA have been served with process. This issue is not new to Singh. In its Notice of Removal, filed on November 13, 2020, ESA Inc. noted that various defendants had not yet been served. *See* Dkt. #1 at 5. In Singh's Motion to Remand, filed on December 14, 2020, Singh claimed that he had served all defendants named in his Original Complaint via having effectuated service "through Texas Secretary of States by serving on [ESA Inc.]'s corporate general counsel . . . at its principal place

---

[3] Bruce Haase was dismissed from this suit for lack of personal jurisdiction. *See* Dkt. #23.
[4] Pursuant to Local Rule CV-7(e)(2), a motion may be granted as unopposed if review of the pleadings reveals that it should be granted. *Cf. John v. Louisiana Bd. of Trs. For State Coils. & Univs.*, 757 F.2d 698, 707-10 (5th Cir. 1985).

of business . . . at the very beginning when the case was filed." Dkt. #14 at 4. Recognizing that ESA Inc. contested the validity and adequacy of this assertion, Singh stated he "intend[ed] to investigate the issue and advice the court once investigation [*sic*] is complete." *Id.* To date, Singh has not provided the court with any update on service of process.

Against this backdrop, ESA Defendants ask the court to dismiss Singh's claims against the unserved defendants pursuant to Federal Rule of Civil Procedure 4(m). Dkt. #29. The unserved defendants include Tyler, Morgan, ESH Hospitality, P. Porfolio Lessee, and the three "Doe" defendants.

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a complaint for insufficient service of process. *See Lewis v. S. Oaks Nursing*, No. CV 17-1674, 2019 WL 2526317, at *1 (W.D. La. June 19, 2019). Requiring proper service stems from the Due Process Clause of the Fifth Amendment and demands that defendants receive adequate notice of the proceedings against them. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002). The party effectuating service has the burden of demonstrating its validity. *See Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012).

Federal Rule of Civil Procedure 4(m) permits a district court to extend time for service when a defendant has not been served within ninety days of the complaint's filing. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The court must first determine whether good cause exists for the failure to timely serve a defendant. *See id*. If good cause exists, the court *must* extend time for service; however, if good cause does not exist, the court *may* extend time or dismiss the action without prejudice. *See id*.

Upon review, there is no indication in the record that Singh effected service of process on Tyler, Morgan, ESH Hospitality, P. Portfolio Lessee, and the "Doe" defendants. By failing to

respond to ESA Defendants' Motion, Singh has waived his opportunity to dispute this assertion. Accordingly, Singh has failed to timely, or untimely, serve multiple defendants in this suit despite having filed it over three years ago. Singh has also failed to advise the court on his service deficiencies despite stipulating he would do so over six months ago. *See* Dkt. #14 at 4.

In short, Singh has intentionally failed to properly serve the above-mentioned defendants, or even timely argue he has served these defendants, as evident by ESA Defendants' repeated alerts that service has not been effectuated and the extended period of time this court has afforded Singh to effectuate service. As noted above, the plaintiff bears the burden of showing good cause for his failure to effectuate service. *Milton v. Shinseki*, No. CIV.A. H-10-2806, 2011 WL 1831698, at *2 (S.D. Tex. May 12, 2011). The plaintiff must at minimum demonstrate "as much as would be required to show excusable neglect, as to which inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id.* (quoting *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Here, given the aforementioned circumstances, Singh has not carried that burden. The continued failure of Singh to perfect service, or even respond to ESA Defendants' arguments, goes well beyond mere inadvertence. After reviewing the record and the law, the court concurs with ESA Defendants that Defendants Murray Tyler, Brian Morgan, ESH Hospitality Inc., P. Portfolio Lessee, and the "Doe" defendants should be dismissed from the above-styled lawsuit. *See, e.g.*, *Shockley v. Univ. of Tex. Med. Branch*, No. CIV A 3:06CV0223-K, 2008 WL 4138105, at *1 (N.D. Tex. Sept. 4, 2008). Accordingly, the undersigned recommends the District Court **GRANT** Certain Defendants' Motion to Dismiss Plaintiff's Claims Against Unserved Defendants (Dkt. #29).

## III. MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO PROSECUTE – DK. #30

Per their Motion to Dismiss, ESA Defendants argue this case should be dismissed with prejudice because Singh has "failed to comply with the [c]ourt's orders" and "has failed to prosecute his case."[5] Dkt. #30 at 2. Before beginning its analysis, a more-thorough summary of this case's background and Singh's actions in earlier filed lawsuits is helpful to put this dispute in context.

### A. Additional Background

As noted above, this matter was originally filed in state court before the Travis County District Court. In finding Singh was not complying with discovery, the state court granted ESA's Motion to Compel and ordered Singh to "respond, fully and completely, without objections to ESA's Interrogatories, Document Requests, and Request for Disclosures by August 20, 2020." Dkt. #1-3 at 250. The state court warned Singh that it would assess attorneys' fees as a sanction if he failed to comply with the court's order. *Id.* Despite the court's order and warning, Singh "did not provide any of the requested discovery." *Id.* at 252. Consequently, the state court conducted a Zoom hearing to evaluate Singh's failure to comply with discovery and the above-mentioned order. *See id.* at 288. While counsel for ESA appeared at the hearing, Singh did not appear. *Id.*

In a subsequent order to the Zoom hearing, the state court found that "Singh did not comply with the [c]ourt's order – he did not provide any of the requested discovery or documents . . . as ordered by the [c]ourt." *Id.* Consequently, the state court made the following findings:

> Good cause therefore exists for the imposition of sanctions against Singh in the form of an award of attorneys' fees and costs to ESA. The Court has considered that such sanctions are directed against Singh's abuses of the discovery process and his violation of this Court's August 7, 2020 order, and that such sanctions serve to remedy the prejudice Singh's conduct has caused ESA. Such sanctions are not excessive, but rather are tied directly to Singh's abuses of the discovery process

---

[5] The court notes that its above analysis on Singh's failure to properly serve a number of the defendants cuts in favor of ESA Defendants' Motion.

and his violation of this Court's August 7, 2020 order. No other less onerous sanction would suffice to induce Singh's compliance with ESA's discovery requests, the Texas Rules of Civil Procedure, and the Court's August 7, 2020 order. Such sanctions are no more severe than necessary to satisfy their legitimate purposes. Also, the Court has considered the availability of lesser or less stringent sanctions and whether such lesser or less stringent sanctions would fully promote compliance, but the Court has determined—based not only on Singh's failure to respond to ESA's discovery requests (which prompted ESA's motion to compel), but also on Singh's failure to comply with the Court's August 7, 2020 order—that no lesser or less stringent sanctions would promote Singh's compliance with his discovery obligations in this lawsuit.

*Id.* at 289. Accordingly, the state court sanctioned Singh and ordered him to pay $500.00 in attorneys' fees within 30 days of the court's order – 30 days after October 2, 2020. *Id.* The court further ordered Singh, again, to comply fully and completely, "without objections," to ESA's discovery requests within 21 days of the court's order. In conclusion, the court explicitly stated it would "impose additional sanctions upon Singh in the among of $1,000.00, without further notice," if Singh did "not [timely] provide such responses and documents." *Id.* at 290. It is undisputed that despite this warning and the levied sanctions, Singh failed to comply with the state court's October 2, 2020 order.

The above-styled suit was removed to federal court on November 13, 2020. Dkt. #1. On December 11, 2020, ESA Inc. asked the court to adopt and enforce various state court orders, including the August 7, 2020 order compelling Singh to respond to discovery requests and the October 2, 2020 order that sanctioned Singh. Dkt. #13. Singh failed to file a response to ESA Inc.'s motion. On January 5, 2021, the District Court granted ESA Inc.'s motion, adopted the state court orders, ordered Singh to pay attorneys' fees in the amount of $1,500.00 to ESA Inc. "on or before January 26, 2021," and ordered Singh to "respond without objections and produce all documents responsive to ESA Inc.'s interrogatories, document requests, and request for disclosures on or before January 26, 2021." Dkt. #23.

7

Rather than complying with the District Court's Order, Singh filed a Motion to Reconsider on January 26, 2021. Dkt. #25. The District Court denied Singh's Motion and ordered him to "comply with the court's January 5, 2021 Order enforcing state-court orders entered before removal forthwith." Dkt. #28. On February 2, 2021, ESA Inc. informed the court that Singh had failed to comply with the District Court's order. Dkt. #27.

To date, Singh has failed to comply with any of the aforementioned court orders. He has not paid ESA Inc. the ordered $1,500.00 in sanctioned attorneys' fees. While he has finally answered some of ESA Inc.'s discovery requests, his responses do not comply with the courts' orders and amount to dilatory tactics. For example, despite repeatedly being ordered to respond to discovery "without objections," Singh has objected to 30 requests for production. *See* Dkt. #27-1. Furthermore, Singh indicated on 29 requests for production that he would answer the request "after discovery." *Id.* Additionally, despite being ordered to "produce all documents," ESA Defendants stipulate that Singh has not produced a single document throughout the course of this protracted litigation – litigation that Singh himself instigated. *See* Dkt. #30 at 6. Turning to ESA Inc.'s interrogatories, Singh has objected to some and failed to provide complete answers to others. *See* Dkt. #27-2. Finally, the court notes that Singh has failed to respond to ESA Inc.'s request for disclosures.

ESA Defendants' counsel shared its concerns regarding discovery with Singh on January 26, 2021. Dkt. #27-4. Singh responded by stating the following:

1. There is [*sic*] no documents in my possession or control that I can provide at this time.

2. As to request deemed admitted I will file motion to amend.

3. As to the [sanctions] due I have already filed an objection. yu [*sic*] should have a copy.

4. As to rest of your concerns I will address them separately in due course. But in general, I have addressed the discovery to the fullest extent of my knowledge at this time.

*Id.*

### B. Previous Dealings with Plaintiff Ravindra Singh

This is not the first case in which Singh has filed a lawsuit, allowed it to languish, abused the discovery process, and blatantly ignored this court's orders.[6] In *Singh v. Wal-Mart Stores, Incorporated*, Singh has repeatedly shown "contempt and disrespect for the court and, more generally, the legal process as a whole"; displayed "repeated instances of evasion" to discovery and court proceedings; levied "excuses, akin to 'the dog ate my homework,' [that] reflect an individual who appears allergic to the truth and dead set against cooperating with opposing counsel or the court"; and has, in refusing to comply with court orders, proffered justifications which "are at best unpersuasive and at worst misrepresentations to the court." *See Singh v. Wal-Mart Stores, Inc., et al.*, Case 1:17-cv-01120-RP-ML (W.D. Tex. Jan. 20, 2021) (Dkt. #109 at 11-14). In light of Singh's contempt for court orders and refusal to cooperate in discovery, the defendants in *Singh v. Wal-Mart Stores Incorporated* sought to dismiss the lawsuit for failure to prosecute. Although the court did not grant the defendants' motions for reasons unique to the case, the undersigned issued the following warning:

> This is not to say that Singh is off the hook. It is unclear what Singh attempts to accomplish with his gamesmanship. He may think that he is being clever. He is not. He may think he has won the day. To this, the court issues the following ORDER and WARNINGS.
>
> First, the court WARNS Singh that any further improper conduct will result in the undersigned recommending that his claims be dismissed with prejudice. If Singh fails to comply with this court's order as detailed herein, the undersigned will recommend dismissal of Singh's above-styled case with prejudice. Any excuses Singh offers for noncompliance will be denied. Any requests for additional time to comply with this court's order will be denied. To put as plainly as possible, the

---

[6] The court takes judicial notice of Singh's record of litigation in this court and the warnings and sanctions this court has imposed against him. *See Sparkman v. Charles Schwab & Co., Inc*., 336 F. App'x 413, 415 (5th Cir. 2009) (The district court also correctly took judicial notice of [the plaintiff's] record of litigation in this court and the sanctions we imposed against him.").

undersigned will recommend the dismissal of Singh's case if he fails to comply with the orders clearly depicted below.

Second, the court WARNS Singh that sanctions are not limited to the dismissal of a case. If Singh again fails to comply with the undersigned's order or again attempts to evade the efficient resolution of this case, the court will evaluate whether additional sanctions are warranted under federal law.

Third, the court WARNS Singh that he has used up any leniency his pro se status may have afforded him.

*Id.* While the undersigned will not sanction Singh in this case for his conduct in a separate case, Singh's behavior in this court illustrates an individual who does not respond to warnings or monetary sanctions.

### C. Applicable Law

Federal Rule of Civil Procedure 16(f)(1) provides for the imposition of sanctions, including sanctions authorized under Rule 37(b)(2)(A)(i)-(vii), if a party fails to obey a discovery/scheduling order. Relatedly, Rule 37(d) provides for sanctions under Rule 37(b)(2)(A)(i)-(vii) if a party fails to attend his own deposition, fails to answer interrogatories, or fails to respond to a request for inspection. Rule 37(b)(2)(A)(v) specifically includes in such sanctions: "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(ii)(iii)(v).

Dismissal is authorized in whole or in part when the failure to comply with the court's order results from willfulness or bad faith, accompanied by a clear record of delay or contumacious conduct, and not from the inability to comply. *Romero v. ABC Ins. Co.*, 320 F.R.D. 36, 41 (W.D. La. 2017) (citing *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985)). Stated differently, dismissal is appropriate where a party's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply. *Id*. (citing *Griffin v. ALCOA*, 564 F.2d 1171, 1172 (5th Cir. 1977)). Dismissal is proper in situations where the deterrent value of Rule 37 cannot be

substantially achieved by the use of less drastic sanctions. *Id*. (citing *Batson*, 765 F.2d at 514). Additionally, the misconduct must substantially prejudice the other party's preparation for trial. *Id*. Dismissal is inappropriate when neglect is plainly attributable to the attorney rather than the client, or when a party's simple negligence is grounded in confusion or *sincere* misunderstanding of the court's orders. *Id*.

In addition, "[u]nder Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action based on the failure of the plaintiff to prosecute or to comply with any order of the court." *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (citing FED. R. CIV. P. 41(b)1 and *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)). "Pro se litigants are not exempt from compliance with the rules of procedure." *Id*. (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Thus, "regardless of whether an individual represents himself, all parties have the responsibility to comply with court orders." *Romero*, 320 F.R.D. at 40. While dismissal under either rule is a harsh sanction, it is nonetheless appropriate if a "clear record of delay or contumacious conduct by the plaintiff exists and lesser sanctions would not serve the best interests of justice." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). Ultimately, exercise of the power to dismiss is committed to the sound discretion of the district courts. *Lopez*, 570 F.2d at 544.

The Fifth Circuit has made clear "[a] dismissal with prejudice 'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.'" *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985)). Thus, the Fifth Circuit has limited the court's discretion in dismissing cases with prejudice. *Berry*, 975 F.2d at 1191 (citing *Price*, 792 F.2d at 474). The Fifth Circuit affirms dismissals with prejudice for failure to prosecute only when "(1) there is a clear record of

delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or . . . the district court employed lesser sanctions that proved to be futile." *Woods v. Soc. Sec. Admin.*, 313 F. App'x 720, 721 (5th Cir. 2009) (per curiam); *see also Berry*, 975 F.2d at 1191. Additionally, in most cases where the Fifth Circuit has affirmed dismissals with prejudice, the appellate court found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price*, 792 F.2d at 474.

In making this determination, courts frequently take into account previous, unheeded warnings of dismissal. *See Mutuba v. Halliburton Co.*, 949 F. Supp. 2d 677, 688 (S.D. Tex. 2013) ("The Court's orders have been explicit that Plaintiff's failure to prosecute would result in a dismissal of his case without further notice. Accordingly, in light of Plaintiff's failure to abide by the Court's previous orders, the Court finds that Defendants' motion to dismiss is appropriate as an independent ground for dismissal with prejudice, and it is granted.").

**D. Analysis**

The court first finds "there is a clear record of delay or contumacious conduct by [Singh]." *Woods*, 313 F. App'x at 721. Since the state court issued its first order demanding that Singh comply with discovery on August 7, 2020, Singh has continually refused to cooperate with discovery. Even now, as discussed above, Singh has failed to appropriately respond to ESA Inc.'s discovery requests and has failed to produce a single document in production. Additionally, Singh's blatant refusal to comply with the state and federal courts' orders can only be described as "contumacious conduct." Accordingly, Singh's refusal to comply with the courts' orders and refusal to properly respond to ESA Inc.'s discovery requests evidence "a clear record of delay [and] contumacious conduct." *Id.*

It is also apparent that "lesser sanctions would not prompt diligent prosecution" and would prove futile. *Id.* The state court imposed lesser sanctions in the form of attorneys' fees when Singh first refused to comply with the discovery process. Then, when Singh refused to comply with the state court's order, the court imposed additional sanctions in the form of a higher monetary fine. Not only have these monetary sanctions failed to compel Singh to comply with the discovery process or the state court's orders, but Singh has refused to pay these monetary sanctions. This refusal has extended to the District Court's two orders. *See* Dkt. #23, #28. In light of this and the fact that Singh *still* has not complied with ESA Inc.'s discovery requests or the courts' orders, the court concludes that any sanctions below dismissal of Singh's case for failure to prosecute would be inadequate.

Additionally, all three factors depicted in *Price v. McGlathery* are present. *See Price*, 792 F.2d at 474. First, Singh is representing himself and, therefore, the delays caused by his actions are of his own making. Second, Singh's actions have caused actual prejudice to ESA Defendants. This lawsuit has been pending in federal court for over 14 months, Singh has still not fully and completely responded to basic discovery, Singh has failed to produce discoverable documents, and ESA Defendants have been forced to devote significant resources in state and federal court to compel Singh to perform the most basic tenants of litigation. And third, given the various court orders and his pattern of discovery abuse, Singh's protraction of this proceeding through dilatory and noncompliant conduct has clearly been intentional.

In short, the record unequivocally confirms that Singh has intentionally and materially delayed the advancement of this litigation through a pattern of contumacious conduct. Both state and federal courts have attempted to use lesser sanctions than dismissal with prejudice to correct Singh's behavior, but Singh has proven resilient to such lesser sanctions. Accordingly, because no

lesser sanction would prompt Singh to diligently prosecute his case and comply with the courts' Orders, and because all three of the aggravating factors identified in *Berry* are present, the undersigned recommends that Singh's case be dismissed for failure to prosecute. Consequently, the undersigned recommends that Certain Defendants' Motion to Dismiss be **GRANTED**. Dkt. #30.

## IV. ORDER AND RECOMMENDATIONS

In light of the foregoing, it is **RECOMMENDED** that Certain Defendants' Motion to Dismiss Plaintiff's Claims Against Unserved Defendants (Dkt. #29) be **GRANTED**. It is also **RECOMMENDED** that Certain Defendants' Motion to Dismiss (Dkt. #30) be **GRANTED**. Accordingly, the undersigned **RECOMMENDS** that Plaintiff Ravindra Singh's above-styled lawsuit be **DISMISSED WITH PREJUDICE** for failure to prosecute.

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);

*Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED June 21, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE